**IN THE UNTED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| **IN RE:** | **CASE NO.: 17-32186** |
|---|---|
| **UPLIFT RX, LLC** [1] | **CHAPTER 11** |
| **Debtor(s).** | **Jointly Administered** |

**EMERGENCY JOINT MOTION OF THE DEBTORS-IN-POSSESSION FOR AUTHORITY TO USE CASH COLLATERAL AND REQUEST FOR EMERGENCY PRELIMINARY HEARING**

**NOTICE OF HEARING**

**The Court will conduct a hearing on this Motion on APRIL 11, 2017 at 10:30 a.m. CST before the Honorable Marvin Isgur at the United States Bankruptcy Court for the Southern District of Texas, 515 Rusk, Courtroom 404, Houston, Texas 77002.**

**Parties wishing to appear telephonically may do so by calling 712-432-3100, Code 815978, press 5* to speak.**

Uplift Rx, LLC and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), by and through their undersigned proposed counsel, and pursuant to 11 U.S.C. §§ 362(c)(2) and 363(e), and Federal Rules of

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Uplift Rx, LLC (9306); Belle Pharmacy, LLC (0143); Alliance Medical Holdings, LLC (5945); Geneva Pharmacy, LLC (1929); Ohana Rx, LLC (1722); Benson Pharmacy, Inc. (6606); Kendall Pharmacy, Inc. (0825); Richardson Pharmacy, LLC (9566); Innovative Rx, LLC (9986); Charleston Rx, LLC (5852); On Track Rx, LLC (9021); Uinta Rx, LLC (7157); Goodman Pharmacy, LLC (9373); BrooksideRx, LLC (5927); Osceola Clinic Pharmacy, LLC (4886); Oak Creek Rx, LLC (9722); Waverly Pharmacy, LLC (7342); Newton Rx, LLC (9510); Lone Peak Rx, LLC (5973); Improve Rx, LLC (9120); New Jersey Rx, LLC (0035); Berkshire Pharmacy, LLC (9197); Health Saver Rx, LLC (7810); Best Rx, LLC (0346); Delaney Pharmacy, LLC (7497); New Life Pharmacy, LLC (8292); Skyline Health Services, LLC (6876); Stonybrook Pharmacy, LLC (7700); Woodward Drugs, LLC (2385); Bridgestone Pharmacy, LLC (5294); Brookhill Pharmacy, LLC (5296); Burbank Pharmacy, LLC (5227); Canyons Pharmacy, LLC (1744); Cheshire Pharmacy, LLC (6370); Conoly Pharmacy, LLC (0367); Cottonwood Pharmacy, LLC (5131); Galena Pharmacy, LLC (0672); Garnett Pharmacy, LLC (6505); Hawthorne Pharmacy, LLC (5345); Hazelwood Pharmacy, LLC (1088); Medina Pharmacy, LLC (8987); Raven Pharmacy, LLC (5671); Glendale Square Rx, Inc. (1022); Lockeford Rx, Inc. (1853); Pinnacle Pharmacy Solutions, LLC (9760); Riverfront Rx, LLC (7152); Riverbend Prescription Services, LLC (1862); Raven Pharmacy Holdings, LLC (2464); Bridgestone Pharmacy Holdings, LLC (2840); Crestwell Pharmacy Holdings, LLC (1503); Galena Pharmacy Holdings, LLC (8609); Geneva Rx Holdings, LLC (8247); Hawthorne Rx Holdings, LLC (9531); Woodward Rx Holdings, LLC (2173); Philadelphia Pharmacy Holdings, LLC (8526); Health Rx Holdings, LLC (0909); Canyon Medical, LLC (4915); Alliance Medical Administration, Inc. (2899); Ollin Pharmaceutical, LLC (9815); Alta Distributors, LLC (7407); Eat Great Café, LLC (2314); Alliance Health Networks, LLC (1815) . The Debtors' mailing address is Uplift Rx, LLC, 15462 FM 529, Houston, TX 77095.

Bankruptcy Procedure 4001(b)(2) and 4001(c), hereby jointly move for authority to use cash collateral and to provide adequate protection to Zions First National Bank ("**Zions**"), and request an emergency preliminary hearing on the relief sought. In support of this motion the Debtors state as follows:

**I. <u>Background</u>**

1. On April 7 and 8, 2017 (the "**Petition Date**"), each of the Debtors commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "**Bankruptcy Code**"). The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases.

2. Uplift Rx is a Texas Limited Liability Company formed in June of 2016. Uplift Rx operates pharmacy located in Houston, Texas.

3. Uplift Rx, along with the other Debtors and certain non-debtor affiliates together make up the Alliance Healthcare family, a group of privately held companies headquartered in South Jordan, Utah. The Alliance network consists of twenty pharmacies across the country, including three pharmacies in Texas. Collectively, the Debtors have approximately 782 employees. Since 2006, the Alliance Healthcare companies have been working to improve the well-being of those with chronic health conditions such as diabetes. They do so my personalizing and simplifying the process of condition management, and using its network of pharmacies to connect individuals to prescriptions, resources, and support to help them obtain and remain on therapy.

4. In 2014, the Alliance Healthcare companies obtained financing from Zions First National Bank ("**Zions**") to fund their growth and ongoing operations. The financing consists of

a term loan, along with a revolving line of credit which Alliance regularly pays down and draws upon in order to operate.

5.     Under the parties' June 24, 2014 Credit Agreement and related loan documents (collectively, the "**Credit Agreement**"), Zions has a first-position security interest in substantially all of the Alliance Companies' income, accounts receivables, assets and property (collectively, the "**Collateral**").

6.     As of the Petition Date, the Debtors owed Zions approximately $8,992,718.00 in outstanding principal in connection with obligations on revolving line of credit and an additional $19,719,689.00 in outstanding principal in connection with obligations on a term note. All obligations to Zions are secured by a security interest in first-position security interest in substantially all of the Debtors' income, accounts receivables, assets and property (among other things).

7.     As of the Petition Date, the Debtors collectively had approximately $1,173,756.00 in cash on hand, approximately $22,442,212.00 in accounts receivable, and approximately $3,587,433 in inventory.

8.     The cash collateral the Debtors seek authority to use is comprised of cash on hand and funds to be received on account of the Debtors' accounts receivables, both of which are encumbered by Zions' lien (the "**Cash Collateral**").

## II.     Relief Requested

9.     The Debtors anticipate that they will request the use of approximately $8,900,174.00 of Cash Collateral to continue to operate their businesses for the next three weeks, and, depending on the month, a greater or less amount will be required for each comparable period thereafter. The Debtors will use the Cash Collateral make payroll, purchase inventory, and pay other ordinary course expenses to maintain their businesses.

10. A consolidated budget showing estimated income and expenses for the Debtors' businesses over the next three weeks is attached hereto as **Exhibit "A"** and is incorporated herein by reference (the "**Budget**").

11. As adequate protection for the use of Cash Collateral, the Debtors propose to grant Zions replacement liens to the same extent, validity, and priority as prior to the Petition Date. In addition, the Debtors shall deliver to counsel for Zions weekly reports of the Debtors' actual receipts and disbursements compared to those set forth in the Budget (the "**Reconciliation Reports**"). The Reconciliation Reports shall be delivered to counsel for Zions each Friday for the week ending on the preceding Sunday.

**III. Notice**

12. As additional adequate protection for the use of Cash Collateral, the Debtors propose to grant Zions an allowed administrative expense claim.

13. Prior to the Petition Date, on February 23, 2017, the United States government executed sealed search and seizure warrants on the Debtors. In connection with these warrants, the government also served sealed warrants on Zions to effectuate the seizure of the Debtors' business funds and other assets. Notably, the government took the extraordinary step of causing Zions to "dam" a substantial portion of future account receivables to be received by the Debtors.

14. Thereafter, the Debtors negotiated with the government to lift the damming warrants on the Debtors' bank accounts, so that the Debtors could continue day-to-day operations and the government lifted the damming orders on March 16, 2017.

15. The Debtors do not believe the United States government has an interest in the Debtors' cash collateral, but is nonetheless providing notice of this Motion to the United States.

16. As set forth in the Certificate of Service below, notice of this Motion has been served on all parties required by Local Rule 9013-1(d). Based on the urgency of the

circumstances surrounding this Motion and the nature of the relief requested herein, the Debtors respectfully submit that no further notice is required.

WHEREFORE, the Debtors respectfully request that the Court enter an order pusaunt to 11 U.S.C. § 363 granting the request for an emergency hearing, the request to use Cash Collateral in accordance with the attached Budget on an interim basis, and for all other relief that is appropriate under the circumstances.

**BAKER & HOSTETLER LLP**

/s/ Elizabeth A. Green
**Elizabeth A. Green, Esq.**
Fed ID#: 903144
**Jimmy D. Parrish, Esq.**
Fed. ID No. 2687598
SunTrust Center, Suite 2300
200 South Orange Avenue
Orlando, FL 32801-3432
Telephone: 407.649.4000
Facsimile: 407.841.0168
Email: egreen@bakerlaw.com
jparrish@bakerlaw.com

**BAKER & HOSTETLER LLP**
**Jorian L. Rose, Esq.**
N.Y. Reg. No. 2901783
45 Rockefeller Plaza
New York, New York
Telephone: 212.589.4200
Facsimile: 212.589.4201
Email: jrose@bakerlaw.com
*(Motion for admission pro hac vice to be filed)*

*Proposed Counsel for the Debtors and Debtors in Possession*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 10, 2017, a true copy of the foregoing was filed with the Court using the CM/ECF System which provided notice to all parties requesting such notice at the time of docketing.

I FURTER CERTIFY that on April 10, 2017, a true copy was provided to the following via email:

**Zions First National Bank:**
Michael Johnson, Esq. MJohnson@rqn.com
Kevin Glade, Esq. kglade@RQN.COM
Michael Mayfield, Esq. mmayfield@RQN.COM
Richard H. Madsen, II, Esq. rmadsen@RQN.COM
Robert Wing, Esq. RWing@rqn.com

**US Trustee:**
USTPRegion07.HU.ECF@USDOJ.GOV

I FURTHER CERTIFY that on April 10, 2017, a true copy of the foregoing will be provided to the following via facsimile and/or email (and an Amended Certificate of Service will be filed with the Court) on: Uplift Rx, LLC, 15462 FM 529, Houston, TX 77095 (Debtor); and the Debtors' 20 Largest Unsecured Creditors (on a consolidated basis).

/s/ Elizabeth A. Green
**Elizabeth A. Green, Esq.**
Fed ID#: 903144

# EXHIBIT "A"

# BUDGET

## Alliance Health

**4-Week Consolidated Cash-Flow Projection as of:**
**Monday, April 10, 2017**

| | 1 | 2 | 3 | 4 |
|---|---|---|---|---|
| | Week Beginning 4/10/2017 | Week Beginning 4/17/2017 | Week Beginning 4/24/2017 | Week Beginning 5/1/2017 |
| *Forecast* | | | | |
| **Cash Receipt Sources** | | | | |
| Lead Gen (Advertising & Awareness) & Other | 205,178 | 170,178 | 170,178 | 170,178 |
| Corporate Pharmacies | 2,791,712 | 2,684,351 | 2,809,813 | 2,364,541 |
| **Total Expected Cash Receipts** | **2,996,890** | **2,854,529** | **2,979,991** | **2,534,719** |
| **Cash Disbursements:** | | | | |
| *Media/Marketing costs* | 450,000 | 350,000 | 450,000 | 350,000 |
| *Product Purchases* | 926,351 | 1,046,351 | 1,414,096 | 1,583,006 |
| *Product Shipping Costs* | 85,000 | 85,000 | 85,000 | 102,879 |
| *Teledoc* | 125,000 | 125,000 | 125,000 | 151,293 |
| *Payroll & Benefits* | 1,220,074 | 394,348 | 1,490,074 | - |
| *Rent* | - | - | - | - |
| *Utilities* | 40,000 | 40,000 | 40,000 | 40,000 |
| *Insurance* | 31,378 | 28,500 | - | - |
| *IT Costs* | 153,000 | 53,000 | 68,000 | 257,000 |
| *Other* | 25,000 | 25,000 | 25,000 | 25,000 |
| ***TOTAL EXPENSES*** | **3,055,804** | **2,147,200** | **3,697,170** | **2,509,178** |
| *Professional Fees* | - | - | - | - |
| ***TOTAL DISBURSEMENTS*** | **3,055,804** | **2,147,200** | **3,697,170** | **2,509,178** |
| ***NET CASH FLOW*** | **(58,914)** | **707,329** | **(717,179)** | **25,541** |
| ***BEGINNING CASH BALANCE*** | **1,173,756** | **1,114,842** | **1,822,172** | **1,104,992** |
| ***CASH FROM LOC*** | - | - | - | - |
| ***ENDING CASH BALANCE*** | **1,114,842** | **1,822,172** | **1,104,992** | **1,130,533** |
| ***Week Ending Inventory Balance*** | 3,587,433 | 3,239,688 | 3,259,688 | 3,279,688 |
| ***Week Ending Receivable Balance*** | 22,467,376 | 22,634,902 | 22,676,965 | 23,523,684 |
| ***Week Beginning Collateral Base*** | 27,203,400 | 27,169,651 | 27,696,761 | 27,041,646 |
| ***Week Ending Collateral Base*** | 27,169,651 | 27,696,761 | 27,041,646 | 27,933,906 |

# EXHIBIT "B"

# PROPOSED ORDER

**IN THE UNTED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| IN RE: | CASE NO.: 17-32186 |
|---|---|
| UPLIFT RX, LLC [2] | CHAPTER 11 |
| Debtor(s). | Jointly Administered |

**ORDER GRANTING DEBTORS' EMERGENCY MOTION FOR AUTHORITY TO USE CASH COLLATERAL**

This matter comes before the Court pursuant to the Motion to Use Cash Collateral filed by Uplift Rx, LLC (the "Debtor") on April 10, 2017 (Doc. No. ____) (the "Motion"). In the Motion,[3] the Debtor seeks entry of: (i) an order (the "Interim Order") authorizing the Debtor to use Cash Collateral pursuant to Section 363 of Title 11 of the United States Code (the "Bankruptcy Code") on an interim basis pending a final hearing on the Motion (the "Final Hearing") and entry of a final order (the "Final Order"); (ii) granting adequate protection pursuant to Sections 361, 362, and 363 of the Bankruptcy Code to Zions First National Bank ("Zions"); and (iii) in accordance with Rule 4001(b) of the Federal Rules of Bankruptcy

---

2 The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Uplift Rx, LLC (9306); Belle Pharmacy, LLC (0143); Alliance Medical Holdings, LLC (5945); Geneva Pharmacy, LLC (1929); Ohana Rx, LLC (1722); Benson Pharmacy, Inc. (6606); Kendall Pharmacy, Inc. (0825); Richardson Pharmacy, LLC (9566); Innovative Rx, LLC (9986); Charleston Rx, LLC (5852); On Track Rx, LLC (9021); Uinta Rx, LLC (7157); Goodman Pharmacy, LLC (9373); BrooksideRx, LLC (5927); Osceola Clinic Pharmacy, LLC (4886); Oak Creek Rx, LLC (9722); Waverly Pharmacy, LLC (7342); Newton Rx, LLC (9510); Lone Peak Rx, LLC (5973); Improve Rx, LLC (9120); New Jersey Rx, LLC (0035); Berkshire Pharmacy, LLC (9197); Health Saver Rx, LLC (7810); Best Rx, LLC (0346); Delaney Pharmacy, LLC (7497); New Life Pharmacy, LLC (8292); Skyline Health Services, LLC (6876); Stonybrook Pharmacy, LLC (7700); Woodward Drugs, LLC (2385); Bridgestone Pharmacy, LLC (5294); Brookhill Pharmacy, LLC (5296); Burbank Pharmacy, LLC (5227); Canyons Pharmacy, LLC (1744); Cheshire Pharmacy, LLC (6370); Conoly Pharmacy, LLC (0367); Cottonwood Pharmacy, LLC (5131); Galena Pharmacy, LLC (0672); Garnett Pharmacy, LLC (6505); Hawthorne Pharmacy, LLC (5345); Hazelwood Pharmacy, LLC (1088); Medina Pharmacy, LLC (8987); Raven Pharmacy, LLC (5671); Glendale Square Rx, Inc. (1022); Lockeford Rx, Inc. (1853); Pinnacle Pharmacy Solutions, LLC (9760); Riverfront Rx, LLC (7152); Riverbend Prescription Services, LLC (1862); Raven Pharmacy Holdings, LLC (2464); Bridgestone Pharmacy Holdings, LLC (2840); Crestwell Pharmacy Holdings, LLC (1503); Galena Pharmacy Holdings, LLC (8609); Geneva Rx Holdings, LLC (8247); Hawthorne Rx Holdings, LLC (9531); Woodward Rx Holdings, LLC (2173); Philadelphia Pharmacy Holdings, LLC (8526); Health Rx Holdings, LLC (0909); Canyon Medical, LLC (4915); Alliance Medical Administration, Inc. (2899); Ollin Pharmaceutical, LLC (9815); Alta Distributors, LLC (7407); Eat Great Café, LLC (2314); Alliance Health Networks, LLC (1815). The Debtors' mailing address is Uplift Rx, LLC, 15462 FM 529, Houston, TX 77095.

3 Capitalized terms not otherwise defined herein have the meanings ascribed to such terms in the Motion.

Procedure, scheduling the Final Hearing. The Court having considered the Motion and the exhibits attached thereto, including, without limitation, the Approved Budget; and a hearing to consider approval of the Motion on an interim basis having been held and concluded on April __, 2017 (the "Interim Hearing"); and upon the pleadings filed with, and the proceedings held before the Court; and, after due deliberation, sufficient cause appearing therefore, the Court makes the following findings of fact and conclusions of law:

**IT IS FOUND, DETERMINED, ORDERED AND ADJUDGED, THAT:**

A. Jurisdiction and Venue. This Court has core jurisdiction over these Chapter 11 Cases, the Motion, and the parties and property affected thereby pursuant to 28 U.S.C. §§ 157(b) and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B. Notice. Notice of the Motion and the relief requested therein was served by the Debtors on their twenty largest unsecured creditors, Zions, the Office of the United States Trustee (the "U.S. Trustee"), all creditors with secured claims exceeding $1,000,000, if any, and all parties requesting notice.

C. Committee Formation. As of entry of this Order, no committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (a "Committee") has been appointed.

D. Need to Use the Prepetition Collateral (including, without limitation, the Cash Collateral). The Debtors contend that they have an immediate need to use Cash Collateral, among other things, to permit the orderly continuation of the operation of its business, maintain business relationships with vendors, suppliers and customers, and make payroll. The Debtor contends that access to sufficient working capital and liquidity through the use of Cash Collateral is of vital importance to maximizing the value of the Debtor's assets and business for the benefit of the Debtor's estate and creditors.

E. Adequate Protection for Zions. Zions is entitled to the adequate protection set forth herein pursuant to sections 361, 362 and 363 of the Bankruptcy Code, including for any diminution in the value of the Cash Collateral. Based on the Motion, the terms of the proposed adequate protection arrangements and use of the Cash Collateral, contemplated hereby are fair and reasonable, reflect the Debtors' sound and prudent exercise of their business judgment, and constitute reasonably equivalent value and fair consideration for the limited consent of Zions.

F. Limited Consent. Zions has consented to the Debtors' use of the Cash Collateral, solely pursuant to the terms of this Interim Order.

G. Immediate Entry of Interim Order. For the reasons stated above, the Debtor has requested immediate entry of this Interim Order pursuant to Bankruptcy Rule 4001(b)(2). Absent granting the relief set forth in this Interim Order, the Debtor's business, assets and estate will be immediately and irreparably harmed. This Court concludes that authorization to use the Cash Collateral, in accordance with this Interim Order is therefore in the best interests of the Debtors' estate and creditors as its implementation will, among other things, allow for the continued flow of supplies and services to the Debtor necessary to sustain the operation of the Debtors' existing business during the pendency of this Chapter 11 Case.

**NOW, THEREFORE**, on the Motion, the foregoing findings, acknowledgements and conclusions, and upon the record made before the Court at the Interim Hearing, and good and sufficient cause appearing therefore,

**IT IS ORDERED** that:

1. Motion Granted. The Motion is hereby granted on an interim basis in accordance with the terms and conditions set forth in this Interim Order. Any objections to the Motion with respect to the entry of this Interim Order that have not been withdrawn, waived or settled, and all reservations of rights included therein, are hereby denied and overruled.

2. Use of the Cash Collateral. Subject to the terms and conditions of this Interim Order, the Debtors are authorized, pursuant to section 363 of the Bankruptcy Code, to use the Cash Collateral for the period as set forth in the Approved Budget (as defined below). The Debtor is prohibited from using Cash Collateral other than in accordance with the terms and conditions of this Interim Order and the Approved Budget (as defined below).

3. Cash Collateral Budget. Attached hereto as Exhibit "A" is the budget (the "Approved Budget") which reflects, on a line-item basis upcoming operating expenses of the Debtors for the next four (4) weeks (the "Approved Budget Period"). The Debtors' use of Cash Collateral is subject to and governed by the terms of the Approved Budget as set forth in this Interim Order, including a permitted variance of fifteen percent (15%).

4. Adequate Protection for Zions. In consideration for the use of the Prepetition Collateral, including the Cash Collateral, from and after the Petition Date and the limited consent to the entry of this Interim Order, Zions shall receive the following adequate protection, and without prejudice to seek additional adequate protection or modification thereof, (collectively, the "Adequate Protection"):

(a) Replacement Liens and Superpriority Claim. Except as provided herein, Zions is granted a replacement lien on the Debtors' assets including the Cash Collateral to the same extent, validity, and priority as existed prior to the Petition Date.

(b) Reporting. The Debtor shall deliver to counsel to the Trustee and counsel to the Consenting Noteholders, respectively, weekly reports of the Debtor's actual receipts and disbursements compared to those set forth in the Approved Budget ("Reconciliation Reports"). The Reconciliation Reports shall be delivered to counsel to Zions and its counsel each Friday for the week ending on the preceding Sunday.

    (c) Administrative Expense Claim. As additional adequate protection for use of Cash Collateral, to the extent Zions is determined to have an allowed secured claim secured by the Cash Collateral, Zions shall be entitled to an allowed administrative claim equal to the amount of any diminution of the Cash Collateral securing such claim.

5. Final Hearing. The Final Hearing shall take place on ___________. Objections to the relief requested in the Motion shall be filed and served no later than ________________(the "Objection Deadline"). The failure of any objecting person or entity to timely file its objection by the Objection Deadline shall be a bar to the assertion, at the Final Hearing or thereafter, of any objection to the entry of an order granting the Debtor's use of Cash Collateral, the granting of Adequate Protection to Zions.

6. Service. The Debtor shall serve notice of entry of this Interim Order and a copy of the Order on the Debtor's twenty largest creditors within ____ days of entry of this Interim Order and file a certificate of service with the Court.

7. Service of Final Budget. Not less than three business days before the Final Hearing, the Debtor must file and serve the budget to be considered at such Final Hearing. Service must be made in accordance with the United States Bankruptcy Court for the Southern District of Texas Procedures for Complex Chapter 11 Bankruptcy Cases.

8. Retention of Jurisdiction. The Court has and will retain jurisdiction to enforce this Interim Order according to its terms.

DONE AND ORDERED on April ___, 2017.

_______________________________________

Marvin Isgur
United States Bankruptcy Judge