IN THE UNTED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: | CASE NO.: 17-32186 |
| UPLIFT RX, LLC [1] | CHAPTER 11 |
| Debtor(s). | Jointly Administered |

EMERGENCY MOTION FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C.
§§105(a), 345(b), 363, AND 364 AUTHORIZING: (A) THE CONTINUED USE OF
THE DEBTORS' PREPETITION CASH MANAGEMENT SYSTEM, BANK
ACCOUNTS AND BUSINESS FORMS, (B) CONTINUED INTERCOMPANY
ARRANGEMENTS AND HISTORICAL PRACTICES, AND (C) REQUEST FOR
EMERGENCY PRELIMINARY HEARING

<div style="border:1px solid">

**NOTICE OF HEARING**

The Court will conduct a hearing on this Motion on <u>APRIL 11, 2017 at 10:30 a.m. CST</u> before the Honorable Marvin Isgur at the United States Bankruptcy Court for the Southern District of Texas, 515 Rusk, Courtroom 404, Houston, Texas 77002.

Parties wishing to appear telephonically may do so by calling 712-432-3100, Code 815978, press 5* to speak.

</div>

The above-captioned Debtors (the "Debtors") hereby move for entry of an order under 11

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Uplift Rx, LLC (9306); Belle Pharmacy, LLC (0143); Alliance Medical Holdings, LLC (5945); Geneva Pharmacy, LLC (1929); Ohana Rx, LLC (1722); Benson Pharmacy, Inc. (6606); Kendall Pharmacy, Inc. (0825); Richardson Pharmacy, LLC (9566); Innovative Rx, LLC (9986); Charleston Rx, LLC (5852); On Track Rx, LLC (9021); Uinta Rx, LLC (7157); Goodman Pharmacy, LLC (9373); BrooksideRx, LLC (5927); Osceola Clinic Pharmacy, LLC (4886); Oak Creek Rx, LLC (9722); Waverly Pharmacy, LLC (7342); Newton Rx, LLC (9510); Lone Peak Rx, LLC (5973); Improve Rx, LLC (9120); New Jersey Rx, LLC (0035); Berkshire Pharmacy, LLC (9197); Health Saver Rx, LLC (7810); Best Rx, LLC (0346); Delaney Pharmacy, LLC (7497); New Life Pharmacy, LLC (8292); Skyline Health Services, LLC (6876); Stonybrook Pharmacy, LLC (7700); Woodward Drugs, LLC (2385); Bridgestone Pharmacy, LLC (5294); Brookhill Pharmacy, LLC (5296); Burbank Pharmacy, LLC (5227); Canyons Pharmacy, LLC (1744); Cheshire Pharmacy, LLC (6370); Conoly Pharmacy, LLC (0367); Cottonwood Pharmacy, LLC (5131); Galena Pharmacy, LLC (0672); Garnett Pharmacy, LLC (6505); Hawthorne Pharmacy, LLC (5345); Hazelwood Pharmacy, LLC (1088); Medina Pharmacy, LLC (8987); Raven Pharmacy, LLC (5671); Glendale Square Rx, Inc. (1022); Lockeford Rx, Inc. (1853); Pinnacle Pharmacy Solutions, LLC (9760); Riverfront Rx, LLC (7152); Riverbend Prescription Services, LLC (1862); Raven Pharmacy Holdings, LLC (2464); Bridgestone Pharmacy Holdings, LLC (2840); Crestwell Pharmacy Holdings, LLC (1503); Galena Pharmacy Holdings, LLC (8609); Geneva Rx Holdings, LLC (8247); Hawthorne Rx Holdings, LLC (9531); Woodward Rx Holdings, LLC (2173); Philadelphia Pharmacy Holdings, LLC (8526); Health Rx Holdings, LLC (0909); Canyon Medical, LLC (4915); Alliance Medical Administration, Inc. (2899); Ollin Pharmaceutical, LLC (9815); Alta Distributors, LLC (7407); Eat Great Café, LLC (2314); Alliance Health Networks, LLC (1815) . The Debtors' mailing address is Uplift Rx, LLC, 15462 FM 529, Houston, TX 77095.

U.S.C. §§105(a), 345(b), 363, and 364 authorizing the Debtors to: (i) continue using their prepetition cash management system; (ii) continue using existing bank accounts and business forms; (iii) continue intercompany arrangements and historical practices; and, (iv) open new debtor-in-possession accounts, if necessary (the "Motion"), and in support thereof, states as follows:

## Procedural and Factual Background

1.      On April 7-9, 2017 (the "Petition Dates"), each of the Debtors filed with this Court a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").   The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to section 1107(a) and 1008 of the Bankruptcy Code.   No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases.   Of the 109 entities that make up the Alliance family of companies (collectively, the "Alliance Companies"), 62 are currently Debtors.[2]

2.      Additional information regarding the circumstances leading to the commencement of these chapter 11 cases and information regarding the Debtors' business is set forth in the *Declaration of Jeffrey Smith in Support of the Debtors' Chapter 11 Petitions and First Day Motions* (Doc. No. 6) (the "Smith Declaration").

3.      On April 10, 2017, the Court entered orders directing joint administration of the above-captioned cases (Doc. No 4).

4.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

---

[2] It is possible that additional affiliates of the Debtors will file for bankruptcy.  The Debtors request that entities jointly administered with the Debtors in the future be entitled to the protections of the proposed Order as well.

610621981.3

### The Debtors and their Cash Management System

5.      The Debtors operate a multi-state network of 57 pharmacies.  Combined, the
Debtors have in excess of 70 bank accounts (the "Bank Accounts"), effectively all with Zions
First National Bank ("Zions"), their senior secured lender. Zions has a first-position security
interest in substantially all of the income, accounts receivable, assets and property of the Alliance
Companies.  Each Debtor-pharmacy operates an individual bank account, whose proceeds are
regularly fed into a "concentration" account.[3]  The concentration account is periodically swept
by Zions; accordingly, the Debtors are dependent upon loan advances from Zions to fund their
operations.  A summary of bank accounts (the "Cash Management System") is attached as
**Exhibit "A."**

6.      The Cash Management System is complex and manages the income and
expenditures for the 57 Debtors and payment to Zions because of the Debtors' complex business
model.

7.      For reasons discussed in more detail in the Smith Declaration, Zions terminated
the Debtors line of credit. Since the Zions credit line was the Debtors' primary source of
liquidity, the Debtors filed an emergency bankruptcy and sought alternative financing in an
attempt to save over 700 jobs.

8.      Given the emergency basis on which the Debtors were forced to file bankruptcy,
and the fact that the Cash Management System will likely have to be replaced when a new lender
is selected in the very near future, it would be incredibly burdensome to upend the Debtors' Cash
Management System at this time.  Additionally, a significant amount of the Debtors' income

---

[3] Certain accounts, identified as DACA accounts on Exhibit A, are manually swept to a CORP account before being
swept to the concentration account.  These accounts belong to formerly independent pharmacies acquired recently.

610621981.3

comes from pharmacy benefit managers, who are responsible for reviewing and paying prescription drug claims on behalf of insurance companies. The pharmacy benefit managers direct deposit payments into the Debtors' existing accounts. Accordingly, modifying the parties current payment structure could interrupt the Debtors' going forward cash flow.

9.      Allowing the Debtors to continue to use the Cash Management System will also enable the Debtors to (i) quickly create status reports on the location and amount of funds, allowing management to track and control corporate funds, (ii) ensure cash availability, and (iii) reduce administrative expenses by facilitating the movement of funds.

10.     Likewise, the Cash Management System facilitates the necessary intercompany advances and transfers that occur in the ordinary course of business between the Debtors ("Intercompany Transactions").

11.     Additionally, in the ordinary course of business, the Debtors use numerous checks and other business forms. To minimize expenses to their estate and to avoid confusion and unnecessary distraction on the part of employees and business partners, the Debtors believe it is appropriate for them to continue to use all prepetition correspondence and business forms, without reference to the Debtors' status as debtors in possession. Requiring otherwise will cause the Debtors to incur the expense, delay and distraction of ordering entirely new business forms and moving them into daily use. The Debtors also believe it will minimize expense and distraction of their estates if they are permitted to use their existing checks.

## Relief Requested

12.     The Office of the United States Trustee has established certain operating guidelines that are imposed on debtors-in-possession to ensure the proper administration of Chapter 11 cases and to allow them to properly supervise case administration (the "Guidelines").

4

610621981.3

13.     The Guidelines require Chapter 11 debtors to, among other things: (i) close all existing bank accounts and open new debtor-in-possession bank accounts; and (ii) obtain checks for all debtor-in-possession accounts which bear the designation "debtor-in-possession", the bankruptcy case number, and the type of accounts. The Guidelines are designed to provide a clear line of demarcation between prepetition and post-petition claims.

14.     By this Motion, and contrary to the Guidelines, the Debtors respectfully request authority to (i) continue to use, with the same account numbers, all of the Bank Accounts in the Cash Management System, (ii) use, in their present form, all correspondence and business forms (including, but not limited to, letterhead and invoices), as well as checks and other documents related to the Cash Management System existing immediately before the Petition Date, without reference to their status as debtors-in-possession, (iii) treat the Bank Accounts listed on **Exhibit "A"** for all purposes as accounts of the Debtors as debtors-in-possession; and (iv) open new debtor in possession accounts, if necessary.

15.     Additionally, the Debtors request that the Court authorize all financial institutions with which the Debtors maintain the Bank Accounts to continue to maintain, service and administer such accounts, except that such financial institutions shall not be authorized to honor any check issued or dated prior to the Petition Date, unless the Debtors represent that the payment is authorized by an order of this Court. To ensure that banks at which the Debtors maintain Bank Accounts only honor checks in accordance with orders issued by this Court, the Debtors will serve those banks with a copy of any order approving the relief requested herein and any other orders issued by this Court by which those banks are authorized to honor prepetition obligations.

610621981.3

### Supporting Authority

16.     In complex chapter 11 cases such as these, courts often waive a debtor's compliance with the Guidelines and grant motions to continue use of debtor's prepetition case management system because requiring the debtor to adhere to the Guidelines would prove detrimental to the debtor's restructuring efforts and provide little benefit to the debtor's estate and creditors. *See e.g., In re General Growth Properties, Inc.*, 412 B.R. 209 (Bankr. S.D.N.Y. 2009); *In re Lehman Brothers Holding, Inc.*, 2008 WL 4902202 (Bankr. S.D.N.Y. 2008); *In re Levitt and Sons, LLC*, No. 07-19845 (Bankr. S.D. Fla. Nov. 14, 2007); *In re Charter Behavioral Health Systems, LLC*, 292 B.R. 36 (Bankr. D. Del. 2003).

17.     An integrated cash management system "allows efficient utilization of cash resources and recognizes the impracticalities of maintaining separate cash accounts for the many different purposes that require cash." *See In re Columbia Gas Sys., Inc.,* 136 B.R. 930, 934 (Bankr. D. Del. 1992), *aff'd in relevant part and rev'd in part*, 997 F.2d 1039, 1061 (3d Cir. 1993). *See also In re Southmark Corp.*, 49 F.3d 1111,1114 (5th Cir. 1995)(stating that cash management systems allow debtors "to administer more efficiently and effectively its financial operations and assets.")

18.     The uninterrupted use of the Cash Management System and Bank Accounts is essential to the Debtors' ability to continue to operate and effectively reorganize. Without the relief requested herein, the Debtors will be required to immediately revise their Cash Management System and open new bank accounts as debtors in possession. Such distractions during this critical time while the Debtors are transitioning to Chapter 11 would be disruptive and would increase operating costs.  Additionally, the Debtors' changing bank accounts could interrupt their going forward cash flow, as many payments from the pharmacy benefit mangers –

610621981.3

one of the Debtors primary sources of income – are direct deposited into the Debtors' existing Bank Accounts.

19.     Authorizing the Debtors to maintain the prepetition Cash Management System would greatly facilitate the Debtors' transition into chapter 11 by, among other things, minimizing delays in paying postpetition debts and eliminating administrative inefficiencies.

20.     Likewise, parties in interest would not be harmed by the Debtors' continued use of the Cash Management System. The Debtors have taken measures to ensure that they will not make payments inadvertently on any prepetition debt, unless otherwise authorized by the Court.

21.     Because of the complexity of Debtors' business model and Cash Management System, the Debtors believe that maintaining their Cash Management System is in the best interest of their respective estates and creditors. Preserving a "business as usual" atmosphere for the Debtors' employees and customers and avoiding distractions that would result from an overhaul of the current Cash Management System will facilitate the Debtors' ability to successfully reorganize.

22.     As described above, in the ordinary course of business, the Debtors use a wide variety of checks and other business forms. Because of the complex nature of the Debtors' business operations, the Debtors' request authority to continue to use all correspondence and business forms in their prepetition format in order to minimize expenses to the estates and distractions to employees.

23.     Parties doing business with the Debtors will be aware of Debtors status as debtor-in-possession as a result of the size of these chapter 11 cases, the number of creditors involved and the resulting publicity. In addition, all known creditor parties will be sent notices of the commencement of these cases. In light of he informal and formal notice that creditors will

7

610621981.3

receive regarding the Debtors' chapter 11 filing, the Debtors believe that changing business forms is unnecessary and would prove unduly burdensome.

24.     In other large chapter 11 cases, courts have granted similar relief to debtors. *See e.g., In re Levitt and Sons, LLC*, No. 07-19845 (Bankr. S.D. Fla. Nov. 14, 2007); *All American Semiconductor, Inc.*, No. 07-12963 (Bankr. S.D. Fla. May 21, 2007); see also *In re Calpine Corp.,* No. 05-60200 (Bankr. S.D.N.Y. Jan. 25, 2006); *In re Dura Auto. Sys., Inc.*, No. 06-11202 (Bankr. D. Del. Nov. 20, 2006).

25.     The Cash Management System involves the intercompany transfer of funds between Bank Accounts. Discontinuing the Intercompany Transfers could impact the Debtors' ability to fund payroll accounts and pay vendors. Therefore, the Debtors respectfully submit that the continuation of the Intercompany Transfers is in the best interest of the Debtors' estates and their creditors, and therefore, the Debtors should be permitted to continue such Intercompany Transfers.

## Request for Emergency Relief

26.     Emergency relief is appropriate in these cases as soon as possible, as requiring the Debtors to comply with the Guidelines in the interim (by closing down its current Cash Management System) would moot the relief sought herein.  This Motion was filed as soon as possible after the commencement of the cases.

27.     Pursuant to Local Rule 9013-1(i), this Motion is verified as to its accuracy by Debtors' proposed counsel.

## Notice

28.     As set forth in the Certificate of Service below, notice of this Motion has been served on all parties required by Local Rule 9013-1(d). Based on the urgency of the

8

circumstances surrounding this Motion and the nature of the relief requested herein, the Debtors

respectfully submit that no further notice is required.

## No Prior Request

29.    No prior request for the relief sought in this Motion has been made by the Debtors

to this or any other court.

**WHEREFORE**, the Debtors respectfully request entry of an order, substantially in the

form attached hereto as **Exhibit "B:"** (a) authorizing the Debtors to continue to use their Cash

Management System, Bank Accounts and business forms, (b) authorizing the Debtors to

continue to perform under intercompany arrangements and historical practices, (c) authorizing

Debtors to open new debtor in possession accounts, if necessary, and (d) granting such other and

further relief as is just and proper under the circumstances.

RESPECTFULLY SUBMITTED this 10th day of April, 2017.

**BAKER & HOSTETLER LLP**

/s/ Elizabeth A. Green
**Elizabeth A. Green, Esq.**
Fed ID#: 903144
**Jimmy D. Parrish, Esq.**
Fed. ID No. 2687598
SunTrust Center, Suite 2300
200 South Orange Avenue
Orlando, FL  32801-3432
Telephone:  407.649.4000
Facsimile:   407.841.0168
Email: egreen@bakerlaw.com
          jparrish@bakerlaw.com

**BAKER & HOSTETLER LLP**
**Jorian L. Rose, Esq.**
N.Y. Reg. No. 2901783
45 Rockefeller Plaza
New York, NY 10111-0100

610621981.3

New York, New York
Telephone: 212.589.4200
Facsimile: 212.589.4201
Email: jrose@bakerlaw.com
*(Motion for admission pro hac vice to be filed)*

*Proposed Counsel for the Debtors and Debtors
in Possession*

## VERIFICATION

I, Elizabeth A. Green, based upon my personal information and belief, declare under penalty of perjury that the facts set forth in the foregoing are true and correct to the best of my knowledge, information, and belief.

Signed: /s/ Elizabeth A. Green

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 10, 2017, a true copy of the foregoing was filed with the Court using the CM/ECF System which provided notice to all parties requesting such notice at the time of docketing.

I FURTHER CERTIFY that on April 10, 2017, a true copy of the foregoing was provided via email and/or facsimile to the Debtors' 20 Largest Unsecured Creditors (on a consolidated basis), and to the following:

**Zions First National Bank:**
Michael Johnson, Esq.  MJohnson@rqn.com
Kevin Glade, Esq.  kglade@RQN.COM
Michael Mayfield, Esq.  mmayfield@RQN.COM
Richard H. Madsen, II, Esq.  rmadsen@RQN.COM
Robert Wing, Esq.  RWing@rqn.com

**US Trustee:**
USTPRegion07.HU.ECF@USDOJ.GOV

/s/ Elizabeth A. Green
Elizabeth A. Green, Esq.

610621981.3

**EXHIBIT A**

**ACCOUNT SUMMARY**

| Company Name | Last 4 digits of Account | Bank Name | Comments | Account Summary |
|---|---|---|---|---|
| CORP - ALLIANCE HEALTH NETWORKS LLC | *8828 | Zions | | Pharmacy Account - Swept to Concentration Account |
| CORP - ALTA DISTRIBUTORS LLC | *8836 | Zions | | Pharmacy Account - Swept to Concentration Account |
| CORP - ALLIANCE MEDICAL HOLDINGS LLC | *8984 | Zions | Primary Sweep Concentration Account | Primary Sweep Concentration Account |
| CORP - ALLIANCE MEDICAL ADMINISTRATION INC | *9016 | Zions | Primary Expense Account | Pharmacy Account - Swept to Concentration Account |
| CORP - ALLIANCE MEDICAL ADMINSTRATION - CERTIFY (DENTAL) | *8745 | Zions | | Pharmacy Account - Swept to Concentration Account |
| CORP - ALLIANCE MEDICAL HOLDINGS LLC | *0224 | Zions | | Gold Business Sweep Account - No Activity |
| CORP - BELLE PHARMACY LLC | *4121 | Zions | | Pharmacy Account - Swept to Concentration Account |
| CORP - BENSON PHARMACY INC | *3024 | Zions | | Pharmacy Account - Swept to Concentration Account |
| CORP - BERKSHIRE PHARMACY LLC | *3925 | Zions | | Pharmacy Account - Swept to Concentration Account |
| CORP - BEST RX LLC | *2596 | Zions | | Pharmacy Account - Swept to Concentration Account |
| CORP - BRIDGESTONE PHARMACY LLC | *2935 | Zions | | Pharmacy Account - Swept to Concentration Account |
| CORP - BRIGHTON PHARMACY | *8885 | Zions | | Pharmacy Account - Swept to Concentration Account |
| CORP - BROOKHILL PHARMACY LLC | *2950 | Zions | | Pharmacy Account - Swept to Concentration Account |
| CORP - BROOKSIDE RX | *7332 | Zions | | Pharmacy Account - Swept to Concentration Account |
| CORP - BURBANK PHARMACY LLC | *3321 | Zions | | Pharmacy Account - Swept to Concentration Account |
| CORP - CANYONS PHARMACY LLC | *2737 | Zions | | Pharmacy Account - Swept to Concentration Account |
| CORP - CHARLESTON RX LLC | *2992 | Zions | | Pharmacy Account - Swept to Concentration Account |
| CORP - CHESHIRE PHARMACY LLC | *2752 | Zions | | Pharmacy Account - Swept to Concentration Account |
| CORP - CONOLY PHARMACY LLC | *3032 | Zions | | Pharmacy Account - Swept to Concentration Account |
| CORP - COTTONWOOD PHARMACY | *5821 | Zions | | Pharmacy Account - Swept to Concentration Account |
| CORP - DELANEY PHARMACY LLC | *2976 | Zions | | Pharmacy Account - Swept to Concentration Account |
| CORP - GALENA PHARMACY LLC | *2968 | Zions | | Pharmacy Account - Swept to Concentration Account |
| CORP - GARNETT PHARMACY LLC | *3313 | Zions | | Pharmacy Account - Swept to Concentration Account |
| CORP - GENEVA PHARMACY | *6069 | Zions | | Pharmacy Account - Swept to Concentration Account |
| CORP - GLENDALE SQUARE RX INC | *2794 | Zions | | Pharmacy Account - Swept to Concentration Account |
| CORP - GOODMAN PHARMACY LLC | *2638 | Zions | | Pharmacy Account - Swept to Concentration Account |
| CORP - HAWTHORNE PHARMACY | *6391 | Zions | | Pharmacy Account - Swept to Concentration Account |
| CORP - HAZELWOOD PHARMACY LLC | *3784 | Zions | | Pharmacy Account - Swept to Concentration Account |
| CORP - HEALTH SAVER RX LLC | *3040 | Zions | | Pharmacy Account - Swept to Concentration Account |
| CORP - IMPROVE RX LLC | *2877 | Zions | | Pharmacy Account - Swept to Concentration Account |
| CORP - INNOVATIVE PHARMACY | *2562 | Zions | | Pharmacy Account - Swept to Concentration Account |
| CORP - KENDALL PHARMACY LLC | *4287 | Zions | | Pharmacy Account - Swept to Concentration Account |
| CORP - LOCKEFORD RX INC | *4220 | Zions | | Pharmacy Account - Swept to Concentration Account |
| CORP - LONE PEAK RX | *3305 | Zions | | Pharmacy Account - Swept to Concentration Account |
| CORP - MEDINA PHARMACY LLC | *6383 | Zions | | Pharmacy Account - Swept to Concentration Account |
| CORP - NEW JERSEY RX LLC | *2869 | Zions | | Pharmacy Account - Swept to Concentration Account |
| CORP - NEW LIFE PHARMACY | *8737 | Zions | | Pharmacy Account - Swept to Concentration Account |
| CORP - NEWTON RX LLC | *3057 | Zions | | Pharmacy Account - Swept to Concentration Account |
| CORP - OAK CREEK RX LLC | *3008 | Zions | | Pharmacy Account - Swept to Concentration Account |
| CORP - OHANA RX LLC | *2653 | Zions | | Pharmacy Account - Swept to Concentration Account |
| CORP - OLLIN PHARMACEUTICAL | *8927 | Zions | | Pharmacy Account - Swept to Concentration Account |
| CORP - ON TRACK RX LLC | *2588 | Zions | | Pharmacy Account - Swept to Concentration Account |
| CORP - OSCEOLA CLINIC PHARMACY | *2679 | Zions | | Pharmacy Account - Swept to Concentration Account |
| CORP - RAVEN PHARMACY LLC | *3065 | Zions | | Pharmacy Account - Swept to Concentration Account |
| CORP - RICHARDSON PHARMACY LLC | *2620 | Zions | | Pharmacy Account - Swept to Concentration Account |
| CORP - RIVERBEND PRESCRIPTION SVCS LLC | *2943 | Zions | | Pharmacy Account - Swept to Concentration Account |
| CORP - RIVERFRONT RX | *5799 | Zions | | Pharmacy Account - Swept to Concentration Account |
| CORP - SKYLINE HEALTH SERVICES | *8802 | Zions | | Pharmacy Account - Swept to Concentration Account |
| CORP - STONYBROOK PHARMACY | *8919 | Zions | | Pharmacy Account - Swept to Concentration Account |
| CORP - UINTA RX LLC | *3073 | Zions | | Pharmacy Account - Swept to Concentration Account |
| CORP - UPLIFT RX LLC | *2885 | Zions | | Pharmacy Account - Swept to Concentration Account |
| CORP - WAVERLY PHARMACY LLC | *3016 | Zions | | Pharmacy Account - Swept to Concentration Account |
| CORP - WOODWARD DRUGS LLC | *2760 | Zions | | Pharmacy Account - Swept to Concentration Account |
| DACA - Alameda Pharmacy | *6241 | Zions | | Pharmacy Account - Swept to Corp Account |
| DACA - Baytree Pharmacy | *1364 | Zions | | Pharmacy Account - Swept to Corp Account |
| DACA - Cordele Pharmacy | *4692 | Zions | | Pharmacy Account - Swept to Corp Account |
| DACA - Cure Rx | *0440 | Zions | | Pharmacy Account - Swept to Corp Account |
| DACA - David Pharmacy | *6217 | Zions | | Pharmacy Account - Swept to Corp Account |
| DACA - El Dorado Pharmacy | *6233 | Zions | | Pharmacy Account - Swept to Corp Account |
| DACA - Genesee Pharmacy | *4718 | Zions | | Pharmacy Account - Swept to Corp Account |
| DACA - Hawkins Pharmacy | *0408 | Zions | | Pharmacy Account - Swept to Corp Account |
| DACA - Jefferson Pharmacy | *4700 | Zions | | Pharmacy Account - Swept to Corp Account |
| DACA - Norwood Pharmacy | *8653 | Zions | | Pharmacy Account - Swept to Corp Account |
| DACA - Oak Creek Pharmacy | *0390 | Zions | | Pharmacy Account - Swept to Corp Account |
| DACA - Peterson Rx | *0424 | Zions | | Pharmacy Account - Swept to Corp Account |
| DACA - Rock City Pharmacy | *0416 | Zions | | Pharmacy Account - Swept to Corp Account |
| DACA - Staley Pharmacy | *4734 | Zions | | Pharmacy Account - Swept to Corp Account |
| DACA - Twin Lakes Pharmacy | *6225 | Zions | | Pharmacy Account - Swept to Corp Account |
| Ingram Medical Administration, Inc | *2272 | KeyBank | Copay- echecks | Used for Customer Copay echeck deposits - All pharmacies |
| Paypal | | Paypal | Inactive - zero balance | Balance transferred to Corp account |

**ALLIANCE MEDICAL HOLDINGS, LLC – Cash Management Structure**



# EXHIBIT B

# PROPOSED ORDER

## IN THE UNTED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| **IN RE:** | **CASE NO.: 17-32186** |
| **UPLIFT RX, LLC** [4] | **CHAPTER 11** |
| **Debtor(s).** | **Jointly Administered** |

This case came on for hearing on April 11, 2017 (the "Hearing") to consider the emergency

motion (the "Motion")[5] (Doc. No. ____) filed by Uplift Rx, LLC as Debtor and Debtor-In-

Possession, along with certain of its affiliates that are also Debtors and Debtors-In-Possession

(collectively, the "Debtors"), for the entry of an order under 11 U.S.C. §§105(a), 345(b), 363, and

364 authorizing the Debtors to: (i) continue using their prepetition cash management system; (ii)

continue using existing bank accounts and business forms; (iii) continue intercompany

arrangements and historical practices; and, (iv) open new debtor-in-possession accounts, if

necessary. Based upon the arguments of the parties, the evidence, the law, the reasons stated at the

Hearing, and being otherwise fully advised in the premises, it is

---

[4] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Uplift Rx, LLC (9306); Belle Pharmacy, LLC (0143); Alliance Medical Holdings, LLC (5945); Geneva Pharmacy, LLC (1929); Ohana Rx, LLC (1722); Benson Pharmacy, Inc. (6606); Kendall Pharmacy, Inc. (0825); Richardson Pharmacy, LLC (9566); Innovative Rx, LLC (9986); Charleston Rx, LLC (5852); On Track Rx, LLC (9021); Uinta Rx, LLC (7157); Goodman Pharmacy, LLC (9373); BrooksideRx, LLC (5927); Osceola Clinic Pharmacy, LLC (4886); Oak Creek Rx, LLC (9722); Waverly Pharmacy, LLC (7342); Newton Rx, LLC (9510); Lone Peak Rx, LLC (5973); Improve Rx, LLC (9120); New Jersey Rx, LLC (0035); Berkshire Pharmacy, LLC (9197); Health Saver Rx, LLC (7810); Best Rx, LLC (0346); Delaney Pharmacy, LLC (7497); New Life Pharmacy, LLC (8292); Skyline Health Services, LLC (6876); Stonybrook Pharmacy, LLC (7700); Woodward Drugs, LLC (2385); Bridgestone Pharmacy, LLC (5294); Brookhill Pharmacy, LLC (5296); Burbank Pharmacy, LLC (5227); Canyons Pharmacy, LLC (1744); Cheshire Pharmacy, LLC (6370); Conoly Pharmacy, LLC (0367); Cottonwood Pharmacy, LLC (5131); Galena Pharmacy, LLC (0672); Garnett Pharmacy, LLC (6505); Hawthorne Pharmacy, LLC (5345); Hazelwood Pharmacy, LLC (1088); Medina Pharmacy, LLC (8987); Raven Pharmacy, LLC (5671); Glendale Square Rx, Inc. (1022); Lockeford Rx, Inc. (1853); Pinnacle Pharmacy Solutions, LLC (9760); Riverfront Rx, LLC (7152); Riverbend Prescription Services, LLC (1862); Raven Pharmacy Holdings, LLC (2464); Bridgestone Pharmacy Holdings, LLC (2840); Crestwell Pharmacy Holdings, LLC (1503); Galena Pharmacy Holdings, LLC (8609); Geneva Rx Holdings, LLC (8247); Hawthorne Rx Holdings, LLC (9531); Woodward Rx Holdings, LLC (2173); Philadelphia Pharmacy Holdings, LLC (8526); Health Rx Holdings, LLC (0909); Canyon Medical, LLC (4915); Alliance Medical Administration, Inc. (2899); Ollin Pharmaceutical, LLC (9815); Alta Distributors, LLC (7407); Eat Great Café, LLC (2314); Alliance Health Networks, LLC (1815) . The Debtors' mailing address is Uplift Rx, LLC, 15462 FM 529, Houston, TX 77095.

[5] Terms capitalized but not defined herein shall have the meaning defined in the Motion.

**ORDERED:**

1.      The Debtors have the authority to (i) continue to use, with the same account numbers, all of the Bank Accounts in the Cash Management System, (ii) use, in their present form, all correspondence and business forms (including, but not limited to, letterhead and invoices), as well as checks and other documents related to the Cash Management System existing immediately before the Petition Date, without reference to their status as debtors-in-possession, (iii) treat the Bank Accounts listed on **Exhibit "A"** to the Motion for all purposes as accounts of the Debtors as debtors-in-possession; and (iv) open new debtor in possession accounts, if necessary.

2.      All financial institutions with which the Debtors maintain the Bank Accounts shall continue to maintain, service and administer such accounts, except that such financial institutions shall not be authorized to honor any check issued or dated prior to the Petition Date, unless the Debtors represent that the payment is authorized by an order of this Court.   The Debtors shall serve those banks with a copy of this order approving the relief requested in the Motion (Doc. No. ____) and any other orders issued by this Court by which those banks are authorized to honor prepetition obligations.

3.      The provisions of this Order shall apply to any Alliance Company which is, in the future, jointly administered with the above captioned cases.

SO ORDERED:

_____

The Honorable Marvin Isgur
United States Bankruptcy Judge