IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: | CASE NO.: 17-32186 |
| UPLIFT RX, LLC [1] | CHAPTER 11 |
| Debtor(s). | Jointly Administered |

APPLICATION FOR THE ENTRY OF AN ORDER AUTHORIZING
THE EMPLOYMENT OF CIMO MAZER MARK, PLLC,
AS SPECIAL COUNSEL TO THE DEBTORS

> **A hearing will be conducted in this matter on June 26, 2018 at 1:30 p.m., in Courtroom 404, United States Courthouse, 515 Rusk Avenue, Houston, Texas 77002.**
>
> **If you object to the relief requested, you must respond in writing, specifically answering each paragraph of the pleading. Unless otherwise directed by the Court, you must file your response with the clerk of the bankruptcy court within 21 days from the date you were served with this pleading. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

**UPLIFT RX, LLC** and its debtor affiliates in the above-captioned chapter 11 cases, (collectively, the "Debtors"), hereby file this Application ("Application") to employ Cimo Mazer Mark, PLLC ("CMM"), pursuant to 11 U.S.C. § 327(e) and 328(a), as Special Counsel to the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Uplift Rx, LLC (9306); Belle Pharmacy, LLC (0143); Alliance Medical Holdings, LLC (5945); Geneva Pharmacy, LLC (1929); Ohana Rx, LLC (1722); Benson Pharmacy, Inc. (6606); Kendall Pharmacy, Inc. (0825); Richardson Pharmacy, LLC (9566); Innovative Rx, LLC (9986); Charleston Rx, LLC (5852); On Track Rx, LLC (9021); Uinta Rx, LLC (7157); Goodman Pharmacy, LLC (9373); BrooksideRx, LLC (5927); Osceola Clinic Pharmacy, LLC (4886); Oak Creek Rx, LLC (9722); Waverly Pharmacy, LLC (7342); Newton Rx, LLC (9510); Lone Peak Rx, LLC (5973); Improve Rx, LLC (9120); New Jersey Rx, LLC (0035); Berkshire Pharmacy, LLC (9197); Health Saver Rx, LLC (7810); Best Rx, LLC (0346); Delaney Pharmacy, LLC (7497); New Life Pharmacy, LLC (8292); Skyline Health Services, LLC (6876); Stonybrook Pharmacy, LLC (7700); Woodward Drugs, LLC (2385); Bridgestone Pharmacy, LLC (5294); Brookhill Pharmacy, LLC (5296); Burbank Pharmacy, LLC (5227); Canyons Pharmacy, LLC (1744); Cheshire Pharmacy, LLC (6370); Conoly Pharmacy, LLC (0367); Cottonwood Pharmacy, LLC (5131); Galena Pharmacy, LLC (0672); Garnett Pharmacy, LLC (6505); Hawthorne Pharmacy, LLC (5345); Hazelwood Pharmacy, LLC (1088); Medina Pharmacy, LLC (8987); Raven Pharmacy, LLC (5671); Glendale Square Rx, Inc. (1022); Lockeford Rx, Inc. (1853); Pinnacle Pharmacy Solutions, LLC (9760); Riverfront Rx, LLC (7152); Riverbend Prescription Services, LLC (1862); Raven Pharmacy Holdings, LLC (2464); Bridgestone Pharmacy Holdings, LLC (2840); Crestwell Pharmacy Holdings, LLC (1503); Galena Pharmacy Holdings, LLC (8609); Geneva Rx Holdings, LLC (8247); Hawthorne Rx Holdings, LLC (9531); Woodward Rx Holdings, LLC (2173); Philadelphia Pharmacy Holdings, LLC (8526); Health Rx Holdings, LLC (0909); Canyon Medical, LLC (4915); Alliance Medical Administration, Inc. (2899); Ollin Pharmaceutical, LLC (9815); Alta Distributors, LLC (7407); Eat Great Café, LLC (2314); Alliance Health Networks, LLC (1815). The Debtors' mailing address is Uplift Rx, LLC, 15462 FM 529, Houston, TX 77095.

4841-8294-1030.1

Debtors in connection with the pursuit of potential claims against the Debtors' former officers, directors, managers, shareholders, partners, employees, or control persons; (ii) professionals that performed services for the Debtors pre-petition; (iii) claims for insurance-recovery; and (iv) any such similar claims that the Debtors, through the appointed Chapter 11 Trustee, and CMM, mutually agree to investigate and pursue, together with the accompanying Declaration of Proposed Special Counsel, attached hereto as **Exhibit A.** The Debtors state as follows in support of the Application:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The statutory predicate for the relief sought herein is Section 327(e) and 328(a) of the Bankruptcy Code[2] and Fed. R. Bankr. P. 2014.

## CHAPTER 11 POST-PETITION BACKGROUND

3. On April 7 – 9, 2017 (the "Petition Dates"), each of the Debtors filed with this Court a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. On April 10, 2017, the Court entered an order directing the joint administration of the above-captioned cases (Doc. No. 4).

4. On April 18, 2017, the Court entered an Order to Appoint a Chapter 11 Trustee (Doc. No. 27). On May 18, 2017, Ronald L. Glass of GlassRatner Advisory & Capital Group, LLC, was appointed as successor Chapter 11 Trustee of the Debtors' estates. (Doc. No. 307). On May 25, 2017, the Trustee accepted his appointment. (Doc. No. 320).

---

[2] All references to the Bankruptcy Code herein refer to Title 11 of the United States Code.

5. Post-petition, both prior to and subsequent to the Trustee's appointment, the Debtors have operated their businesses in the ordinary course pursuant to Bankruptcy Code Sections 1107 and 1108, and have used cash collateral as authorized by this Court. (Doc. Nos. 16, 38, 306 and 347).

6. Most recently, on April 10, 2018, the Court approved a settlement agreement by and among the Debtors, Zions Bank, N.A., and the Official Committee of Unsecured Creditors pursuant to Bankruptcy Rule 9019.

## FACTUAL BACKGROUND AND RELIEF REQUESTED

7. The Trustee believes that the Debtors may have substantial claims for breaches of fiduciary duties and other claims against former officers, directors, and control persons of the Debtors relating to their actions and omissions to act in such capacities. In addition, the Trustee believes the Debtors may have claims against professionals who performed services for the Debtors pre-petition, claims for insurance-recovery, and potentially other, similar claims. The Trustee believes that each such claim may generate material value for the benefit of the Debtors' bankruptcy estates. Investigating, and potentially litigating these claims (including to the point of a trial on the merits and all appellate proceedings) will require significant resources, and also a firm accomplished in large and complex contingent fee litigation matters. Therefore, the Trustee seeks to retain CMM, on a contingent fee basis, to serve as litigation counsel to the Debtors in connection with the investigation and prosecution of these claims pursuant to section 328(a) of the Bankruptcy Code. As set forth in the Declaration, the attorneys with CMM have substantial experience in the exact type of representation the Debtors require.

## BASIS FOR RELIEF REQUESTED

8. The Bankruptcy Code allows a debtor, with the Court's approval, to employ, "for a specified special purpose, other than to represent the trustee in conducting the case, an attorney…

if in the best interest of the estate, and if such attorney does not represent or hold an interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed." 11 U.S.C. § 327(e); *In re Am. Avia Assocs.-SEA*, 150 B.R. 24, 26 (Bankr. S.D. Tex. 1992) (Section 327(e) "allows the debtor-in-possession to retain special counsel if such retention is in the best interest of the estate and the attorney does not represent or hold an interest adverse to the debtor or the estate with respect to the matter on which such attorney is to be employed."); *In re Covenant Fin. Grp. of Am., Inc.*, 243 B.R. 450, 456 (Bankr. N.D. Ala. 1999) (most courts conclude "the only question involved when an application for employment pursuant to section 327(e) is filed is whether the prospective applicant represents an interest that is adverse either to the debtor or the estate with respect to the matter the attorney is being employed by the trustee to pursue.").

9. In this case, CMM is not a creditor of the Debtors and holds no interest adverse to the estate. Further, at no point in the two years prior to the date of this filing was any partner or associate of CMM a director, officer, or employee of the Debtors as defined in section 101(14)(B) or (C) of the Bankruptcy Code. As such, CMM meets the legal standard for special counsel in Section 327(e) and is eligible for employment to assist the Debtors in the limited role the Debtors request.

10. The Debtors selected CMM as its special counsel because, as more fully set forth in the Declaration, attorneys with CMM have substantial experience in the types of claims for which the Debtors require assistance, and CMM is willing and able to do so on a contingent fee basis, which benefits the Debtors' entire creditor body.

11. The scope of professional services that CMM will provide includes evaluation and, potentially, litigation through trial and any appeal, of the following:

(a) potential claims against the Debtor's former officers, directors, managers, shareholders, partners, employees, or control persons;

  (b)  potential claims against professionals who performed services for the Debtors pre-petition;

  (c)  potential claims for insurance-recovery; and

  (d)  claims similar to those articulated in 11(a) – (c) that the Debtors, through the appointed Chapter 11 Trustee, and CMM mutually agree to investigate and pursue.

12. The Trustee's request to retain CMM on a contingency fee basis is consistent with the Bankruptcy Code and supported by case law. Section 327(a) of the Bankruptcy Code authorizes the Trustee to retain one or more attorneys who are disinterested persons who neither hold nor represent an interest adverse to the bankruptcy estate, and Section 328(a) of the Bankruptcy Code expressly authorizes such employment on a contingency fee basis with advance approval by the Court. *In re Barron*, 225 F.3d 583, 585 (5th Cir. 2000) *citing In re National Gypsum Co.,* 123 F.3d 861, 862 (5th Cir.1997) ("Under present § 328 the professional may avoid ... uncertainty by obtaining court approval of compensation agreed to with the trustee (or debtor or committee)."); *In re Contractor Tech., Ltd.,* No. CIV.A. H-05-3212, 2006 WL 1492250, at *10 (S.D. Tex. May 30, 2006) ("Under § 328, a trustee is entitled to employ an attorney on any 'reasonable terms,' including a contingency fee basis with the court's approval.")

13. Subject to this Court's approval and in accordance with Section 328(a) and 330 of the Bankruptcy Code, the Bankruptcy Rules, the U.S. Trustee Guidelines, orders of this Court and the rules and other procedures that may be fixed by this Court, the Debtor requests that CMM be compensated on a contingent fee basis as follows:

- 25% of gross recoveries or value to the estates in the event of a settlement pre-suit;

- 30% of gross recoveries or value to the estates in the event of a settlement after suit is filed until a date that is 60 days before the commencement of the earliest trial period (regardless of any continuances);

- 35% of gross recoveries or value to the estates in the event of a settlement within 60 days before the commencement of the earliest set trial period (regardless of any

continuances) and thereafter, specifically to include any trial and any subsequent appeals.

14. CMM may, in its discretion, advance costs and expenses in connection with the representation sought by this Application. Subject to the availability of sufficient and/or available funds in the estates, CMM may seek reimbursement of any such costs and expenses advanced on an interim basis every 120 days as provided under the Bankruptcy Code and Rules, or within such shorter time as may be ordered by the Court. However, CMM has been advised there may be insufficient and/or unavailable funds in the estates to pay such costs or expenses, placing CMM at risk of not being reimbursed in whole or part. CMM accepts this potential risk as part of the representation sought by this the Application.

15. CMM will submit periodic and/or final applications for payment of contingent fees (as accrued) and reimbursement of expenses to the extent so required by any applicable provisions of the Bankruptcy Code, including Sections 328(a), 330 and 331, the Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines, orders of this Court and the rules and other procedures that may be fixed by this Court.

WHEREFORE, the Debtors respectfully request that the Court enter an Order, in the form attached to this Application as **Exhibit B**: (a) approving this Application; (b) authorizing the Debtors to retain and employ CMM as special counsel in this case pursuant to 11 U.S.C. § 327(e) and 328(a) for the purposes of representing the Debtors on a contingent fee basis in connection with the pursuit of potential claims (i) against the Debtors' former officers, directors, managers, shareholders, partners, employees, or control persons; (ii) professionals that performed services for the Debtors pre-petition; (iii) claims for insurance-recovery; and (iv) any such similar claims that the Debtors, through the appointed Chapter 11 Trustee, and CMM, mutually agree to investigate and pursue; and (c) granting all other relief that is appropriate under the circumstances.

Respectfully submitted this 16th day of May, 2018.

        BAKER & HOSTETLER, LLP

        */s/ Elizabeth A. Green*
        Elizabeth A. Green, Esq.
        Fed ID#: 903144
        Email: egreen@bakerlaw.com
        Jimmy D. Parrish, Esq.
        Fed. ID No. 2687598
        E-mail: jparrish@bakerlaw.com
        SunTrust Center, Suite 2300
        200 South Orange Avenue
        Orlando, Florida 32801-3432
        Telephone: (407) 649-4000
        Counsel for the Debtors

**CERTIFICATE OF SERVICE**

I HERBY CERTIFY that on May 16, 2018, a true and correct copy of the foregoing was filed with the Court using the CM/ECF System which will provide notice to all parties requesting CM/ECF Notice, and via U.S. First Class Postage Prepaid Mail to the following: UpliftRx, LLC, 15462 FM 529, Houston, TX 77095; David C. Cimo, Cimo Mazer Mark PLLC, 100 SE 2nd Street, Suite 3650, Miami, FL 33131; Limited Service List, dated 4/4/2018; and the Office of the U.S. Trustee, 515 Rusk Avenue, Suite 3516, Houston, TX 77002.

        */s/ Elizabeth A. Green*
        Elizabeth A. Green

**Exhibit A**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| **IN RE:** | **CASE NO.: 17-32186** |
| **UPLIFT RX, LLC** [3] | **CHAPTER 11** |
| **Debtor(s).** | **Jointly Administered** |

**DECLARATION OF DAVID C. CIMO IN SUPPORT OF
APPLICATION TO EMPLOY CIMO MAZER MARK, PLLC
AS SPECIAL COUNSEL TO THE DEBTORS**

*I, David C. Cimo, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury under the laws of the United States of America that the following is true and correct to the best of my knowledge, information, and belief:*

1.       Unless otherwise stated, I have personal knowledge of the matters set forth herein.

2.       I submit this Declaration as required by Fed. R. Bankr. P. 2014, and as necessary to the application for an order authorizing the employment of myself and Cimo Mazer Mark, PLLC

---

[3] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Uplift Rx, LLC (9306); Belle Pharmacy, LLC (0143); Alliance Medical Holdings, LLC (5945); Geneva Pharmacy, LLC (1929); Ohana Rx, LLC (1722); Benson Pharmacy, Inc. (6606); Kendall Pharmacy, Inc. (0825); Richardson Pharmacy, LLC (9566); Innovative Rx, LLC (9986); Charleston Rx, LLC (5852); On Track Rx, LLC (9021); Uinta Rx, LLC (7157); Goodman Pharmacy, LLC (9373); BrooksideRx, LLC (5927); Osceola Clinic Pharmacy, LLC (4886); Oak Creek Rx, LLC (9722); Waverly Pharmacy, LLC (7342); Newton Rx, LLC (9510); Lone Peak Rx, LLC (5973); Improve Rx, LLC (9120); New Jersey Rx, LLC (0035); Berkshire Pharmacy, LLC (9197); Health Saver Rx, LLC (7810); Best Rx, LLC (0346); Delaney Pharmacy, LLC (7497); New Life Pharmacy, LLC (8292); Skyline Health Services, LLC (6876); Stonybrook Pharmacy, LLC (7700); Woodward Drugs, LLC (2385); Bridgestone Pharmacy, LLC (5294); Brookhill Pharmacy, LLC (5296); Burbank Pharmacy, LLC (5227); Canyons Pharmacy, LLC (1744); Cheshire Pharmacy, LLC (6370); Conoly Pharmacy, LLC (0367); Cottonwood Pharmacy, LLC (5131); Galena Pharmacy, LLC (0672); Garnett Pharmacy, LLC (6505); Hawthorne Pharmacy, LLC (5345); Hazelwood Pharmacy, LLC (1088); Medina Pharmacy, LLC (8987); Raven Pharmacy, LLC (5671); Glendale Square Rx, Inc. (1022); Lockeford Rx, Inc. (1853); Pinnacle Pharmacy Solutions, LLC (9760); Riverfront Rx, LLC (7152); Riverbend Prescription Services, LLC (1862); Raven Pharmacy Holdings, LLC (2464); Bridgestone Pharmacy Holdings, LLC (2840); Crestwell Pharmacy Holdings, LLC (1503); Galena Pharmacy Holdings, LLC (8609); Geneva Rx Holdings, LLC (8247); Hawthorne Rx Holdings, LLC (9531); Woodward Rx Holdings, LLC (2173); Philadelphia Pharmacy Holdings, LLC (8526); Health Rx Holdings, LLC (0909); Canyon Medical, LLC (4915); Alliance Medical Administration, Inc. (2899); Ollin Pharmaceutical, LLC (9815); Alta Distributors, LLC (7407); Eat Great Café, LLC (2314); Alliance Health Networks, LLC (1815). The Debtors' mailing address is Uplift Rx, LLC, 15462 FM 529, Houston, TX 77095.

("CMM" or "Applicant"), as special counsel to the Debtors pursuant to 11 U.S.C. § 327(e) and 328(a).

3. I am a shareholder and founding partner of CMM in Miami, Florida. Prior to founding CMM, I was a partner, and then shareholder, at Genovese Joblove & Battista, P.A. for 18 years.

4. I concentrate my practice on bankruptcy and insolvency matters in federal and state courts, with an emphasis on complex bankruptcy, insolvency, and commercial litigation. I have frequently represented plaintiffs, including court-appointed fiduciaries, in the prosecution of director and officer liability litigation, legal and accounting malpractice liability litigation, complex fraudulent transfer/preference avoidance litigation, and bank liability litigation. I have substantial experience in prosecuting and defending litigation claims on behalf of trustees, creditors' committees, debtors, and creditors in litigation-intensive Chapter 7 and Chapter 11 bankruptcy proceedings, as well as receivers, statutory assignees, and other interested parties in federal and state insolvency, assignment, and receivership proceedings.

5. I am a member of The Florida Bar and am admitted to practice before the U.S. Supreme Court, the Eleventh Circuit Court of Appeals, the U.S. District Courts for the Southern and Middle Districts of Florida, and the U.S. Bankruptcy Courts for the Southern and Middle Districts of Florida. I am a 1988 *cum laude* graduate of the University of Miami School of Law.

6. I am "AV" rated by Martindale-Hubbell, and am listed in Woodward/White's "The Best Lawyers in America" under Bankruptcy and Creditor Debtor Rights/Insolvency and Reorganization Law, Commercial Litigation, and Litigation-Bankruptcy. I am also listed in Chambers & Partners USA, and have been named as one of Florida's top lawyers by *Florida Trend*, *South Florida Legal Guide*, and *Florida Super Lawyers*.

7. CMM and the Debtors propose the employment of CMM as special counsel in this case pursuant to 11 U.S.C. § 327(e) and 328(a) on a contingent fee basis for the purposes of advising the Debtors with respect to claims: (i) against the Debtors' former officers, directors, managers, shareholders, partners, employees, or control persons; (ii) professionals that performed services for the Debtors pre-petition; (iii) claims for insurance-recovery; and (iv) any such similar claims that the Debtors, through the appointed Chapter 11 Trustee, and CMM, mutually agree to investigate and pursue.

8. CMM and the Debtor propose that CMM be compensated on a contingent fee basis as follows:

- 25% of gross recoveries or value to the estates in the event of a settlement pre-suit;

- 30% of gross recoveries or value to the estates in the event of a settlement after suit is filed until a date that is 60 days before the commencement of the earliest trial period (regardless of any continuances);

- 35% of gross recoveries or value to the estates in the event of a settlement within 60 days before the commencement of the earliest set trial period (regardless of any continuances) and thereafter, specifically to include any trial and any subsequent appeals.

9. CMM may, in its discretion, advance costs and expenses in connection with the representation sought by this Application. However, CMM has been advised there may be insufficient and/or unavailable funds in the estates to pay such costs or expenses, placing CMM at risk of not being reimbursed in whole or part. CMM accepts this potential risk as part of the representation sought by this the Application.

10. Neither CMM nor I hold or represent any interest adverse to the Debtors or the Chapter 11 estates with respect to the matters on which the Debtors seek our employment. Further, neither CMM nor I hold any claim against the Debtors within the meaning of 11 U.S.C. § 101(5) nor

do we have any interest materially adverse to the interest of the estate or of any class of creditors or equity security holders.

11. Further, neither CMM nor I are a creditor, equity security holder or insider of the Debtors. 11 U.S.C. § 101(14)(A). At no point in the two years prior to the date of this filing was any partner or associate of CMM a director, officer, or employee of the Debtors as defined in section 101(14)(B) of the Bankruptcy Code. Finally, neither CMM nor I have any connection with the U.S. Trustee's office or any person employed at the U.S. Trustee's office. Partners and associates of CMM may have dealt with the U.S. Trustee's office in other cases and may have occasional social contact with various attorneys of the U.S. Trustee's office.

12. The factual statements set forth in this declaration have been made based upon: (i) a personal review by me and my staff of the top 20 list of creditors of the Debtors; (ii) a personal review by me and my staff of the consolidated creditor matrix for the case, including Zions First National Bank; (iv) a computer search of CMM's client list and conflict search database; and (v) follow-up communications with my staff and fellow shareholders at the firm, Jason Mazer and Marilee Mark.

13. Except as set forth herein, no attorney at CMM has had or presently has any connection with the above-captioned Debtors or the estates on any matters in which CMM is to be engaged, except that I, CMM and our attorneys may have appeared in the past and may appear in the future in other cases in which one or more of said parties may be involved, and may represent or may have represented certain of the Debtors' creditors in matters wholly unrelated to this case. In addition, and for disclosure purposes only; (i) CMM currently represents Carol L. Fox of GlassRatner Advisory & Capital Group, LLC ("GlassRatner") in the Middle District of Florida, in her capacity as Plan Administrator of the Sebring post-confirmation bankruptcy estates; (ii) GlassRatner is the court-appointed forensic accountant in bankruptcy cases pending in South Florida

and Puerto Rico wholly unrelated to the Debtors' bankruptcy proceedings; (iii) CMM personnel have credit cards with top 20 creditor American Express; and (iv) I personally own shares of stock in top-20 creditor Microsoft Corporation valued at less than $10,000 that I acquired over 10 years ago. Neither I nor CMM believe, however, that such disclosures affect the disinterestedness of CMM in respect of the matters in which it is being proposed to be retained.

14.     I will promptly file a supplemental declaration disclosing any circumstances that cause the foregoing to change.

May 16, 2018

David C. Cimo, Esq.
Florida Bar No. 775400

**Exhibit B**

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | |
|---|---|
| **IN RE:** | **CASE NO.: 17-32186** |
| **UPLIFT RX, LLC**[4] | **CHAPTER 11** |
| Debtor(s). | Jointly Administered |

### ORDER GRANTING DEBTORS' APPLICATION TO EMPLOY
### CIMO MAZER MARK, PLLC, AS SPECIAL COUNSEL TO THE DEBTORS

Upon the Application ("Application") (Doc. No. __) filed by UPLIFT RX, LLC, and its debtor affiliates in the above-captioned chapter 11 cases (collectively, "Debtors") to employ Cimo Mazer Mark, PLLC ("CMM" or "Applicant"), as special counsel to the Debtors pursuant to 11 U.S.C. § 327(e) and 328(a), and the Court having jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A); and it appearing that sufficient notice of the Application has been given, and that no other or further notice is required; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is:

---

[4] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Uplift Rx, LLC (9306); Belle Pharmacy, LLC (0143); Alliance Medical Holdings, LLC (5945); Geneva Pharmacy, LLC (1929); Ohana Rx, LLC (1722); Benson Pharmacy, Inc. (6606); Kendall Pharmacy, Inc. (0825); Richardson Pharmacy, LLC (9566); Innovative Rx, LLC (9986); Charleston Rx, LLC (5852); On Track Rx, LLC (9021); Uinta Rx, LLC (7157); Goodman Pharmacy, LLC (9373); BrooksideRx, LLC (5927); Osceola Clinic Pharmacy, LLC (4886); Oak Creek Rx, LLC (9722); Waverly Pharmacy, LLC (7342); Newton Rx, LLC (9510); Lone Peak Rx, LLC (5973); Improve Rx, LLC (9120); New Jersey Rx, LLC (0035); Berkshire Pharmacy, LLC (9197); Health Saver Rx, LLC (7810); Best Rx, LLC (0346); Delaney Pharmacy, LLC (7497); New Life Pharmacy, LLC (8292); Skyline Health Services, LLC (6876); Stonybrook Pharmacy, LLC (7700); Woodward Drugs, LLC (2385); Bridgestone Pharmacy, LLC (5294); Brookhill Pharmacy, LLC (5296); Burbank Pharmacy, LLC (5227); Canyons Pharmacy, LLC (1744); Cheshire Pharmacy, LLC (6370); Conoly Pharmacy, LLC (0367); Cottonwood Pharmacy, LLC (5131); Galena Pharmacy, LLC (0672); Garnett Pharmacy, LLC (6505); Hawthorne Pharmacy, LLC (5345); Hazelwood Pharmacy, LLC (1088); Medina Pharmacy, LLC (8987); Raven Pharmacy, LLC (5671); Glendale Square Rx, Inc. (1022); Lockeford Rx, Inc. (1853); Pinnacle Pharmacy Solutions, LLC (9760); Riverfront Rx, LLC (7152); Riverbend Prescription Services, LLC (1862); Raven Pharmacy Holdings, LLC (2464); Bridgestone Pharmacy Holdings, LLC (2840); Crestwell Pharmacy Holdings, LLC (1503); Galena Pharmacy Holdings, LLC (8609); Geneva Rx Holdings, LLC (8247); Hawthorne Rx Holdings, LLC (9531); Woodward Rx Holdings, LLC (2173); Philadelphia Pharmacy Holdings, LLC (8526); Health Rx Holdings, LLC (0909); Canyon Medical, LLC (4915); Alliance Medical Administration, Inc. (2899); Ollin Pharmaceutical, LLC (9815); Alta Distributors, LLC (7407); Eat Great Café, LLC (2314); Alliance Health Networks, LLC (1815). The Debtors' mailing address is Uplift Rx, LLC, 15462 FM 529, Houston, TX 77095.

**ORDERED:**

1. The Application is APPROVED, subject to this Court's authority to modify the amount and timing of the Applicant's compensation upon proper application pursuant to 11 U.S.C § 330.

2. Debtors may employ Applicant as special counsel in this case pursuant to 11 U.S.C. § 327(e) and 328(a) on a contingent fee basis for the purposes of advising the Debtors with respect to claims: (i) against the Debtors' former officers, directors, managers, shareholders, partners, employees, or control persons; (ii) professionals that performed services for the Debtors pre-petition; (iii) claims for insurance-recovery; and (iv) any such similar claims that the Debtors, through the appointed Chapter 11 Trustee, and CMM, mutually agree to investigate and pursue.

3. As evidenced by the Declaration attached to the Application, Applicant does not hold or represent any interest adverse to the Debtors or the Chapter 11 estates with respect to the limited matters on which Applicant will be employed. Further, Applicant does not hold any claim against the Debtors within the meaning of 11 U.S.C. § 101(5), nor does Applicant hold any interest materially adverse to the interest of the estate or of any class of creditors or equity security holders.

4. Subject to this Court's final approval and review, the proposed contingency fee structure is approved on an interim basis:

- 25% of gross recoveries or value to the estates in the event of a settlement pre-suit;

- 30% of gross recoveries or value to the estates in the event of a settlement after suit is filed until a date that is 60 days before the commencement of the earliest trial period (regardless of any continuances);

- 35% of gross recoveries or value to the estates in the event of a settlement within 60 days before the commencement of the earliest set trial period (regardless of any continuances) and thereafter, specifically to include any trial and any subsequent appeals.

5. CMM may, in its discretion, advance costs and expenses in connection with the representation sought in the Application and may periodically apply to this Court for reimbursement which reimbursement shall be subject to the Court's discretion and determination of reasonableness, in the event the estate(s) have available funds to pay any such costs and/or expenses.

6. The Debtors shall serve this Order on the: (i) the Applicant, (ii) counsel to the Committee, (iii) counsel to the United States Trustee for the Southern District of Texas, and (iv) counsel to Zions First National Bank pursuant to Bankruptcy Rule 2014.

7. This Court shall retain jurisdiction to resolve any dispute arising in connection with Applicant's retention or compensation.

DATED: _____          _____
                                   MARVIN ISGUR
                                   UNITED STATES BANKRUPTCY JUDGE