IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
06/07/2019

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 17-32186 |
| UPLIFT RX, LLC[1] | § | |
| | § | (Chapter 11) |
| | § | |
| Debtor(s). | § | |

**ORDER APPROVING DISCLOSURE STATEMENT AND THE FORM AND MANNER OF SERVICE RELATED THERETO; (II) SETTING DATES FOR THE OBJECTION DEADLINE AND HEARING RELATING TO CONFIRMATION OF THE PLAN; AND (III) AUTHORIZING RELATED RELIEF**

This matter was set for hearing on April 15, 2019 at 10:30 a.m. (the "Hearing") to consider the Debtors' Disclosure Statement, Pursuant to 11 U.S.C. §1125, for Chapter 11 Plan of Liquidation of Uplift Rx, LLC and Affiliated Debtors filed on January 11, 2019 (Doc. No. 964) April 15, 2019 (Doc. No. 1085) ("Disclosure Statement") by the above-referenced debtors and debtors in possession (the "Debtors"), Auburn Pharmaceutical Company's Objection to the Debtors' Disclosure Statement, Pursuant to §1125, for Chapter 11 Plan of Liquidation of Uplift Rx, LLC and Affiliated Debtors filed on February 25, 2019 (Doc. No. 979) ("Auburn

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Uplift Rx, LLC (9306); Belle Pharmacy, LLC (0143); Alliance Medical Holdings, LLC (5945); Geneva Pharmacy, LLC (1929); Ohana Rx, LLC (1722); Benson Pharmacy, Inc. (6606); Kendall Pharmacy, Inc. (0825); Richardson Pharmacy, LLC (9566); Innovative Rx, LLC (9986); Charleston Rx, LLC (5852); On Track Rx, LLC (9021); Uinta Rx, LLC (7157); Goodman Pharmacy, LLC (9373); BrooksideRx, LLC (5927); Osceola Clinic Pharmacy, LLC (4886); Oak Creek Rx, LLC (9722); Waverly Pharmacy, LLC (7342); Newton Rx, LLC (9510); Lone Peak Rx, LLC (5973); Improve Rx, LLC (9120); New Jersey Rx, LLC (0035); Berkshire Pharmacy, LLC (9197); Health Saver Rx, LLC (7810); Best Rx, LLC (0346); Delaney Pharmacy, LLC (7497); New Life Pharmacy, LLC (8292); Skyline Health Services, LLC (6876); Stonybrook Pharmacy, LLC (7700); Woodward Drugs, LLC (2385); Bridgestone Pharmacy, LLC (5294); Brookhill Pharmacy, LLC (5296); Burbank Pharmacy, LLC (5227); Canyons Pharmacy, LLC (1744); Cheshire Pharmacy, LLC (6370); Conoly Pharmacy, LLC (0367); Cottonwood Pharmacy, LLC (5131); Galena Pharmacy, LLC (0672); Garnett Pharmacy, LLC (6505); Hawthorne Pharmacy, LLC (5345); Hazelwood Pharmacy, LLC (1088); Medina Pharmacy, LLC (8987); Raven Pharmacy, LLC (5671); Glendale Square Rx, Inc. (1022); Lockeford Rx, Inc. (1853); Pinnacle Pharmacy Solutions, LLC (9760); Riverfront Rx, LLC (7152); Riverbend Prescription Services, LLC (1862); Raven Pharmacy Holdings, LLC (2464); Bridgestone Pharmacy Holdings, LLC (2840); Crestwell Pharmacy Holdings, LLC (1503); Galena Pharmacy Holdings, LLC (8609); Geneva Rx Holdings, LLC (8247); Hawthorne Rx Holdings, LLC (9531); Woodward Rx Holdings, LLC (2173); Philadelphia Pharmacy Holdings, LLC (8526); Health Rx Holdings, LLC (0909); Canyon Medical, LLC (4915); Alliance Medical Administration, Inc. (2899); Ollin Pharmaceutical, LLC (9815); Alta Distributors, LLC (7407); Eat Great Café, LLC (2314); Alliance Health Networks, LLC (1815). The Debtors' mailing address is Uplift Rx, LLC, 15462 FM 529, Houston, TX 77095.

Objection"), the Preliminary Objection to the Debtors' Disclosure Statement by Highland Wholesale , LLC and Kross Pharmaceuticals, LLC ("Highland and Kross") filed on February 25, 2019 (Doc. No. 980) ("Highland and Kross Objection"), and the Statement and Reservation of Rights of Roche Diagnostics Corp. and Roche Diabetes Care, Inc. in Response to Proposed Disclosure Statement, Pursuant to 11 U.S.C. §1125, for Chapter 11 Plan of Liquidation of Uplift Rx, LLC and Affiliated Debtors filed on February 25, 2019 (Doc. No. 981) ("Roche Objection"), and the Debtors' Amended Disclosure Statement, Pursuant to 11 U.S.C. §1125, for Chapter 11 Plan of Liquidation of Uplift Rx, LLC and Affiliated Debtors filed on April 15, 2019 (Doc. No. 1085) ("Amended Disclosure Statement").  Based on the amendments made by the Debtors in the Amended Disclosure Statement, the Auburn Objection and the Roche Objection were withdrawn.  Additionally, Highland and Kross agreed to withdraw the Highland and Kross Objection after the Debtors agreed to allow Highland and Kross to include a bullet point of their disclosure objections in the Debtors' solicitation packet to be sent to creditors in connection with consideration of the Debtors' Plan of Liquidation.

    The Bankruptcy Court finds that (a) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. § 1334(b), (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (c) the relief requested in the Motion is in the best interests of the Debtor and its estate, creditors, and equity security holders, and (d) proper and adequate notice of the Motion, the Amended Disclosure Statement, and the Hearing has been given and that, except as set forth herein, no other or further notice is necessary. After considering the evidence and arguments presented by the Debtors and all parties present at the Hearing and noting the withdrawal of the Auburn Objection, the Highland and Kross Objection and the Roche Objection, the Court determined the Amended Disclosure Statement should be approved. Accordingly,

**IT IS HEREBY ORDERED, AND NOTICE IS HEREBY GIVEN, THAT:**

**<u>Approval of Amended Disclosure Statement and Pertinent Dates</u>**

1.  The Amended Disclosure Statement is hereby approved as containing information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the Debtors and the facts and circumstances of the Cases, that would enable a hypothetical investor typical of the holders of Claims and Interests to make an informed judgment regarding the Plan (defined below) pursuant to Bankruptcy Code § 1125(a)(1) and (2).

2.  The Debtors' Plan of Liquidation under Chapter 11 of the Bankruptcy Code (as may be amended, modified, and supplemented, the "<u>Plan</u>") should be submitted to Holders of Claims and Interests for consideration and voting as herein provided.

3.  A hearing to consider confirmation of the Plan shall be held before the Honorable Marvin Isgur, United States Bankruptcy Judge, in the United States Bankruptcy Court for the Southern District of Texas, Houston Division, Courtroom 404, 515 Rusk Street, Houston, Texas (the "<u>Bankruptcy Court</u>"), on July 11, 2019 at 9:00 a.m. prevailing Central Time (the "<u>Confirmation Hearing</u>"). The Confirmation Hearing may be adjourned from time to time by the Court without further notice other than an announcement made at the Confirmation Hearing or at any adjourned hearing thereon.

4.  All objections to the Plan (including any supporting brief or memorandum) shall be filed by 5:00 p.m. prevailing Central Time on July 2, 2019 on the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas and served upon the appropriate service matrix.

5. A party's failure to timely file and serve any objections, comments, or responses to the Plan may result in the waiver of such objections, comments, or responses and the Court may determine not to consider the same.

### Service of Solicitation Packages and Other Materials

6. No later than June 13, 2019, the Debtors or BMC Group, Inc. as balloting agent ("Balloting Agent") shall cause to be served: (a) a copy of this Order; (b) a copy of the Amended Disclosure Statement with the agreed bullet point objection from Highland and Kross and a copy of the Plan attached thereto as exhibits; (c) notice of the Confirmation Hearing (the "Notice"); (d) an appropriate Ballot, (e) a return addressed envelope (the "Solicitation Package") to Holders of Claims and Interests. The Amended Disclosure Statement and Plan may be provided by electronic disc.

7. Service of the Solicitation Package and all applicable notices shall be sent, at the Debtors' discretion, by first class mail or overnight delivery, and all documents will be addressed to the party at the most recent address contained in the Debtors' books and records.

### Voting Procedures and Requirements

8. Each Holder of a Claim against or Interest in the Debtors within a Class entitled to vote to accept or reject the Plan shall be entitled to vote the amount of such Claim as is held as of the date of this Order.

9. Any Ballot submitted by a Holder of a Claim based solely on the Debtors' Schedules filed with the Bankruptcy Court shall not be counted if the Debtors' Schedules indicate that the Claim is unknown, contingent, unliquidated, or disputed. This provision would not disqualify a Claim listed as unknown, contingent, unliquidated, or disputed if the Holder has

otherwise filed a timely proof of claim for a specific amount which is not and does not become subject to an objection prior to the Confirmation Hearing.

10. The Ballot of any Holder with a Claim, including a Claim listed in the Debtors' Schedules that is subject to an objection ("Claim Objection") at least ten (10) days prior to the Confirmation Hearing may be subject to an objection by the Debtors on account of such Claim Objection and any such objection will be determined at the Confirmation Hearing.

11. Any member of a Class entitled to vote on the Plan that did not receive a Ballot for such Class, or if a Ballot is damaged or lost, or if any member of a Class entitled to vote should have any questions regarding the procedures for voting on the Plan, such Person should contact the Balloting Agent, BMC Group, Inc. at PO Box 90100, Los Angeles, CA 90009 or by phone at (888) 909-0100.

12. By enclosing a Ballot with the Solicitation Packages, the Debtors do not make any representation or admission that a Holder of a Claim or Interest is entitled to vote on the Plan or that such Claim or Interest is an Allowed Claim or an Allowed Interest. The Debtors' right to object to any Ballot submitted on any grounds and such objection, if any, is specifically reserved for the Confirmation Hearing.

**Voting Instructions**

13. The Court hereby directs that, to be counted for voting purposes, Ballots for accepting or rejecting the Plan must be received by the Balloting Agent by 5:00 p.m. prevailing Central Time on July 2, 2019 (the "Voting Deadline"). Ballots must be received by the Balloting Agent, on or prior to the Voting Deadline, by (a) mail, (b) overnight delivery, or (c) hand delivery, as follows:

**By First Class Mail**

BMC Group, Inc.
Attn: UpLift Rx, LLC Tabulation
PO Box 90100
Los Angeles, CA 90009

**By Overnight or Hand Delivery**

BMC Group, Inc.
Attn: UpLift Rx, LLC Tabulation
3732 West 120th Street
Hawthorne, CA 90250

14. Except as otherwise provided herein, a Ballot will not be counted if it is received by the Balloting Agent after the Voting Deadline. Votes cast will be irrevocable after the Voting Deadline, unless the Court, after application, notice, and hearing, permits a change of vote.

### Assistance in Voting

15. Any person requiring assistance in voting should contact the Balloting Agent at the address or phone number set forth hereinabove.

### Tabulation of Ballots

16. To avoid uncertainty and inconsistent results, Ballots in the following categories shall not be counted, unless otherwise ordered by the Court:

(a) Ballots that partially reject and partially accept the Plan will not be counted;

(b) Any Ballot that is illegible or contains insufficient information to permit the identification of the claimant will not be counted;

(c) Ballots that fail to indicate an acceptance or rejection of the Plan, or that indicate both acceptance and rejection of the Plan, will not be counted;

(d) Unless previously authorized by the Debtors, only Ballots that are timely received with original signatures will be counted. Unsigned Ballots, or Ballots that are illegible or contain insufficient information to permit the identification of the holder of an interest, will not be counted;

(e) Ballots postmarked prior to the Voting Deadline, but received after the Voting Deadline, will not be counted;

      (f)      Facsimile Ballots, or Ballots submitted via email or other electronic transmission, will not be counted, unless the holder receives the consent of the Debtors to submit its Ballot by facsimile, e-mail, or other electronic transmission; and

      (g)      If a Holder of a Claim Interest simultaneously casts inconsistent Ballots, such Ballots shall not be counted.

17. Whenever two or more Ballots are cast voting the same Claim or Interest prior to the Voting Deadline, the last Ballot received prior to the Voting Deadline shall be deemed to reflect the voter's intent and to thus supersede any prior Ballot(s), without prejudice to the Debtors' right to object to the validity of the second Ballot on any basis permitted by law; and, if the objection to such second Ballot or subsequent Ballot is sustained, to count the first Ballot for all purposes.

18. The Debtors and other parties in interest may seek further clarification from the Court on vote tabulation and the solicitation process and retain the right to object or raise any issue with respect to any Ballot, including issues pertaining to impairment.

## Fiduciaries and Other Representatives

19. If a Ballot is signed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or another, acting in a fiduciary or representative capacity, such person should indicate such capacity when signing and, unless otherwise determined by the Debtors, must submit proper evidence satisfactory to the Debtors of authority to so act. Authorized signatories should submit the separate Ballot of each beneficial owner for whom they are voting.

## Waivers of Defects and Irregularities

20. Unless otherwise directed by the Court, all questions as to the validity, form, eligibility (including time of receipt), acceptance, and revocation or withdrawal of Ballots will be

determined by the Balloting Agent and the Debtors in their sole discretion, which determination the Debtors propose be final and binding, subject to review of the Court in the event of an objection to the treatment of a Ballot by the Holder. Effective withdrawals of Ballots must be delivered to the Balloting Agent prior to the Voting Deadline.

21. The Debtors' rights to: (a) contest the validity of any withdrawal of a Ballot, (b) reject all Ballots not in proper form, the acceptance of which would, in the opinion of the Debtor or its counsel, be unlawful, and (c) waive any defects or irregularities or conditions of delivery as to any particular Ballot are hereby reserved. The interpretation (including of the Ballot and the respective instructions thereto) by the Debtors unless otherwise directed by the Court, will be final and binding on all parties.

22. Unless waived, any defects or irregularities in connection with deliveries of Ballots must be cured within such time as the Debtors (or the Court) determine. Neither the Debtors nor any other person will be under any duty to provide notification of defects or irregularities with respect to deliveries of Ballots, nor will they incur any liabilities for failure to provide such notification. Unless otherwise directed by the Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived. Ballots previously furnished (and as to which any irregularities have not theretofore been cured or waived) will be invalidated.

## Withdrawal of Ballots and Revocation

23. Any party who has delivered a valid Ballot to the Balloting Agent for the acceptance or rejection of the Plan may withdraw such acceptance or rejection by delivering a written notice of withdrawal to the Balloting Agent at any time prior to the Voting Deadline. A notice of withdrawal, to be valid, must: (a) contain the description of the Ballot(s) to which it

relates and the aggregate amount represented by such Claim(s) or Equity Interests; (b) be signed by the withdrawing party in the same manner as the Ballot being withdrawn; (c) contain a certification that the withdrawing party owns the Claim(s) or Equity Interests and possesses the right to withdraw the vote sought to be withdrawn; and (d) be received by the Balloting Agent in a timely manner at the address set forth above.

24. A purported notice of withdrawal of a Ballot that is not received in a timely manner by the Balloting Agent shall not be effective to withdraw a previously cast Ballot.

25. Any party who has previously submitted to the Balloting Agent prior to the Voting Deadline a properly completed Ballot may revoke such Ballot and change his/her/its vote by submitting to the Balloting Agent, prior to the Voting Deadline, a subsequent properly completed Ballot for acceptance or rejection of the Plan. In the case where more than one timely, properly completed Ballot is received, only the Ballot that bears the latest date shall be counted for purposes of determining whether the requisite acceptances have been received.

## **Miscellaneous**

26. The form and manner of notice approved in this Order is adequate, appropriate, and satisfies the requirements of the Bankruptcy Code, Bankruptcy Rules, Local Rules of Bankruptcy Procedure, and Orders of this Court to the extent applicable to Persons affected thereby.

27. Prior to mailing, the Debtors may make final, non-substantive edits (consisting solely of correcting typographical and grammatical errors, making stylistic and formatting improvements, adding updates of information as may be helpful, and adding revisions announced on the record at the hearing on the Amended Disclosure Statement) to the Amended Disclosure Statement, Plan, all notices to be served, and all versions of Ballots and all other notices, with

such revisions to be filed with the Court which shall be deemed approved by this Order without further notice or hearing.

28.     Unless otherwise ordered by the Bankruptcy Court, Ballots that are signed, dated and timely received, but on which a vote to accept or reject the Plan has not been indicated, will not be counted. The Debtors, in their sole discretion, may request that the Balloting Agent attempt to contact such voters to cure any such defects in the Ballots.

29.     This Court shall retain jurisdiction to hear and considers all matter arising from the interpretation or implementation of this Order.

Signed: June 07, 2019

_____
Marvin Isgur
United States Bankruptcy Judge