**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| IN RE: | CASE NO.: 17-32186 |
| UPLIFT RX, LLC [1] | CHAPTER 11 |
| Debtor(s). | Jointly Administered |

**DEBTORS' MOTION PURSUANT TO FEDERAL RULE BANKRUPTCY
PROCEDURE 9019 FOR ENTRY OF ORDER APPROVING SETTLEMENT
AGREEMENT WITH (1) HIGHLAND WHOLESALE, LLC, (2) KROSS
PHARMACEUTICALS, LLC, (3) ALAMEDA PHARMACY LLC,
(4) EL DORADO PHARMACY, LLC, AND (5) BAYTREE PHARMACY LLC**

---

**A hearing will be conducted on this matter on Monday, August 5, 2019, at 9 A.M. CST in Courtroom 404, United States Courthouse, 515 Rusk Street, Houston, Texas 77002.**

**This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**

**Represented parties should act through their attorney.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Uplift Rx, LLC (9306); Belle Pharmacy, LLC (0143); Alliance Medical Holdings, LLC (5945); Geneva Pharmacy, LLC (1929); Ohana Rx, LLC (1722); Benson Pharmacy, Inc. (6606); Kendall Pharmacy, Inc. (0825); Richardson Pharmacy, LLC (9566); Innovative Rx, LLC (9986); Charleston Rx, LLC (5852); On Track Rx, LLC (9021); Uinta Rx, LLC (7157); Goodman Pharmacy, LLC (9373); BrooksideRx, LLC (5927); Osceola Clinic Pharmacy, LLC (4886); Oak Creek Rx, LLC (9722); Waverly Pharmacy, LLC (7342); Newton Rx, LLC (9510); Lone Peak Rx, LLC (5973); Improve Rx, LLC (9120); New Jersey Rx, LLC (0035); Berkshire Pharmacy, LLC (9197); Health Saver Rx, LLC (7810); Best Rx, LLC (0346); Delaney Pharmacy, LLC (7497); New Life Pharmacy, LLC (8292); Skyline Health Services, LLC (6876); Stonybrook Pharmacy, LLC (7700); Woodward Drugs, LLC (2385); Bridgestone Pharmacy, LLC (5294); Brookhill Pharmacy, LLC (5296); Burbank Pharmacy, LLC (5227); Canyons Pharmacy, LLC (1744); Cheshire Pharmacy, LLC (6370); Conoly Pharmacy, LLC (0367); Cottonwood Pharmacy, LLC (5131); Galena Pharmacy, LLC (0672); Garnett Pharmacy, LLC (6505); Hawthorne Pharmacy, LLC (5345); Hazelwood Pharmacy, LLC (1088); Medina Pharmacy, LLC (8987); Raven Pharmacy, LLC (5671); Glendale Square Rx, Inc. (1022); Lockeford Rx, Inc. (1853); Pinnacle Pharmacy Solutions, LLC (9760); Riverfront Rx, LLC (7152); Riverbend Prescription Services, LLC (1862); Raven Pharmacy Holdings, LLC (2464); Bridgestone Pharmacy Holdings, LLC (2840); Crestwell Pharmacy Holdings, LLC (1503); Galena Pharmacy Holdings, LLC (8609); Geneva Rx Holdings, LLC (8247); Hawthorne Rx Holdings, LLC (9531); Woodward Rx Holdings, LLC (2173); Philadelphia Pharmacy Holdings, LLC (8526); Health Rx Holdings, LLC (0909); Canyon Medical, LLC (4915); Alliance Medical Administration, Inc. (2899); Ollin Pharmaceutical, LLC (9815); Alta Distributors, LLC (7407); Eat Great Café, LLC (2314); Alliance Health Networks, LLC (1815) . The Debtors' mailing address is Uplift Rx, LLC, 15462 FM 529, Houston, TX 77095.

Uplift Rx, LLC and its affiliated debtors in the above-captioned chapter 11 cases (the "Debtors"), file this motion ("Motion") requesting entry of an order approving the Settlement Agreement (the "Settlement Agreement"), attached hereto as **Exhibit A**, by and between (1) the Debtors, (2) Highland Wholesale LLC ("Highland"), (3) Kross Pharmaceuticals, LLC ("Kross"), (4) Alameda Pharmacy, LLC ("Alameda"), (5) El Dorado Pharmacy, LLC ("El Dorado"), and (6) Baytree Pharmacy, LLC ("Baytree") (collectively, Alameda, El Dorado, and Baytree are referred to herein as the "Non-Debtor Pharmacies") (collectively, Highland, Kross, and the Non-Debtor Pharmacies are referred to herein as the "Settling Creditors"), and respectfully represent as follows in support of the Motion:

<u>**Jurisdiction and Venue**</u>

1.      The Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334.

2.      Venue of the Debtors' chapter 11 cases in this district are proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      This is a core proceeding pursuant to 28 U.S.C. § 157(b).

4.      The statutory predicate for the relief sought is Section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

<u>**Bankruptcy Background**</u>

5.      On April 7-9, 2017, each of the Debtors filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  On April 10, 2017, the Court entered an order directing the joint administration of the above-captioned cases (Doc. No. 4).  On April 19, 2017, the Court entered an Order to Appoint a Chapter 11 Trustee (Doc. No. 37).  On May 18, 2017, the Court entered an order approving the appointment of Mr. Glass as Chapter 11 Trustee.

## **The Dispute and the Proposed Settlement**

6.      The Debtors and the Settling Creditors are parties to a number of disputes before the Court (the "Disputes"), including: (a) Highland and Kross's motion for an administrative expense claim of more than $400,000 (Doc. No. 1148); (b) the Non-Debtor Pharmacies' motion for an administrative expense claim of more than $2,800,000 (Doc. No. 1147); (c) Highland and Kross's objection (Doc. No. 1155) to confirmation of the Debtors' *Joint Plan of Liquidation Under Chapter 11 of the Bankruptcy Code of UpliftRx, LLC and Its Debtor Affiliates* (Doc. No. 1153) (the "Plan"); and (d) the Debtors' adversary proceedings against Highland and Kross (Adv. Proc. Nos. 19-3432 and 19-3430).

7.      Taken together, the Disputes are substantial and litigating the Disputes could require the Debtors' estates to incur substantial administrative expense claims, perhaps in excess of the amount of the proposed settlement amount, even before considering the potential effect of adverse rulings on the Debtors and their respective creditors.  Throughout these cases, the Debtors, Highland, and Kross - and more recently the Non-Debtor Pharmacies - have engaged in multiple rounds of arm's length settlement negotiations, but only recently have reached an agreement whereby all of the Disputes would be globally resolved.  Among other things, the proposed Settlement Agreement will greatly reduce the administrative expense claims associated with the Debtors proceeding to a confirmation hearing and reduce the possibility of additional significant administration expenses being allowed in favor of Highland, Kross, and the Non-Debtor Pharmacies.

8.      In order to avoid protracted and costly litigation, the parties have agreed to settle, and have entered into a Settlement Agreement in order to amicably resolve all matters arising from

and related to the Disputes, the material terms of which are set forth below:[2]

    a.    <u>Settlement Payment</u>.  The Debtors shall pay the Settling Creditors $425,000 (the "Settlement Payment") in full settlement of the Highland/Kross and Independent Pharmacies' Administrative Claims and as consideration for the other terms and conditions of this Agreement, on or as soon as reasonably practicable after the Effective Date of the Debtors' Plan.  The Debtors shall make the Settlement Payment within ten (10) business days after the approval by the Bankruptcy Court of this Settlement Agreement. The Debtors' payment to Highland and Kross shall be made prior to the transfer of the Debtors' assets to the Liquidating Trust. The Debtors shall make the Settlement Payment to Snow Spence Green LLP IOLTA Account via check payable to Snow Spence Green LLP IOLTA Account delivered to Ross Spence, Snow Spence Green LLP, 2929 Allen Parkway, Suite 2800, Houston, TX 77019,  or wire transfer to:

> Zions Bancorporation, N.A., DBA Amegy Bank of Texas
> 1717 W. Loop South, Houston, TX 77027
> ABA # 113011258
> For Credit to
> Account Name:  Snow Spence Green LLP IOLTA
> IOLTA Account # 0030341878
> SWIFT code: ZFNBUS55

The Settlement Payment shall not be subject to any reduction, avoidance or claw back of any kind.

    b.    <u>Intent to Resolve All Disputed Matters</u>.  Immediately upon the execution of this Agreement, the Settling Creditors shall cease all efforts to prosecute any pending matters in the Bankruptcy Cases, including the Highland/Kross and Independent Pharmacies' Administrative Claims, the Confirmation Objection, and any pending matters in the Highland AP or Kross AP.  To the extent this Agreement is approved by the Bankruptcy Court, the Settling Creditors shall withdraw all pending motions or requests before the Bankruptcy Court, file ballots accepting the Debtors' Plan and seek allowance of the same, and shall take any other actions reasonably requested by the Debtors related thereto, it being the intent of the Parties that the Settling Creditors shall not oppose any actions currently proposed by the Debtors in the Bankruptcy Cases, including future fee applications, and shall support confirmation of the Debtors' Plan.   Further, Settling Creditors shall not seek any further applications for administrative claims for substantial contribution relating to the Plan.

---

[2] This Motion is intended to summarize the material terms of the Settlement Agreement.  In the event of an inconsistency between this Motion and the Settlement Agreement, the Settlement Agreement shall control. Capitalized terms used in this Motion but not otherwise defined herein shall have the meaning ascribed to them in the Settlement Agreement.

  c. <u>Dismissal of Highland AP and Kross AP</u>.  Within five (5) business days after the date on which the Bankruptcy Court approves this Agreement, the Debtors shall dismiss the Highland AP and the Kross AP with prejudice.

  d. <u>Substitution of Counsel in Non-CMM Adversary Proceedings</u>.  The Debtors and the prospective Liquidating Trustee have agreed to retain the law firm of Snow Spence Green LLP ("<u>SSG</u>") to prosecute all Non-CMM Adversary Proceedings on a contingency-fee basis, such that the Debtors' estates shall receive 65% of all proceeds of each such proceeding, and SSG shall receive 35% of all proceeds of each such proceeding.  Debtors' counsel shall use reasonable efforts to cooperate with SSG in the transition of the Non-CMM Adversary Proceedings to SSG.

  e. <u>Highland/Kross GUCs</u>.   The Highland/Kross GUCs shall be deemed to be allowed unsecured claims under the Debtors' Plan.

  f. <u>Non-Debtor Pharmacies GUCs</u>. The Non-Debtor Pharmacies GUCs shall be deemed to be allowed unsecured claims under the Debtors' Plan.

  g. <u>Bankruptcy Court Approval</u>.  This Agreement is expressly conditioned upon and subject to the Bankruptcy Court's approval of this Agreement, which all Parties shall use their best efforts to obtain.   In the event the Bankruptcy Court does not approve this Agreement, it shall become null and void and the parties will jointly seek an extension of the confirmation hearing date and the dates for filing further motions and responses.

  h. <u>Release of the Debtors, Committee, and Trustee</u>.  Effective as of the date of the Bankruptcy Court order approving this Agreement, the Settling Creditors release, waive, and discharge the Debtors, the Chapter 11 Trustee, and the Official Committee of Unsecured Creditors, their respective affiliates, partners, investors, officers, directors, employees, agents, attorneys, representatives, successors and assigns, from all claims, demands, losses, expenses, attorneys' fees, suits, actions, causes of action, known or unknown, suspected or unsuspected, fixed or contingent, at law or in equity, administrative or otherwise, arising under or related to Debtors' pre-petition business operations, the Bankruptcy Cases, the Adversary Proceedings or otherwise arising prior to the Effective Date of this Agreement.  Notwithstanding the foregoing, Highland and Kross shall retain their claims under the Highland/Kross GUCs and El Dorado, Baytree and Alameda shall retain their claims under the Non-Debtor Pharmacies GUCs.

  i. <u>Release of the Settling Creditors</u>.  Effective as of the date of the Bankruptcy Court order approving this Agreement, the Debtors release, waive, and discharge the Settling Creditors, their affiliates, partners, investors, officers, directors, employees, agents, attorneys, representatives, successors and assigns, from all claims, demands, losses, expenses, attorneys' fees, suits, actions, causes of action, known or unknown, suspected or unsuspected, fixed or contingent, at law or in equity, administrative or otherwise, arising under or related to Debtors' pre-petition

business operations, the Bankruptcy Cases, the Adversary Proceedings or otherwise arising prior to the Effective Date of this Agreement.

### Basis for Relief Requested

9.      Bankruptcy Rule 9019(a) authorizes settlements if they are "fair and equitable and in the best interest of the estate." *In re Jackson Brewing Co.*, 624 F.2d 599, 602 (5th Cir. 1980) (citing *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968)).  Courts consider the following factors when evaluating whether a compromise is fair and equitable:

      A.      The probabilities of success in the litigation, with due consideration for uncertainty in fact and law;

      B.      The complexity and likely duration of the litigation and any attendant expense, inconvenience and delay; and

      C.      All other factors bearing on the wisdom of the compromise.

*Official Comm. of Unsecured Creditor v. Cajun Elec. Power Coop., Inc. (In re Cajun Elec. Power Coop.)*, 119 F.3d 349, 356 (5th Cir. 1997).  In addition, under the rubric of the third, catch-all provision, the Fifth Circuit has identified two additional factors that bear on the decision to approve a proposed settlement:

      A.      Whether the compromise serves "the best interests of the creditors, with proper deference to their reasonable views." *Id.* (internal citations omitted).

      B.      The extent to which the settlement is truly the product of arms-length bargaining and not of fraud or collusion.  *Id.* (internal citations omitted).

10.     The movant bears the burden of establishing that the balance of the settlement factors warrant approval.  However, that burden is not great.  The movant need only show that the settlement falls within the "range of reasonable litigation alternatives." *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983); *Cook v. Waldron*, 2006 WL 1007489, at *4 (S.D. Tex. Apr. 8, 2006). Moreover, the movant is not required to present a mini-trial or evidentiary hearing to adjudicate

the issues being settled.

11.     The Court may give weight to the "informed judgments of the….debtor-in-possession and their counsel that a compromise is fair and equitable, and consider the competency and experience of counsel who support the compromise." *Drexel Burnham Lambert Group*, 134 B.R. 499, 505 (Bankr. S.D.N.Y. 1991).

12.     Based on a review and analysis of the Settlement Agreement, and after consultation with its professionals, Ronald L. Glass, as Chapter 11 Trustee for the Debtors, has determined in his reasonable business judgment that entering into the Settlement Agreement is in the best interest of the Debtors' estates.  The Settlement Agreement will benefit the Debtors' estates by, among other things, avoiding the cost and uncertainty of time-consuming litigation in the Disputes, and eliminate the possibility that significant additional administrative expense claims are allowed in favor of Highland, Kross, or the Non-Debtor Pharmacies.  The amount of the settlement is fair and reasonable in relation to the amount at issue and the potential cost to estate should the case be required to proceed to trial, with potential appeals.  As such, the Trustee believes the proposed settlement constitutes a favorable resolution of the dispute with the Settling Creditors, and certainly falls within the "range of reasonable litigation alternatives." *See Cook*, 2006 WL 1007489, at *4.

13.     Accordingly, the Trustee believes that the Settlement Agreement is in the best interest of the estate of the affected Debtors, and files this Motion seeking Court approval of the Settlement Agreement.

## Notice

14.     Notice of this Motion has been provided to all creditors and parties in interest, as reflected in the Certificate of Service below.  The Trustee submits that, under the circumstances,

no other or further notice is necessary.

WHEREFORE, the Debtors respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit B**: (i) granting this Motion; (ii) approving the Settlement Agreement; and (iii) granting all other relief that is appropriate under the circumstances.

Dated: July 15, 2019              Respectfully submitted,

*/s/ Elizabeth A. Green*
Elizabeth A. Green, Esq.
egreen@bakerlaw.com
Jimmy D. Parrish, Esq.
jparrish@bakerlaw.com
BAKER & HOSTETLER LLP
So. Dist. Fed. ID. 903144
200 South Orange Avenue, Suite 2300
Orlando, Florida 32801-3432
Telephone: (407) 649-4000
Facsimile: (407) 841-0168
*Counsel for the Debtors*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 15, 2019, a true copy of the foregoing was filed with the Court using the CM/ECF System which will provide notice of such filing to all parties requesting such notice and/or U.S. First Class Postage Prepaid Mail to all creditors as set forth in the attached matrix filed with the original of this Motion.

*/s/ Elizabeth A. Green*
Elizabeth A. Green

**EXHIBIT A**

## SETTLEMENT AGREEMENT

This Settlement Agreement ("<u>Agreement</u>") is entered into as of July 15, 2019 ("<u>Effective Date</u>"), by and between (1) the Debtors[1] in the jointly administered bankruptcy cases pending in the U.S. Bankruptcy Court for the Southern District of Texas, Houston Division (the "<u>Debtors</u>," "<u>Bankruptcy Cases</u>" and "<u>Bankruptcy Court</u>," respectively); (2) Highland Wholesale, LLC ("<u>Highland</u>"), and Kross Pharmaceuticals, LLC ("<u>Kross</u>"); and (3) Alameda Pharmacy, LLC ("<u>Alameda</u>"), El Dorado Pharmacy, LLC ("<u>El Dorado</u>"), and Baytree Pharmacy, LLC ("<u>Baytree</u>") (collectively, Alameda, El Dorado, and Baytree are referred to herein as the "<u>Non-Debtor Pharmacies</u>"). Highland, Kross, and the Non-Debtor Pharmacies are collectively referred to herein as the "<u>Settling Creditors</u>". The Debtors and the Settling Creditors are collectively referred to herein as the "<u>Parties</u>".

## RECITALS

**WHEREAS**, on April 7-9, 2017, each of the Debtors filed a voluntary petition for bankruptcy relief under Chapter 11 of the Bankruptcy Code in the Bankruptcy Court which cases are being jointly administered under Case No. 17-32186;

**WHEREAS**, Highland and Kross have been scheduled as holding unsecured claims against various of the Debtors (the "<u>Highland and Kross GUCs</u>");

**WHEREAS**, the Non-Debtor Pharmacies have been scheduled as holding unsecured claims against various of the Debtors (the "<u>Non-Debtor Pharmacies GUCs</u>");

**WHEREAS**, on April 2-5, 2019, the Debtors filed in the Bankruptcy Court a number of adversary proceedings seeking to avoid and recover various allegedly wrong-payor fraudulent transfers and preferential transfers (Adv. Proc. Nos. 19-3374 through 19-3394, and 19-3398 through 19-3433) (collectively, the "<u>Adversary Proceedings</u>");

**WHEREAS**, the law firm of Cimo Mark Mark PLLC is representing the Debtors in certain

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Uplift Rx, LLC (9306); Belle Pharmacy, LLC (0143); Alliance Medical Holdings, LLC (5945); Geneva Pharmacy, LLC (1929); Ohana Rx, LLC (1722); Benson Pharmacy, Inc. (6606); Kendall Pharmacy, Inc. (0825); Richardson Pharmacy, LLC (9566); Innovative Rx, LLC (9986); Charleston Rx, LLC (5852); On Track Rx, LLC (9021); Uinta Rx, LLC (7157); Goodman Pharmacy, LLC (9373); BrooksideRx, LLC (5927); Osceola Clinic Pharmacy, LLC (4886); Oak Creek Rx, LLC (9722); Waverly Pharmacy, LLC (7342); Newton Rx, LLC (9510); Lone Peak Rx, LLC (5973); Improve Rx, LLC (9120); New Jersey Rx, LLC (0035); Berkshire Pharmacy, LLC (9197); Health Saver Rx, LLC (7810); Best Rx, LLC (0346); Delaney Pharmacy, LLC (7497); New Life Pharmacy, LLC (8292); Skyline Health Services, LLC (6876); Stonybrook Pharmacy, LLC (7700); Woodward Drugs, LLC (2385); Bridgestone Pharmacy, LLC (5294); Brookhill Pharmacy, LLC (5296); Burbank Pharmacy, LLC (5227); Canyons Pharmacy, LLC (1744); Cheshire Pharmacy, LLC (6370); Conoly Pharmacy, LLC (0367); Cottonwood Pharmacy, LLC (5131); Galena Pharmacy, LLC (0672); Garnett Pharmacy, LLC (6505); Hawthorne Pharmacy, LLC (5345); Hazelwood Pharmacy, LLC (1088); Medina Pharmacy, LLC (8987); Raven Pharmacy, LLC (5671); Glendale Square Rx, Inc. (1022); Lockeford Rx, Inc. (1853); Pinnacle Pharmacy Solutions, LLC (9760); Riverfront Rx, LLC (7152); Riverbend Prescription Services, LLC (1862); Raven Pharmacy Holdings, LLC (2464); Bridgestone Pharmacy Holdings, LLC (2840); Crestwell Pharmacy Holdings, LLC (1503); Galena Pharmacy Holdings, LLC (8069); Geneva Rx Holdings, LLC (8247); Hawthorne Rx Holdings, LLC (9531); Woodward Rx Holdings, LLC (2173); Philadelphia Pharmacy Holdings, LLC (8526); Health Rx Holdings, LLC (0909); Canyon Medical, LLC (4915); Alliance Medical Administration, Inc. (2899); Ollin Pharmaceutical, LLC (9815); Alta Distributors, LLC (7407); Eat Great Café, LLC (2314); Alliance Health Networks, LLC (1815) . The Debtors' mailing address is Uplift Rx, LLC, 15462 FM 529, Houston, TX 77095.

of the Adversary Proceedings (Adv. Proc. 19-3374-3378, 19-3398, 19-3404, 19-3427, 19-3428) (collectively, the "CMM Proceedings") (the Adversary Proceedings less the CMM Proceedings shall be referred to as the "Non-CMM Proceedings");

**WHEREAS**, the Adversary Proceedings included an adversary proceeding against Highland (Adv. Proc. No. 19-3432) (the "Highland AP") and an adversary proceeding against Kross (Adv. Proc. No. 19-3430) (the "Kross AP");

**WHEREAS**, the Debtors filed their *Joint Plan of Liquidation Under Chapter 11 of the Bankruptcy Code of Uplift Rx, LLC and Its Debtor Affiliates* (Doc. No. 1124), as supplemented by the *Plan Supplement* (Doc. No. 1153) (the "Plan")[2];

**WHEREAS**, on April 15, 2019, the Court held a hearing on, and approved, the Debtors' *Amended Disclosure Statement Pursuant to 11 U.S.C. § 1125 for Chapter 11 Plan of Liquidation of Uplift Rx, LLC and Affiliated Debtors* (Doc. No. 1085, as corrected by Doc. No. 1126) (the "Disclosure Statement");

**WHEREAS**, on June 7, 2019, the Court entered its *Order (I) Approving Disclosure Statement and Form an Manner of Service Related Thereto; (II) Setting Dates for the Objection Deadline and Hearing Related to Confirmation of the Plan; and (III) Authorizing Related Relief* (Doc. No. 1118) (the "Order Approving Disclosure Statement"), which among other things scheduled a hearing to consider confirmation of the Amended Plan for July 11, 2019 (the "Confirmation Hearing");

**WHEREAS**, on June 27, 2019, Highland and Kross filed their *Application Pursuant to Sections 503(b)(3)(D) and 503(B)(4) of the Bankruptcy Code for Allowance and Payment of Administrative Expense Incurred in Making a Substantial Contribution* (Doc. No. 1148) (the "Highland/Kross Administrative Claim") seeking an administrative expense claim in the amount of $402,949.50 plus the costs and attorneys' fees for pursuing that administrative expense claim;

**WHEREAS**, on June 27, 2019, the Non-Debtor Pharmacies filed a *Motion for Administrative Claim* (Doc. No. 1147) (the "Non-Debtor Pharmacies' Administrative Claim") seeking an administrative expense claim in the amount of at least $2,874,265 plus the costs and attorneys' fees for pursuing that administrative expense claim;

**WHEREAS**, on July 2, 2019, Highland and Kross filed an objection to confirmation of the Debtors' Amended Plan (Doc. No. 1155) (the "Confirmation Objection");

**WHEREAS**, as July 11, 2019, the Bankruptcy Court continued the Confirmation Hearing, and all other matters scheduled for July 11, 2019 to August 5, 2019;

**WHEREAS,** Highland and Kross have representing that they are no longer operating and have no material assets; and

**WHEREAS**, thereafter, the Parties negotiated the agreement set forth herein in order to

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan.

avoid protracted and costly litigation, and in order to settle all matters arising from and related to confirmation of Plan, the Highland/Kross and Non-Debtor Pharmacies' Administrative Claims and any future administrative claims asserted by the Settling Creditors, the Highland AP, and the Kross AP.

**NOW THEREFORE,** in consideration of the foregoing, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties, intending to be legally bound, hereby agree as follows:

## AGREEMENT

1.   <u>Recitals.</u>  The Parties agree that the above recitals are true and correct and are incorporated herein.

2.   <u>Settlement Payment</u>.  The Debtors shall pay the Highland and Kross a total of $425,000 (the "Settlement Payment") in full settlement of the Highland/Kross and Non-Debtor Pharmacies' Administrative Claims and as consideration for the other terms and conditions of this Agreement, within ten (10) business days after the Effective Date of the Plan. Should the Debtors' fail to pay the Settlement Payment by the Effective Date of the Plan, then the Liquidating Trust shall be liable to pay the Settlement Payment in accordance with timing set forth herein.  The Debtors' payment to Highland and Kross shall be made prior to the transfer of the Debtors' assets to the Liquidating Trust. The Debtors shall make the Settlement Payment to Snow Spence Green LLP IOLTA Account via check payable to Snow Spence Green LLP IOLTA Account delivered to Ross Spence, Snow Spence Green LLP, 2929 Allen Parkway, Suite 2800, Houston, TX 77019, or wire transfer to:

Zions Bancorporation, N.A., DBA Amegy Bank of Texas
1717 W. Loop South, Houston, TX 77027
ABA # 113011258
For Credit to
Account Name:  Snow Spence Green LLP IOLTA
IOLTA Account # 0030341878
SWIFT code: ZFNBUS55

The Settlement Payment shall not be subject to any reduction, avoidance or claw back of any kind.

3.   <u>Intent to Resolve All Disputed Matters</u>.  Immediately upon the execution of this Agreement, the Settling Creditors shall cease all efforts to prosecute any pending matters in the Bankruptcy Cases, including the Highland/Kross and Non-Debtor Pharmacies' Administrative Claims, the Confirmation Objection, and any pending matters in the Highland AP or Kross AP. To the extent this Agreement is approved by the Bankruptcy Court, the Settling Creditors shall withdraw all pending motions or requests before the Bankruptcy Court, file ballots accepting the Debtors' Plan if not already deemed to have voted to accept, and seek allowance to change their votes, it being the intent of the Parties that the Settling Creditors shall not oppose any actions currently proposed by the Debtors in the Bankruptcy Cases, other than as set forth herein, including future fee applications, and shall support confirmation of the Debtors' Plan.  Further, the Settling

3

Creditors and their professionals shall not seek any further applications for claims, administrative or otherwise, for substantial contribution relating to the Plan.

4. <u>Dismissal of Highland AP and Kross AP</u>.  Within five (5) business days after the date on which the Bankruptcy Court approves this Agreement, the Debtors shall dismiss the Highland AP and the Kross AP with prejudice.

5. <u>Substitution of Counsel in Non-CMM Adversary Proceedings</u>.  Subject to the Bankruptcy Court's approval of this Agreement and a subsequent application to employ, the Debtors have agreed to retain the law firm of Snow Spence Green LLP ("SSG") to prosecute all Non-CMM Adversary Proceedings on a contingency-fee basis, such that the Debtors shall receive 65% of all proceeds of each such proceeding, and SSG shall receive 35% of all proceeds of each such proceeding.   Debtors' counsel and the Chapter 11 Trustee shall use reasonable efforts to cooperate with SSG in the transition of the Non-CMM Adversary Proceedings to SSG, including turning over all books and records relating to the transfers in the Non-CMM Adversary Proceedings, communications with the defendants, and assisting with discovery as necessary.

6. <u>Release of the Debtors, Committee, and Trustee</u>.  Effective as of the date of the Bankruptcy Court order approving this Agreement, the Settling Creditors release, waive, and discharge the Debtors, the Chapter 11 Trustee, and the Official Committee of Unsecured Creditors, their respective affiliates, partners, investors, officers, directors, employees, agents, attorneys, representatives, successors and assigns, from all claims, demands, losses, expenses, attorneys' fees, suits, actions, causes of action, known or unknown, suspected or unsuspected, fixed or contingent, at law or in equity, administrative or otherwise, arising under or related to Debtors' pre-petition business operations the Bankruptcy Cases, the Adversary Proceedings or otherwise arising prior to the Effective Date of this Agreement. Notwithstanding the foregoing, Highland and Kross shall retain their claims under the Highland/Kross GUCs and El Dorado, Baytree and Alameda shall retain their claims under the Non-Debtor Pharmacies GUCs.

7. <u>Release of the Settling Creditors.</u>  Effective as of the date of the Bankruptcy Court order approving this Agreement, the Debtors release, waive, and discharge the Settling Creditors, their affiliates, partners, investors, officers, directors, employees, agents, attorneys, representatives, successors and assigns, from all claims, demands, losses, expenses, attorneys' fees, suits, actions, causes of action, known or unknown, suspected or unsuspected, fixed or contingent, at law or in equity, administrative or otherwise, arising under or related to Debtors' pre-petition business operations the Bankruptcy Cases, the Adversary Proceedings or otherwise arising prior to the Effective Date of this Agreement.

8. <u>Highland/Kross GUCs</u>.  The Highland/Kross GUCs shall be deemed to be allowed unsecured claims under the Debtors' Plan.

9. <u>Non-Debtor Pharmacies GUCs</u>. The Non-Debtor Pharmacies GUCs shall be deemed to be allowed unsecured claims under the Debtors' Plan.

10. <u>Bankruptcy Court Approval</u>.  This Agreement is expressly conditioned upon and subject to the Bankruptcy Court's approval of this Agreement, which all Parties shall use their best

efforts to obtain.   In the event the Bankruptcy Court does not approve this Agreement, it shall become null and void and the parties will jointly seek an extension of the confirmation hearing date and the dates for filing further motions and responses.

        11.    <u>No Admission.</u> The Parties acknowledge that this Agreement is a compromise of disputed claims and is not an admission or acknowledgement of liability or responsibility by the Parties.

        12.    <u>Entire Agreement</u>.  The Parties understand and agree that this Agreement sets forth the full and complete agreement of the Parties, that no statement or representation, other than those contained herein, have been made or relied upon by the undersigned as an inducement for executing this Agreement.

        13.    <u>Governing Law</u>.  The laws of the state of Texas shall govern the interpretation and enforcement of this Agreement.

        14.    <u>Interpretation of Agreement.</u>  The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not for or against any of the Parties.  This Agreement has been drafted by all Parties, so that the rule of construction in favor of the non-drafting party shall not apply.

        15.    <u>Prevailing Party Attorneys' Fees and Costs</u>.  In the event of any dispute or legal proceeding arising out of or in connection with the interpretation or enforcement of this Agreement, the prevailing party shall be paid, and in the event of a legal proceeding shall be awarded, reasonable costs, expenses and attorneys' fees.

        16.    <u>No Assignment</u>.  All Parties represent and warrant that they have not assigned or transferred or attempted to assign or transfer to any person or entity any claim or obligation which is released herein.  All Parties further agree to indemnify and hold every other Party hereto harmless with respect to any claim, demand, damages, liability, cost of expense (including attorneys' fees, litigation-related expenses and costs) arising out of or in connection with any such purported or actual transfer or assignment by that Party.

        17.    <u>Execution in Counterparts</u>.  This Agreement may be executed in counterparts and all counterparts so executed shall constitute one Agreement which shall be binding on the Parties. All signatures of the Parties to this Settlement may be transmitted by facsimile or by electronic mail, and such transmission will, for all purposes, be deemed to be the original signature of such Party whose signature it reproduces, and will be binding upon such Party.

        18.    <u>Jurisdiction.</u>  The Bankruptcy Court will retain jurisdiction to enforce and interpret this Agreement.

        19.    <u>Authority to Bind.</u>  The Parties each warrant that they have the authority to enter into this Agreement.  To the extent this Agreement is signed by counsel for any of the Parties, counsel is representing that he or she has express authority to bind the applicable client.

4832-9057-1420.2

20.    <u>Successors and Assigns</u>. The provisions of the Settlement shall be binding on the Parties and their successors, heirs, and assigns and shall inure to the benefit of the Parties and their successors and assigns.

*The remainder of this page is intentionally blank.  A signature page follows.*

6

**IN WITNESS WHEREOF,** the Parties have duly executed the Agreement effective as of the date first written above:

| | |
|---|---|
| **HIGHLAND WHOLESALE, LLC** | **THE DEBTORS (as defined herein)** |
| By:*/s/ Ross Spence*_____ | By: */s/ Ronald Glass*_____ |
| As its: _Counsel_____ | As its: Chapter 11 Trustee_____ |
| Date: July 15, 2019_____ | Date: July 15, 2019_____ |
| | |
| **KROSS PHARMACEUTICALS, LLC** | **BAYTREE PHARMACY, LLC** |
| By:*/s/ Ross Spence*_____ | By:*/s/ Ross Spence*_____ |
| As its: _Counsel_____ | As its: _Counsel_____ |
| Date: July 15, 2019_____ | Date: July 15, 2019_____ |
| **ALAMEDA PHARMACY, LLC** | **EL DORADO PHARMACY, LLC** |
| By:*/s/ Ross Spence*_____ | By:*/s/ Ross Spence*_____ |
| As its: _Counsel_____ | As its: _Counsel_____ |
| Date: July 15, 2019_____ | Date: July 15, 2019_____ |

4816-6469-0076.4
DRAFT

4832-9057-1420.2

**EXHIBIT B**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **IN RE:** | **CASE NO.: 17-32186** |
| **UPLIFT RX, LLC** [3] | **CHAPTER 11** |
| **Debtor(s).** | **Jointly Administered** |

**ORDER GRANTING DEBTORS' MOTION PURSUANT TO FEDERAL RULE**
**BANKRUPTCY PROCEDURE 9019 FOR ENTRY OF ORDER APPROVING**
**SETTLEMENT AGREEMENT WITH (1) HIGHLAND WHOLESALE, LLC,**
**(2) KROSS PHARMACEUTICALS, LLC, (3) ALAMEDA PHARMACY LLC,**
**(4) EL DORADO PHARMACY, LLC, AND (5) BAYTREE PHARMACY LLC**

THIS MATTER came on for hearing on August 5, 2019, (the "Hearing") on the *Debtors'*

*Motion Pursuant to Federal Rule of Bankruptcy Procedure 9019 for Entry of Order Approving*

*Settlement Agreement with (1) Highland Wholesale, LLC, (2) Kross Pharmaceuticals, LLC, (3)*

---

[3] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Uplift Rx, LLC (9306); Belle Pharmacy, LLC (0143); Alliance Medical Holdings, LLC (5945); Geneva Pharmacy, LLC (1929); Ohana Rx, LLC (1722); Benson Pharmacy, Inc. (6606); Kendall Pharmacy, Inc. (0825); Richardson Pharmacy, LLC (9566); Innovative Rx, LLC (9986); Charleston Rx, LLC (5852); On Track Rx, LLC (9021); Uinta Rx, LLC (7157); Goodman Pharmacy, LLC (9373); BrooksideRx, LLC (5927); Osceola Clinic Pharmacy, LLC (4886); Oak Creek Rx, LLC (9722); Waverly Pharmacy, LLC (7342); Newton Rx, LLC (9510); Lone Peak Rx, LLC (5973); Improve Rx, LLC (9120); New Jersey Rx, LLC (0035); Berkshire Pharmacy, LLC (9197); Health Saver Rx, LLC (7810); Best Rx, LLC (0346); Delaney Pharmacy, LLC (7497); New Life Pharmacy, LLC (8292); Skyline Health Services, LLC (6876); Stonybrook Pharmacy, LLC (7700); Woodward Drugs, LLC (2385); Bridgestone Pharmacy, LLC (5294); Brookhill Pharmacy, LLC (5296); Burbank Pharmacy, LLC (5227); Canyons Pharmacy, LLC (1744); Cheshire Pharmacy, LLC (6370); Conoly Pharmacy, LLC (0367); Cottonwood Pharmacy, LLC (5131); Galena Pharmacy, LLC (0672); Garnett Pharmacy, LLC (6505); Hawthorne Pharmacy, LLC (5345); Hazelwood Pharmacy, LLC (1088); Medina Pharmacy, LLC (8987); Raven Pharmacy, LLC (5671); Glendale Square Rx, Inc. (1022); Lockeford Rx, Inc. (1853); Pinnacle Pharmacy Solutions, LLC (9760); Riverfront Rx, LLC (7152); Riverbend Prescription Services, LLC (1862); Raven Pharmacy Holdings, LLC (2464); Bridgestone Pharmacy Holdings, LLC (2840); Crestwell Pharmacy Holdings, LLC (1503); Galena Pharmacy Holdings, LLC (8609); Geneva Rx Holdings, LLC (8247); Hawthorne Rx Holdings, LLC (9531); Woodward Rx Holdings, LLC (2173); Philadelphia Pharmacy Holdings, LLC (8526); Health Rx Holdings, LLC (0909); Canyon Medical, LLC (4915); Alliance Medical Administration, Inc. (2899); Ollin Pharmaceutical, LLC (9815); Alta Distributors, LLC (7407); Eat Great Café, LLC (2314); Alliance Health Networks, LLC (1815) . The Debtors' mailing address is Uplift Rx, LLC, 15462 FM 529, Houston, TX 77095.

*Alameda Pharmacy, LLC, (4) El Dorado Pharmacy, LLC, and (5) Baytree Pharmacy, LLC* (Doc. No. _____) (the "Motion").[4]   After considering the record in this case, the Motion, and the arguments of counsel at the Hearing, the Court finds it appropriate to grant the Motion. Accordingly, it is

ORDERED:

1.      The Motion is granted.

2.      Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019(a), the proposed settlement and the Settlement Agreement are approved in their entirety.

3.      The parties to the Settlement Agreement are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

4.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

DATED _____, 2019


_____
Marvin Isgur
United States Bankruptcy Judge

4812-3215-1964.3

---

[4] Capitalized terms used herein but not otherwise defined shall have the meaning ascribed to such terms in the Motion.

10