## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| IN RE: | CASE NO.: 17-32186 |
| UPLIFT RX, LLC [1] | CHAPTER 11 |
| Debtor(s). | Jointly Administered |

### ORDER CONFIRMING *AMENDED JOINT PLAN OF LIQUIDATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE OF UPLIFT RX, LLC AND ITS DEBTOR AFFILIATES*

On August 5, 2019, the Bankruptcy Court[2] held the a continued Confirmation Hearing to consider confirmation of the *Amended Joint Plan of Liquidation Under Chapter 11 of the Bankruptcy Code of Uplift Rx, LLC and Its Debtor Affiliates* [Doc. No. 1124] as supplemented by the *Plan Supplement* [Doc. No. 1153] (and as further supplemented, amended, or modified, the "Plan"), filed by the above-captioned Debtors by and through their duly appointed Chapter 11 Trustee, Ronald Glass (the "Debtors" and the "Trustee," respectively).

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Uplift Rx, LLC (9306); Belle Pharmacy, LLC (0143); Alliance Medical Holdings, LLC (5945); Geneva Pharmacy, LLC (1929); Ohana Rx, LLC (1722); Benson Pharmacy, Inc. (6606); Kendall Pharmacy, Inc. (0825); Richardson Pharmacy, LLC (9566); Innovative Rx, LLC (9986); Charleston Rx, LLC (5852); On Track Rx, LLC (9021); Uinta Rx, LLC (7157); Goodman Pharmacy, LLC (9373); BrooksideRx, LLC (5927); Osceola Clinic Pharmacy, LLC (4886); Oak Creek Rx, LLC (9722); Waverly Pharmacy, LLC (7342); Newton Rx, LLC (9510); Lone Peak Rx, LLC (5973); Improve Rx, LLC (9120); New Jersey Rx, LLC (0035); Berkshire Pharmacy, LLC (9197); Health Saver Rx, LLC (7810); Best Rx, LLC (0346); Delaney Pharmacy, LLC (7497); New Life Pharmacy, LLC (8292); Skyline Health Services, LLC (6876); Stonybrook Pharmacy, LLC (7700); Woodward Drugs, LLC (2385); Bridgestone Pharmacy, LLC (5294); Brookhill Pharmacy, LLC (5296); Burbank Pharmacy, LLC (5227); Canyons Pharmacy, LLC (1744); Cheshire Pharmacy, LLC (6370); Conoly Pharmacy, LLC (0367); Cottonwood Pharmacy, LLC (5131); Galena Pharmacy, LLC (0672); Garnett Pharmacy, LLC (6505); Hawthorne Pharmacy, LLC (5345); Hazelwood Pharmacy, LLC (1088); Medina Pharmacy, LLC (8987); Raven Pharmacy, LLC (5671); Glendale Square Rx, Inc. (1022); Lockeford Rx, LLC (1853); Pinnacle Pharmacy Solutions, LLC (9760); Riverfront Rx, LLC (7152); Riverbend Prescription Services, LLC (1862); Raven Pharmacy Holdings, LLC (2464); Bridgestone Pharmacy Holdings, LLC (2840); Crestwell Pharmacy Holdings, LLC (1503); Galena Pharmacy Holdings, LLC (8609); Geneva Rx Holdings, LLC (8247); Hawthorne Rx Holdings, LLC (9531); Woodward Rx Holdings, LLC (2173); Philadelphia Pharmacy Holdings, LLC (8526); Health Rx Holdings, LLC (0909); Canyon Medical, LLC (4915); Alliance Medical Administration, Inc. (2899); Ollin Pharmaceutical, LLC (9815); Alta Distributors, LLC (7407); Eat Great Café, LLC (2314); Alliance Health Networks, LLC (1815) . The Debtors' mailing address is Uplift Rx, LLC, 15462 FM 529, Houston, TX 77095.

[2] Capitalized terms used but not defined herein shall have the meaning given to them in the Plan and Disclosure Statement (as such terms are defined in this Order).

On April 15, 2019, the Debtors filed their *Amended Disclosure Statement, Pursuant to 11 U.S.C. § 1125, for Chapter 11 Plan of Liquidation of Uplift Rx, LLC and its Affiliated Debtors* [Doc. No. 1085] ("Disclosure Statement").  On June 10, 2019, the Debtors filed their *Amended Joint Plan of Liquidation Under Chapter 11 of the Bankruptcy Code of Uplift Rx, LLC and Its Debtor Affiliates* [Doc. No. 1124].

On April 25, 2019, the Bankruptcy Court entered its *Order Granting Debtors' Emergency Motion to Establish Administrative and Priority Claims Bar Dates* [Doc. No. 1093] (the "Bar Date Order"), which among other things: (a) established 30 days after the Effective Date of the Plan as the deadline to file any claim for fees and costs by a professional advisor retained by the Debtors, the Trustee, or the Official Committee of Unsecured Creditors in these cases  ("Professional Fee Claim," "Professional Fee Claims Bar Date," and the "Committee," respectively); and (b) established June 27, 2019 as the deadline to file a claim seeking, pursuant to Bankruptcy Code § 503(b) or otherwise, a higher or superior priority than that of a general unsecured creditor (the "Administrative and Priority Claims Bar Date") except for (i) Professional Fee Claims, (ii) Administrative Claims incurred and paid by the Debtors in the ordinary course of business on and after such Debtor's Petition Date, (iii) Administrative Claims that have been allowed by Court order prior to April 25, 2019, (iv) fees payment by the Debtors pursuant to 28 U.S.C. § 1930 or any interest accruing thereto, or (v) claims that are entitled to priority pursuant to 11 U.S.C. § 507(a)(8)).

On June 7, 2019, the Bankruptcy Court entered its *Order Approving Disclosure Statement and the Form and Manner of Services Related Thereto; (II) Setting Dates for the Objection Deadline and Hearing Relating to Confirmation of the Plan; and (III) Authorizing Related Relief* [Doc. No. 1118] ("Disclosure Statement Order").  Among other things, the

Disclosure Statement Order approved, on a final basis, the Debtors' Disclosure Statement and scheduled the Confirmation Hearing for July 11, 2019 (the "Confirmation Hearing").

On June 27, 2019, the Debtors filed its *Plan Supplement* [Doc. No. 1153] ("Plan Supplement"), which included a form of the Liquidating Trust Agreement (as the same may be modified, supplemented or amended, the "Liquidating Trust Agreement"), and designated Mark Shapiro as the Liquidating Trustee ("Liquidating Trustee").

On July 11, 2019, the Bankruptcy Court continued to Confirmation Hearing to August 5, 2019.

In support of Confirmation of the Plan, the Debtors filed, among other things, the *Declaration of Voting Agent Regarding Solicitation and Tabulation of Votes in Connection with the Debtors' First Amended Joint Plan of Liquidation, Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 1161] (the "BMC Declaration" of the "Balloting Agent"). The BMC Declaration was later amended to reflect additional late filed ballots accepted by the Court as reflected in the Notice of Filing Projected Amended Ballot Tabulation filed on August 5, 2019 (Doc. No. 1230).

Based upon the Bankruptcy Court's review of, among other things, (i) the Plan, (ii) the Plan Supplement, including the Liquidating Trust Agreement, (iii) the BMC Declaration, (iv) objections to Confirmation of the Plan, the Debtors' responses to the same, and settlements announced on the record at the Confirmation Hearing in connection with same, (v) exhibits admitted and other evidence presented or proffered at the Confirmation Hearing, (vi) representations and arguments of counsel at the Confirmation Hearing, (vii) the docket of the Bankruptcy Case, and (viii) other relevant factors affecting these Bankruptcy Cases, the Bankruptcy Court makes the following findings of fact and conclusions of law, and issues this

Confirmation Order.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW[3]

### Jurisdiction and Venue

A.     <u>Jurisdiction; Venue; Core Proceeding</u>. The Bankruptcy Court has jurisdiction over this Case pursuant to 28 U.S.C. §§157 and 1334. Venue in the Bankruptcy Court is proper under 28 U.S.C. §§1408 and 1409. The Debtors are and were qualified to be debtors under Bankruptcy Code §109. This matter constitutes a core proceeding under 28 U.S.C. §157(b)(2), including those proceedings set forth in subsections (b)(2)(A), (B), (G), (I), (K), (L), (M), and (O), and the Bankruptcy Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

### Notice, Solicitation and Acceptance

B.     <u>Service of Solicitation Materials and Notices</u>.   As evidenced by certificates of service filed on the docket of these Bankruptcy Cases, all appropriate pleadings, notices, and Ballots were transmitted, mailed, and served to the extent required by the Disclosure Statement Order and Bankruptcy Rule 3017(d). The Balloting Agent mailed, by first class mail, either in paper  form or on a compact disc: (a) a copy of the Disclosure Statement Order; (b) a copy of the Disclosure Statement; (c) a copy of the Plan; (d) a Notice of Confirmation Hearing; (e) an appropriate Ballot; and (f) a self-addressed return envelope (collectively, the "<u>Solicitation Package</u>") to Holders of all Claims and Equity Interests.

C.     <u>Adequate Notice of Confirmation Hearing</u>. In accordance with Bankruptcy

---

[3] The findings and conclusions set forth in this Confirmation Order, together with any findings of fact and conclusions of law set forth in the record of the Confirmation Hearing, constitute the Bankruptcy Court's findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52, made applicable to these proceedings pursuant to Bankruptcy Rules 7052 and 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

Rules 2002, 3018, 3019, 6004, 6006, 9007 and 9014, and the Disclosure Statement Order, adequate notice of the time for filing objections to Confirmation of the Plan and the authorizations and transfers contemplated thereby and adequate notice of the Confirmation Hearing was provided to all holders of Claims and Equity Interests and other parties in interest entitled to receive such notice under the Bankruptcy Code and the Bankruptcy Rules. No other or further notice of the Confirmation Hearing or Confirmation of the Plan is necessary or required.

D.    <u>Adequate Notice of Plan Supplement</u>.  Prior to the Confirmation Hearing, the Debtors filed the Plan Supplement, including the Liquidating Trust Agreement.  The Plan Supplement complies with the terms of the Plan, and the filing and notice of the Plan Supplement was appropriate and complied with the requirements of the Bankruptcy Code and the Bankruptcy Rules, and no other or further notice is or shall be required.  The Debtors are authorized to modify the Plan Supplement and Liquidating Trust Agreement following entry of this Confirmation Order in accordance with section 1127 of the Bankruptcy Code.

E.    <u>Good Faith Solicitation (11 U.S.C. §1125(e))</u>.  Based on the record, the Debtors, the Trustee and their respective employees, managers, members, attorneys, affiliates, agents, and professionals (including but not limited to their attorneys, financial advisors  accountants, solicitation agents, and other professionals that have been retained by such parties) (collectively, the "<u>Plan Parties</u>") have acted in "good faith" within the meaning of Bankruptcy Code §1125(e) and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Disclosure Statement Order and applicable non-bankruptcy law in connection with all of their respective activities relating to (1) the solicitation of acceptances or rejections of the Plan, (2) the offer, sale, issuance and  distribution of the Liquidating Trust Beneficial Interests under the Plan,

and (3) their participation in the other activities described in Bankruptcy Code § 1125.  For the avoidance of doubt, the "Plan Parties" do not include any party that is or becomes a defendant in the New Jersey Actions (as defined below).  Votes for acceptance and rejection of the Plan were solicited in good faith and in compliance with Bankruptcy Code §§ 1125 and 1126, Bankruptcy Rules 3017 and 3018, the Disclosure Statement, the Disclosure Statement Order, all other applicable provisions of the Bankruptcy Code and all other applicable rules, laws and regulations. In addition, all procedures used to distribute the Solicitation Package to holders of Claims and Equity Interests were fair, and conducted in accordance with the Bankruptcy Code, the Rules, the Local Rules, and all other applicable rules, laws and regulations. Therefore, the Plan Parties are entitled to the full protections afforded by Bankruptcy Code § 1 125(e).

### Compliance with Bankruptcy Code § 1129

F.     <u>The Debtors have satisfied their burden of proof</u>.     Debtors, as the plan proponents, have the burden to prove the requirements for confirmation by a preponderance of the evidence.[4]  Based on the findings and conclusions set forth herein, all other pleadings, documents, exhibits, statements, declarations and affidavits filed in connection with Confirmation of the Plan and all evidence and arguments made, proffered or adduced at the Confirmation Hearing, the Debtors have satisfied their burden of proof as to Confirmation of the Plan, and the Plan satisfies all requirements for confirmation set forth in Bankruptcy Code § 1129.

G.     <u>Plan Compliance with Bankruptcy Code (11 U.S.C. §1129(a)(1))</u>. The Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying Bankruptcy Code  §1129(a)(l).

---

[4] *See Heartland Fed. Sav. & Loan Ass'n v. Briscoe Enters. (In re Briscoe Enters., Ltd., II*), 994 F.2d 1160, 1163-65 (5th Cir. 1993) (recognizing that "preponderance of the evidence is the debtor's appropriate standard of proof both under § 1129(a) and in a cram down").

a. <u>Plan Compliance with Bankruptcy Code §1122</u>.    The Plan complies with the classification requirements of the Bankruptcy Code. Classification of claims and interests is governed by Bankruptcy Code §1122, which provides that "a plan may place a claim or interest in a particular class only if such claim or interest is substantially similar to the other claims or interests of such class." 11 U.S.C. § 1122(a). This section does not require that claims or interests within a particular class be identical.[5] A plan proponent has flexibility in classifying claims, so long as the proponent has some reasonable basis for the classification or the creditor agrees to it.[6]

b. Under the Plan, the Claims or Equity Interests within each Class are substantially similar to the other Claims or Equity Interests within that Class. In addition to Administrative Claims, Priority Tax Claims, and Professional Fee Claims, which need not be classified, the Plan classifies Claims and Equity Interests as follows:

---

[5] *In re DRW Property Co.,* 60 B.R. 505, 511 (Bankr. N.D. Tex. 1986); *see also Phoenix Mut. Life Ins. Co. v. Greystone Ill Joint Venture (In re Greystone 111 Joint Venture),* 995 F.2d 1274, 1278-79 (5th Cir. 1991) ("A fair reading of both subsections [of section 1122] suggests that ordinarily 'substantially similar claims,' those which share common priority and rights against the debtor's estate, should be placed in the same class").

[6] *See In re Jersey City Med. Center,* 817 F.2d 1055, 1060-61 (3d Cir. 1987) ("Congress intended to afford bankruptcy judges broad discretion [under section 1122 of the Bankruptcy Code] to decide the propriety of plans in light of the facts of each case."). *A* plan proponent cannot "classify similar claims differently in order to gerrymander an affirmative vote on a reorganization plan," but there may be good business reasons to support separate classification. *In re Briscoe Enterprises.,* 994 F.2d at 1167 (quotations omitted); *see also In re The Heritage Org., L.L.C.,* 375 B.R. 230, 288 (Bankr. N.D. Tex. 2007) ("Substantially similar claims must be classified together unless some reason, other than gerrymandering, exists for separating them").

| **Class** | **Designation** | **Impairment** | **Entitled to Vote** |
|---|---|---|---|
| Class 1 | Priority Non-Tax Claims | Unimpaired | No (deemed to accept) |
| Class 2 | Zions Bank Claims | Unimpaired | No (deemed to accept) |
| Class 3 | Ad Valorem Tax Claims | Unimpaired | No (deemed to accept) |
| Class 4 | RA Health Claim Against Uplift Rx, LLC | Impaired | Yes |
| Class 5 | Unsecured Claims against the Corporate Debtors | Impaired | Yes |
| Class 6 | Uplift Rx, LLC | Impaired | Yes |
| Class 7 | Belle Pharmacy, LLC | Impaired | Yes |
| Class 8 | Benson Pharmacy, LLC | Impaired | Yes |
| Class 9 | Bridgestone Pharmacy, LLC | Impaired | Yes |
| Class 10 | Brookhill Pharmacy, LLC | Impaired | Yes |
| Class 11 | Brookside Rx, LLC | Impaired | Yes |
| Class 12 | Canyon Medical, LLC | Impaired | Yes |
| Class 13 | Charleston Rx, LLC | Impaired | Yes |
| Class 14 | Cheshire Pharmacy, LLC | Impaired | Yes |
| Class 15 | Conoly Pharmacy, LLC | Impaired | Yes |
| Class 16 | Cottonwood Pharmacy, LLC | Impaired | Yes |
| Class 17 | Delaney Pharmacy, LLC | Impaired | Yes |
| Class 18 | Galena Pharmacy, LLC | Impaired | Yes |
| Class 19 | Garnett Pharmacy, LLC | Impaired | Yes |
| Class 20 | Geneva Pharmacy, LLC | Impaired | Yes |
| Class 21 | Glendale Square Rx, Inc. | Impaired | Yes |
| Class 22 | Goodman Pharmacy, LLC | Impaired | Yes |
| Class 23 | Hawthorne Pharmacy, LLC | Impaired | Yes |
| Class 24 | Hazelwood Pharmacy, LLC | Impaired | Yes |
| Class 25 | Health Saver Rx, LLC | Impaired | Yes |
| Class 26 | Improve Rx, LLC | Impaired | Yes |
| Class 27 | Innovative Rx, LLC | Impaired | Yes |
| Class 28 | Kendall Pharmacy, LLC | Impaired | Yes |
| Class 29 | Lockeford Rx, Inc. | Impaired | Yes |
| Class 30 | Lone Peak Rx, LLC | Impaired | Yes |
| Class 31 | Medina Pharmacy, LLC | Impaired | Yes |
| Class 32 | New Jersey Rx, LLC | Impaired | Yes |
| Class 33 | Newton Rx, LLC | Impaired | Yes |
| Class 34 | Oak Creek Rx, LLC | Impaired | Yes |
| Class 35 | Ohana Rx, Inc. | Impaired | Yes |
| Class 36 | On Track Rx, LLC | Impaired | Yes |
| Class 37 | Osceola Clinic Pharmacy, LLC | Impaired | Yes |
| Class 38 | Raven Pharmacy, LLC | Impaired | Yes |
| Class 39 | Richardson Pharmacy, LLC | Impaired | Yes |

| Class 40 | Riverbend Prescription Services, Inc. | Unimpaired | No |
|----------|------------------------|------------|-----|
| Class 41 | Stonybrook Pharmacy, LLC | Impaired | Yes |
| Class 42 | Uinta Rx, LLC | Impaired | Yes |
| Class 43 | Waverly Pharmacy, LLC | Impaired | Yes |
| Class 44 | Woodward Drugs, LLC | Impaired | Yes |
| Class 45 | Equity Interests in the Debtors | Impaired | No (deemed to reject) |

    c.   Valid business, legal, and factual reasons exist for the separate classification of each of these Classes of Claims and Equity Interests, and there is no unfair discrimination or gerrymandering between or among the holders of Claims and Equity Interests.

    d.   In sum, all Claims and Equity Interests within each Class under the Plan are substantially similar and are afforded equal and reasonable treatment, or the claimant has agreed to the classification. Accordingly, the classification of Claims and Equity Interests under the Plan satisfies the requirements of Bankruptcy Code § 1122.

    e.   The Plan Complies with Bankruptcy Code §1123. In accordance with Bankruptcy Code § 1123(a), the Plan: (1) designates Classes of Claims and Equity Interests, other than Claims of a kind specified in Bankruptcy Code §§ 507(a)(2), 507(a)(3), 507(a)(8); (2) specifies Classes of Claims and Equity Interests that are not Impaired under the Plan; (3) specifies the treatment of Classes of Claims and Equity Interests that are Impaired under the Plan; (4) provides the same treatment for each Claim or Equity Interest of a particular Class, unless the holder of a particular Claim or Equity Interest agrees to less favorable treatment of their respective Claim or Equity Interest; (5) provides

for adequate means for the Plan's implementation; (6) is a liquidating plan and accordingly (a) provides for the cancelation, termination, and extinguishment of the Equity Interests in the Debtors, (b) does not provide that any holder of Claims, any holder of Equity Interests, or any other Person will receive equity or other interests in the Debtors or the Liquidating Trust, (c) does not provide for either the Debtors or the Liquidating Trust to issue securities other than the Beneficial Interests (which are not equity securities) to any Person, and (d) provides for the termination of all of the directors, officers, and/or managers of any of the Debtors; and (7) contains only provisions that are consistent with the interests of holders of Claims and Equity Interests and with public policy with respect to the manner of selection of the Liquidating Trustee and Liquidating Trust Committee members on and after the Effective Date. The relief provided in the Plan is fair and necessary for the orderly implementation of the Plan and the administration of the Estates.  Therefore, the Plan satisfies the requirements of Bankruptcy Code §1123(a) and (b).

H.     Debtors' Compliance with Bankruptcy Code (11 U.S.C. §1129(a)(2)).  In accordance with Bankruptcy Code § 1129(a)(2), the Debtors have complied with the applicable provisions of the Bankruptcy Code.   The Debtors are proper debtors under Bankruptcy Code § 109. The Debtors have complied with the applicable provisions of the Bankruptcy Code (including §§ 1122, 1123, 1124, 1125, 1126, and 1128), the Bankruptcy Rules (including Bankruptcy Rules 3017, 3018, and 3019), and the Disclosure Statement Order in transmitting the Plan, the Disclosure Statement, the Ballots, and all related documents and notices, and in soliciting and tabulating votes on the Plan.

M.      Votes to accept or reject the Plan were solicited by the Plan Parties after the Court approved the adequacy of the Disclosure Statement pursuant to Bankruptcy Code § 1125(a).

N.      The Plan Parties have solicited and tabulated votes on the Plan and have participated in the activities described in Bankruptcy Code § 1125 fairly, in good faith within the meaning of Bankruptcy Code § 1125(e), and in a manner consistent with the applicable provisions of the Disclosure Statement Order, the Disclosure Statement, the Bankruptcy Code, the Bankruptcy Rules, and all other applicable laws, rules, and regulations and are entitled to the protections afforded by Bankruptcy Code § 1125(e) and the exculpation provisions set forth in Section 13.4 of the Plan.

O.      The Trustee and his respective members, officers, directors, employees, advisors, attorneys, and agents have participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code with regard to the offering, issuance, and distribution of recoveries under the Plan and, therefore, are not, and on account of such distributions will not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or distributions made pursuant to the Plan, so long as such distributions are made consistent with and pursuant to the Plan.

P.      <u>Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3)).</u> To be confirmed, a plan must have been "proposed in good faith and not by any means forbidden by law." 11 U.S.C. §1129(a)(3). A plan is proposed in good faith if there is a reasonable likelihood that the plan will achieve a result consistent with the objectives and purposes of the Bankruptcy Code.[7] "The

---

[7] *In re T-H New Orleans Ltd. P'ship,* 116 F.3d at 802; *In re Madison Hotel Assocs.,* 749 F.2d 410, 424-425 (7th Cir. 1984).

requirement of good faith must be viewed in light of the totality of the circumstances surrounding the establishment of a Chapter 11 plan . . . ."[8]

Q.      The Plan is proposed in good faith and not by any means forbidden by law. The Debtors commenced these cases case with the legitimate and honest purpose of developing an orderly process to compensate legitimate claimants while maximizing value. The Plan culminates a reorganization process during which the Debtors have consistently engaged in arm's-length negotiations among entities having very different and, in many instances, competing interests, all aimed at an over-arching goal of maximizing the value of the Debtors and the recovery to holders of Claims and Equity Interests in accordance with the Bankruptcy Code. In accordance with Bankruptcy Code § 1129(a)(3), the Debtors have proposed the Plan in good faith and not by any means forbidden by law. The treatment of holders of Claims and Equity Interests contemplated by the Plan was negotiated and consummated at arm's-length, without collusion, and in good faith. In determining that the Plan has been proposed in good faith, the Bankruptcy Court has examined the totality of the circumstances surrounding the formulation of the Plan and the solicitation of votes to accept or reject the Plan. Furthermore, the Plan represents extensive arms-length negotiations among the Debtors and other parties in interest, as well as their respective legal and financial advisors, and reflects the best interests of the Debtors' Estates and holders of Claims and Equity Interests.

R.      <u>Payment for Services or Costs and Expenses (11 U.S.C. §1129(a)(4))</u>.   In accordance with Bankruptcy Code § 1129(a)(4), all payments and distributions, made or to  be made by the Debtors or the Liquidating Trustee for services or for costs and expenses in, or in connection with, the Bankruptcy Cases, or in connection with the Plan and incident to the

---

[8] *Brite* v. *Sun Country Dev. (Jn re Sun Country Dev.),* 764 F.2d 406, 408 (5th Cir. 1985); *see also In re JT Thorpe Co.,* 308 B.R. 782, 787 (Bankr. S.D. Tex. 2003).

Bankruptcy Cases, have been approved by, or are subject to approval of, the Bankruptcy Court as reasonable,  unless otherwise ordered by the Bankruptcy Court.

S.      Directors, Officers, and Insiders (11 U.S.C. §1129(a)(5)).  The Debtors have complied with Bankruptcy Code §1129(a)(5). The Persons that must be identified pursuant to Bankruptcy Code §1129(a)(5) have been identified. These provisions of the Plan are consistent with the interests of Claim and Equity Interest holders and with public policy, thereby satisfying Bankruptcy Code § 1129(a)(5).

T.      No Rate Changes (11 U.S.C. § 1129(a)(6)). The Plan does not provide for any rate change that requires regulatory approval.  Thus, Bankruptcy Code § 1129(a)(6) is satisfied.

U.      Best   Interests   of   Creditors   (11 U.S.C. § 1129(a)(7)).  Bankruptcy Code §1129(a)(7), the "best interests of creditors test," requires that, with respect to each impaired class, each holder of a claim or interest in the class:

> i.       has accepted the plan; or
>
> ii.      will receive or retain under the plan on account of such claim or interest property of a value, as of the effective date of the plan, that is not less than the amount that such holder would so receive or retain if the debtor were liquidated under chapter 7 of this title on such date.

V.      The testimony presented by the Debtors' financial adviser, Mr. Mark Shapiro of GlassRatner Advisory & Capital Group LLC, in connection with the Confirmation Hearing, and other evidence admitted at the Confirmation Hearing, establish that the requirements of Bankruptcy Code § 1129(a)(7) are satisfied by the Plan.  In accordance with Bankruptcy Code § 1129(a)(7), with respect to Classes of Impaired Claims or Impaired Equity Interests, each holder of a Claim or Equity Interest has accepted the Plan or will receive or retain under the Plan, on account of such Claim or Equity Interest, property of a value, as of the Effective Date, that is not

less than the amount that such holder would so receive or retain if the Debtors were liquidated under chapter 7 of the Bankruptcy Code on such date.

W.      Acceptance or Rejection of Certain Classes (11 U.S.C. § 1129(a)(8)).  Classes 1-3 and 41 are Unimpaired and thus is deemed to have accepted the Plan.  Classes 4-40 and 42-44 are Impaired and entitled to vote to accept or reject the Plan.   Of those Classes:(i) 36 voted to accept the Plan (collectively, the "Accepting Classes"); and 1 did not vote on the Plan (collectively, the Non-Voting Class"). The failure of the Non-Voting Class to accept the Plan does not prevent Plan Confirmation because no junior class is receiving or retaining anything of value on account of such junior Claims or Equity Interests.  Class 45 is Impaired and deemed to reject the Plan.

X.      Treatment of Administrative, Priority, and Tax Claims (11 § U.S.C. § 1129(a)(9)). The Plan's treatment of Claims of a kind specified in Bankruptcy Code §§ 507(a)(l) through (8) satisfies the requirements set forth in Bankruptcy Code § 1129(a)(9).

Y.      Acceptance by Impaired Class (11 U.S.C. § 1129(a)(10)). In accordance with Bankruptcy Code § 1129(a)(l0), the Accepting Classes are Impaired and have voted to accept the Plan without including acceptances by any insider, and thus at least one Class of Claims that is Impaired under the Plan has voted to accept the Plan, without including acceptances of the Plan by any insider.

Z.      Feasibility (11 U.S.C. § 1129(a)(11)). The evidence proffered or adduced at the Confirmation Hearing with respect to feasibility (1) is persuasive, credible, and accurate as of the dates such analysis was prepared, presented, or proffered, (2) utilizes reasonable and appropriate methodologies and assumptions, (3) has not been controverted by other evidence, (4) establishes that Confirmation of the Plan is not likely to be followed by the need

14

for further financial reorganization or liquidation of the Liquidating Trust except with respect to such liquidation proposed in the Plan. Thus, the Plan satisfies the requirements of Bankruptcy Code § 1129(a)(11).

AA.     <u>Payment of Fees (11 U.S.C. § 1129(a)(12))</u>.   In accordance with Bankruptcy Code § 1129(a)(12), to the extent that fees payable to the United States Trustee under 28 U.S.C. § 1930(a)(6) have not been paid, the Plan provides for the payment of all such fees on the Effective Date of the Plan and as they come due after the Effective Date.

BB.     <u>Continuation of Retiree Benefits (11 U.S.C. § 1129(a)(13))</u>.   In accordance with Bankruptcy Code § 1129(a)(13), the Plan does not alter retiree benefits to the extent any such benefits currently exist.

CC.     <u>Other Provisions of 11 U.S.C. § 1129(a)</u>.   The provisions of 11 U.S.C. §§ 1129(a)(14), (a)(15), and (a)(16) are not applicable to the Debtors or the Plan.

DD.     <u>Confirmation of Plan Over Nonacceptance of Impaired Class (11 U.S.C. §1129(b))</u>.   The Plan may be confirmed pursuant to Bankruptcy Code § 1129(b) notwithstanding that the requirements of Bankruptcy Code § 1129(a)(8) have not been met because the Debtors have demonstrated by a preponderance of the evidence that the Plan (a) satisfies all the other requirements of Bankruptcy Code § 1129(a) and (b) does not "discriminate unfairly" and is "fair and equitable" with respect to the non-accepting classes.

EE.     As to the Non-Voting and Rejecting Classes, the Plan does not "discriminate unfairly" because there are not other Classes comprised of Holders with comparable legal rights, because each Class shall receive its portion (if any) of the Settlement Proceeds in accordance with the Allocation Methodology, which the Court finds it an appropriate method for dividing the Settlement Proceedings between the Debtors, and will otherwise have the related Debtors'

assets transferred to the Liquidating Trust to be liquidated for the benefit of Holders of Allowed Claims related to such Class.   Moreover, the Plan is "fair and equitable" with respect to the Non-Voting and Rejecting Classes because no junior Class of Claim or Equity Interests will receive or retain any property under the Plan on account of such Claims or Equity Interests.

FF.      As to Class 45, the Bankruptcy Court finds and concludes that Class 45 is an Impaired Class of Equity Interests, that are deemed to have rejected the Plan pursuant to Bankruptcy Code § 1126(g). The Plan does not discriminate unfairly and is fair and equitable with respect to Class 45 as required by Bankruptcy Code § 1129(b)(l) and (2).  With respect to a class of *equity interests,* "fair and equitable" includes the requirement that either (i) each impaired equity interest receives or retains, on account of that equity interest, property of a value equal to the greater of the allowed amount of any fixed liquidation preference to which the holder is entitled, any fixed redemption price to which the holder is entitled, *or the value of the equity interest,* or (ii) the holder of any equity interest that is junior to the equity interest of that class will not receive or retain under the plan, on account of that junior equity interest, any property.    11 U.S.C.  §1129(b)(2)(C).   Based on the evidence, the value of the Equity Interests in the Debtors are negative. Accordingly, the first prong of Bankruptcy Code § 1129(b)(2)(C) is satisfied.  In addition, no junior classes will receive any property under the Plan, so the second prong of Bankruptcy Code § 1129(b)(2)(C) is also satisfied.

GG.      The Plan, therefore, satisfies the requirements of section 1129(b) of the Bankruptcy Code and may be confirmed.

HH.      Only One Plan – 11 U.S.C. §1129(c).   The Bankruptcy Court finds and concludes that, other than the Plan (including previous versions thereof), no other plan has been filed in the Bankruptcy Cases. Accordingly, the requirements of Bankruptcy Code §

1129(c) have been satisfied.

II.      Principal Purpose (11 U.S.C.  § 1129(d)).  No Person, including but not limited to the Securities and Exchange Commission ("SEC") or any  other  governmental entity or unit,  has  requested  that  the Bankruptcy Court deny Confirmation on the grounds that the principal purpose of the Plan is the avoidance of taxes or the avoidance of section 5 of the 1933 Act. The Bankruptcy Court finds that the principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the 1933 Act.

## Appeal of this Confirmation Order

JJ.      The reversal or modification on appeal of this Confirmation Order does not affect the validity of the authorizations and transfers contemplated under the Plan with respect to an entity that acquired property or an interest in property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorizations and transfers contemplated under the Plan are stayed pending appeal.

## Securities Findings and Conclusions/Exemptions

KK.      Issuance of Liquidating Trust Interests. The Liquidating Trust constitue or will constitute a "successor" and a "newly organized successor" to the Debtors under the Plan solely for purposes of Bankruptcy Code §§ 1145 and 1125(e) and the Debtors has participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code in the offer, sale, issuance and distribution of the Liquidating Trust Beneficial Interests.  With respect to the offer, sale, issuance and distribution of the Beneficial Interests (to the extent such interests and/or rights constitute securities under the 1933 Act or any State or local law) pursuant to the terms of the Plan, (1) neither the Debtors nor the Liquidating Trust are underwriters within the meaning of Bankruptcy Code  § 1145(b), (2) the

offer, sale, issuance and distribution of the Beneficial Interests shall be pursuant to the Plan, (3) the Beneficial Interests are to be distributed in exchange for Claims against the Debtor, and (4) the Beneficial Interests (to the extent constituting a security under the 1933 Act or any State or local law), constitute securities of a successor or newly organized successor to the Debtors under the Plan for purposes of Bankruptcy Code §§ 1145 and 1 125(e). The findings of fact and conclusions of law in this Paragraph shall be binding upon all parties to the Bankruptcy Cases, the Debtors, the Liquidating Trust, and its Liquidating Trustee(s), the SEC, and all other federal, state, and local regulatory enforcement and other agencies.

LL.     Exemptions from Recording, Stamp, and Similar Taxes (11 U.S.C.  § 1146(a)). The Bankruptcy Court finds and concludes that, in accordance with Bankruptcy Code § 1146(a), the issuance, transfer, or exchange of any security, and the making or delivery of any instrument of transfer pursuant to the Plan shall not be subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, real estate transfer tax, mortgage recording tax, or other similar tax or governmental assessment.

## Authorizations and Transfers Pursuant to the Plan

MM.     Legal Binding Effect.  The provisions of the Plan will bind all holders of Claims and Equity Interests and their respective successors and assigns, whether or not they accept the Plan.

NN.     Exculpation. The exculpation provisions are an integral part of the Plan and represent a valid exercise of the Debtors' business judgment. Pursuing any such claims against the Exculpation Parties is not in the best interest of the Debtors' estate and various constituencies as the costs involved likely would outweigh any potential benefit from pursuing such claims. The failure to effect the release and exculpation provisions of the Plan would impair the Debtors'

ability to confirm the Plan, and the exculpation provisions of the Plan are fair, equitable and reasonable. Accordingly, the compromises and settlements embodied in the exculpation provisions described in the Plan are approved.

OO.    <u>Issuance of Beneficial Interests</u>. The issuance and distribution of the Beneficial Interests in the Liquidating Trust in accordance with the provisions of the Plan are reasonable and necessary.

PP.    <u>Transfer of Liquidating Trust Assets</u>. The Debtors' transfer of the Liquidating Trust Assets to the Liquidating Trust on the Effective Date in accordance with the Plan and the Trust Agreements is reasonable and necessary and made in accordance with applicable state law and applicable provisions of the Bankruptcy Code, including Bankruptcy Code §§ 363(b) and l123(b)(3).

QQ.    <u>Rejection of Executory Contracts and Unexpired Leases</u>. The rejection of executory contracts and unexpired leases pursuant to the Plan and this Confirmation Order is (i) a sound and reasonable exercise of the Debtors' business judgment, (ii) in the best interests of the Debtors, their Estates, Holders of Claims and Equity Interests, and (iii) necessary for the implementation of the Plan.

RR.    <u>Plan Documents Valid and Binding</u>. All other documents reasonably necessary to implement the Plan, including, without limitation, the Liquidating Trust Agreement, have been negotiated in good faith and at arm's length, shall be, upon execution on or after the Effective Date, valid, binding, and enforceable agreements, and are in the best interests of the Debtors and their Estates and have been negotiated in good faith and at arm's length.

SS.    <u>Compliance with Bankruptcy Rule 3016</u>. In accordance with Bankruptcy Rule 3016(a), the Plan is dated and the Debtors that submitted it and filed it are appropriately

19

identified. The filing of the Disclosure Statement with the clerk of this Court satisfies Bankruptcy Rule 3016(b).

### The Liquidating Trust Is Not A Successor to the Debtors

TT.      Except for purposes of compliance with Bankruptcy Code § 1145, the Liquidating Trust and its affiliates, successors, or assigns are not, as a result of actions taken in connection with the Plan, a successor to the Debtors or a continuation or substantial continuation of the Debtors or any enterprise of the Debtors. The Trusts shall be deemed to be a successor to the Debtors only for purposes of compliance with Bankruptcy Code § 1145 and for no other reason under any state or federal law.

### Miscellaneous Provisions

UU.      Findings of Fact and Conclusions of Law on the Record. All findings of fact and conclusions of law announced by this Bankruptcy Court on the record in connection with Confirmation of the Plan or otherwise at the Confirmation Hearing are incorporated herein by reference. To the extent that any of the findings of fact or conclusions of law constitutes an order of this Court, they are adopted as such.

### ORDER

Based on the foregoing findings of fact and conclusions of law, it is hereby ORDERED that:

1.      Confirmation of Plan. The Plan and all of its provisions are APPROVED and CONFIRMED.   A copy of the Plan is attached hereto as **Exhibit A**.  Except as otherwise set forth in this Confirmation Order, the Plan is valid and enforceable pursuant to its terms and the terms of the Plan are incorporated by reference into and are an integral part of this Confirmation Order.

2.      _Objections Overruled_. All objections that have not been withdrawn, waived, resolved by stipulation, or settled are OVERRULED on the merits.

3.      _Approval of Plan Documents_. The form and substance of the Plan documents, including the Plan, Disclosure Statement, Plan Supplement and any documents related thereto (collectively, the "Plan Documents"), are hereby APPROVED. The execution, delivery, and performance by the Debtors, the Liquidating Trust and its Liquidating Trustee(s) of the Plan Documents are authorized and approved without the need for further corporate or other organizational action or further Order or authorization of the Bankruptcy Court. The Debtors are authorized and empowered to make any and all modifications to any and all documents included as part of the Plan and Plan Supplement that may be agreed to by the parties thereto and that are consistent with the Plan and the terms of this Confirmation Order.  The terms of the Plan, the Plan Supplement, and all other relevant and necessary documents shall be effective and binding as of the Effective Date of the Plan.

4.      _Authority_.

a.      The Plan Parties, the Liquidating Trust, and the Liquidating Trustee are authorized and empowered to take such actions and do all things as may be necessary or required to implement and effectuate the Plan, the transfer of the Liquidating Trust Assets to the Liquidating Trust, the Liquidating Trust Agreement, and this Confirmation Order.

b.      The Plan Parties, the Liquidating Trust, and the Liquidating Trustee are authorized, empowered, and ordered to carry out all of the provisions of the Plan, to issue, execute, deliver, file and record, as appropriate, any instrument, or perform any act necessary to implement, effectuate, or consummate the Plan and this Confirmation Order, and to issue, execute, deliver, file, and record, as appropriate, such other contracts, instruments, releases, indentures, mortgages, deeds, bills of sale, assignments, leases, or other agreements or documents (collectively, "Documents"), and to perform such other acts and execute and deliver such other Documents as are required by, consistent with and necessary or appropriate to implement, effectuate, or consummate the Plan and this Confirmation Order and the transfers contemplated thereby and hereby, all without the

requirement of further application to, or order of, the Bankruptcy Court or further action by their respective directors, stockholders, managers, members, or other beneficiaries, and with the like effect as if such actions had been taken by unanimous action of the respective directors, stockholders, managers, members, or other beneficiaries of such entities.

c. The Debtors are further authorized, empowered, and ordered to enter into and, if applicable, cause to be filed with the Secretary of State or other applicable officials of any applicable governmental authority any and all amended and/or restated certificates or articles of incorporation, organization, or formation or amendments to limited liability company agreements, operating agreements, or regulations and all such other actions, filings, or recordings as may be required under appropriate provisions of the applicable laws of all applicable governmental authorities with respect to compliance with Bankruptcy Code § 1123(a)(6).

d. This Confirmation Order shall constitute all approvals and consents, if any, required by all applicable business organization, corporation, trust, and other laws of the applicable governmental authorities with respect to the implementation and consummation of the Plan and all actions authorized by this Confirmation Order.

e. The Trustee, and from and after the Effective Date, the Liquidating Trustee, are authorized to execute and perform, for and on behalf of the Debtors, any and all Documents and other instruments referred to in the foregoing clauses (b) and (c) and to certify or attest to any of the foregoing actions taken by the Debtor. The execution of any such Document or instrument or the taking of any such action by the Trustee or, from and after the Effective Date, the Liquidating Trustee, shall be, and hereby is, deemed conclusive evidence of the authority of such action.

f. As of the Effective Date, the Liquidating Trustee (as trustee of the Liquidating Trust) is hereby irrevocably appointed as the Debtors' attorney-in-fact (which appointment as attorney-in-fact shall be coupled with an interest), with full authority in the place and stead of the Debtors and in the name of the Debtors to take any action and to execute any instrument that the Liquidating Trustee, in his sole discretion, may deem to be necessary or advisable to convey, transfer, vest, perfect, and confirm title of the Liquidating Trust Assets in the Liquidating Trust, including without limitation to issue, execute, deliver, file, and record such contracts, instruments, releases, indentures, mortgages, deeds, bills of sale, assignments, leases, or other agreements or documents, and to file any claims, to take any action, and to institute any proceedings that the Liquidating Trustee may deem necessary or desirable in furtherance thereof, each solely to the extent and as authorized in the Liquidating

Trust Agreement.

g.   All amendments to the certificates of incorporation or formation, the articles of incorporation or organization, the operating agreements, the limited liability company agreements, the partnership agreements, and/or bylaws of the Debtors and all other corporate action on behalf of the Debtors as may be necessary to put into effect or carry out the terms and intent of the Plan, including, without limitation, any mergers, consolidations, or dissolutions of the Debtors, may be effected, exercised, and taken without further action by the Debtors' directors, officers, managers, and/or members with like effect as if effected, exercised, and taken by unanimous action of the directors, officers, managers, and/or members of the Debtors. The Liquidating Trustee, as authorized signatory of the Debtors, is authorized to execute any document, certificate or agreement necessary to effectuate any and all transactions contemplated under the Plan on behalf of such Debtors (including, without limitation, any mergers, consolidations or dissolutions of the Debtors), and file with the Secretary of State of the State of Texas any articles or certifications of merger or dissolution or such other documents as may be necessary in order to effect such actions, which documents, certificates and agreements shall be binding on the Debtors, all holders of Claims, and all holders of Equity Interests and, upon execution by the Liquidating Trustee as authorized herein, shall have the same force and effect as if approved by all requisite partners, members, managers or Equity Interest holders of the Debtors.

5.     <u>Approval of Liquidating Trust Agreement</u>. The Liquidating Trust Agreement in substantially the form filed by the Debtors at Docket No. 1153 (together with all schedules, addendums, exhibits, annexes, and other attachments thereto and as supplemented, amended, and modified, the "<u>Liquidating Trust Agreement</u>") is APPROVED, and the Debtors, the Liquidating Trustee, and the Liquidating Trust are authorized to take all actions contemplated under the Liquidating Trust Agreement, including making appropriate modifications that do not materially affect substantive rights.

6.     <u>General Settlement of Claims and Equity Interests</u>. As one element of, and in consideration for, an overall negotiated settlement of numerous disputed Claims and issues embodied in the Plan, pursuant to Bankruptcy Rule 9019 and Bankruptcy Code § 1123 and in

consideration for the classification, distributions, and other benefits provided under the Plan, the provisions of the Plan shall, upon consummation of the Plan, constitute a good faith compromise and settlement of all controversies resolved pursuant to the Plan, Claims, and Equity Interests. All distributions made to Holders of Allowed Claims in any Class are intended to be and shall be final.

7.      Plan Classification Controlling. The terms of the Plan shall govern the classification of Claims and Equity Interests for purposes of the distributions to be made thereunder. To the extent the Ballots identified a particular Class to which a Holder was a member, the classifications set forth on the Ballots tendered to or returned by the Holders of Claims in connection with voting on the Plan: (a) were set forth on the Ballots solely for purposes of voting to accept or to reject the Plan; and (b) shall not be binding on the Debtors except for voting purposes.

8.      Preservation of Causes of Action. The provisions of Section 6.7 of the Plan are hereby approved in their entirety. The Debtors, the Liquidating Trust, and the Liquidating Trustee, as applicable, expressly reserve all rights to prosecute any and all of their respective Causes of Action against any Person, except as otherwise expressly provided in the Plan or in this Order. Unless any Causes of Action against a Person are expressly waived, relinquished, exculpated, released, compromised, or settled in the Plan or a Bankruptcy Court order, the Debtors, the Liquidating Trust, and the Liquidating Trustee, as applicable, expressly reserve all of their respective Causes of Action for later adjudication.

9.      Liquidating Trust Assets. The property of the Debtors' Estates will not revest in the Debtors on or after the Effective Date. Except as otherwise set forth in the Plan or this Confirmation Order: (i) all property of the Estates constituting the Liquidating Trust Assets shall

be conveyed and transferred by the Debtors to the Liquidating Trust on the Effective Date, free and clear of all interests, Claims, Liens and encumbrances, but subject to the Liquidating Trust's obligations under the Plan and the Liquidating Trust Agreement.  From and after the Effective Date, the Liquidating Trust shall perform and pay when due liabilities under, or related to the ownership or operation of, the Liquidating Trust Assets.

10.    <u>Liquidating Trustee.</u>.   Mark Shapiro of Glass Ratner Advisory & Capital LLC is hereby approved to serve as the Liquidating Trustee subject to the terms set forth in the Plan, including the Plan Supplement, and the Liquidating Trust Agreement. Mr. Shapiro and his successors (if any) are authorized in accordance with 11 U.S.C§1123(b)(3) to take the actions contemplated in the Plan, the Liquidating Trust Agreement, and this Confirmation Order. The Liquidating Trustee shall be permitted to pay his fees and expenses and the fees and expenses of his professionals for services rendered in connection with this Bankruptcy Cases, the Liquidating Trustee's appointment under the Plan, the Liquidating Trust Agreement, and this Confirmation Order to the extent permitted by the Plan, the Plan Supplement, and the Liquidating Trust Agreement. Such payments shall be made by the Liquidating Trust in accordance with the Plan and the Liquidating Trust Agreement.

11.    <u>Rejection of Executory Contracts and Unexpired Leases (11 U.S.C. §1123(b)(2).</u> Except to the extent (a) the Debtors have previously assumed, and (if applicable) assigned, or rejected an executory contract or unexpired lease or (b) prior to the Effective Date, the Bankruptcy Court has entered an Order authorizing the assumption,  and (if applicable) assignment, of an executory contract or unexpired lease, the Debtors' executory contracts and unexpired leases shall be deemed rejected on the Effective Date,  pursuant to Bankruptcy Code §§ 365 and 1123.

12.     _Authority_. All actions and transfers contemplated under the Plan, including but not limited to, any certificates, agreements or other documents or instruments to be executed in connection with the transfer and assignment of the Liquidating Trust Assets to the Liquidating Trust, free and clear of interests, Claims, Liens, and encumbrances shall be authorized upon entry of this Confirmation Order without the need of further approvals, notices or meetings of the Debtors' directors, officers, managers, and/or members.

13.     _Legal Binding Effect_. The provisions of the Plan shall bind all holders of Claims and Equity Interests and their respective successors and assigns, whether or not they accept the Plan.

14.     _Exculpations and Injunction_.  The following exculpations and injunction, which are also set forth in the Plan, are approved and authorized in their entirety:

15.     _Exculpation._  Neither the Plan Parties nor the Creditors' Committee, including its members, advisors, professionals, Independent Contractors, and agents (collectively, "_Exculpation Parties_") shall have or incur any liability to any holder of a Claim or Equity Interest for any act or omission in connection with, related to, or arising out of these Bankruptcy Cases, negotiations regarding or concerning the Plan, the pursuit of confirmation of the Plan, the consummation of the Plan, the administration of the Plan or the property to be distributed under the Plan, except for willful misconduct or gross negligence, and, in all respects, the Exculpation Parties shall be entitled to rely upon the advice of counsel with respect to their duties and responsibilities under the Plan.

NOTHING CONTAINED IN THE PLAN SHALL OPERATE AS A RELEASE, WAIVER, OR DISCHARGE OF ANY CLAIM, CAUSE OF ACTION, RIGHT OR OTHER LIABILITY AGAINST THE MEMBERS OF THE CREDITORS' COMMITTEE IN ANY CAPACITY OTHER THAN AS A MEMBER OF THE CREDITORS' COMMITTEE.

16.     _Injunction._ PURSUANT TO §§ 105, 1123, 1129 AND 1141 OF THE

BANKRUPTCY CODE, IN ORDER TO PRESERVE AND IMPLEMENT THE VARIOUS TRANSACTIONS CONTEMPLATED BY AND PROVIDED FOR IN THE PLAN, AS OF THE EFFECTIVE DATE, EXCEPT AS OTHERWISE EXPRESSLY PROVIDED FOR IN THE PLAN OR IN THE CONFIRMATION ORDER, ALL PERSONS OR ENTITIES THAT HAVE HELD, CURRENTLY HOLD, OR MAY HOLD A CLAIM, DEBT, OR LIABILITY THAT IS TREATED PURSUANT TO THE TERMS OF THE PLAN ARE AND SHALL BE PERMANENTLY ENJOINED AND FOREVER BARRED TO THE FULLEST EXTENT PERMITTED BY LAW FROM TAKING ANY OF THE FOLLOWING ACTIONS ON ACCOUNT OF SUCH CLAIMS, DEBTS, OR LIABILITIES, OTHER THAN ACTIONS BROUGHT TO ENFORCE ANY RIGHTS OR OBLIGATIONS UNDER THE PLAN:  (A) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING AGAINST THE DEBTORS, THE LIQUIDATING TRUST, THE LIQUIDATING TRUSTEE, THE ESTATE ASSETS, THE COMMITTEE, THE PURCHASER, OR THE TRANSFERRED ASSETS; (B) ENFORCING, ATTACHING, COLLECTING, OR RECOVERING IN ANY MANNER ANY JUDGMENT, AWARD, DECREE, OR ORDER AGAINST THE DEBTORS, THE LIQUIDATING TRUST, THE LIQUIDATING TRUSTEE, THE ESTATE ASSETS, THE PURCHASER, OR THE TRANSFERRED ASSETS; (C) CREATING, PERFECTING, OR ENFORCING ANY LIEN OR ENCUMBRANCE AGAINST THE DEBTORS, THE LIQUIDATING TRUST, THE LIQUIDATING TRUSTEE, THE ESTATE ASSETS, THE PURCHASER, OR THE TRANSFERRED ASSETS; (D) ASSERTING A SETOFF, RIGHT OF SUBROGATION, OR RECOUPMENT OF ANY KIND AGAINST ANY DEBT, LIABILITY, OR OBLIGATION DUE TO THE DEBTORS, THE LIQUIDATING TRUST, THE LIQUIDATING TRUSTEE, THE ESTATE ASSETS, THE

PURCHASER, OR THE TRANSFERRED ASSETS; (E) COMMENCING OR CONTINUING, IN ANY MANNER OR IN ANY PLACE, ANY ACTION THAT DOES NOT COMPLY OR IS INCONSISTENT WITH THE PROVISIONS OF THE PLAN OR CONFIRMATION ORDER; OR (F) INTERFERING WITH THE RIGHTS AND REMEDIES OF THE DEBTORS, THE LIQUIDATING TRUST, OR THE LIQUIDATING TRUSTEE UNDER THE PLAN AND THE DOCUMENTS EXECUTED IN CONNECTION THEREWITH.  THE DEBTORS, THE LIQUIDATING TRUST, AND THE PURCHASER SHALL HAVE THE RIGHT TO INDEPENDENTLY SEEK ENFORCEMENT OF THIS INJUNCTION PROVISION.  THIS INJUNCTION PROVISION IS AN INTEGRAL PART OF THE PLAN AND IS ESSENTIAL TO ITS IMPLEMENTATION.

17.     Exemption from Certain Taxes. In accordance with Bankruptcy Code § 1146(a), none of the issuance, transfer or exchange of any securities under the Plan, the release of any mortgage, deed of trust or other Lien, the making, assignment, filing or recording of any lease or sublease, the transfer of title to or ownership of any of the Debtors' interests in any property, or the making or delivery of any deed, bill of sale or other  instrument of transfer under, in furtherance of, or in connection with the Plan shall be subject to any document recording tax, stamp tax, conveyance fee, sales or use tax, bulk sale tax, intangibles or similar tax, mortgage tax, stamp act, real estate transfer tax, mortgage recording tax, Uniform Commercial Code filing or recording fee or other similar tax or governmental assessment in the United States. Federal, state and/or local governmental officials or agents shall forgo the collection of any such tax or governmental assessment and to accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax or governmental assessment.

28

18.     <u>Exemption from Securities Laws</u>.  To the extent constituting securities under the 1933 Act, the Beneficial Interests offered, sold, issued and/or distributed pursuant to the Plan are deemed to have been offered, sold, issued and distributed pursuant to Bankruptcy Code § 1145.  Pursuant to Bankruptcy Code § 1145, the exemption of the offer and sale of securities from the registration requirements of the 1933 Act, and any state or local law requiring registration for the offer or sale of a security, applies with respect to Beneficial Interests distributed pursuant to the Plan, to the extent constituting securities under the 1933 Act. Without limiting the generality of the foregoing the offer, sale, issuance, and distribution of the Beneficial Interests to Claimants pursuant to the Plan are and shall be exempt from the requirements of Section 5 of the Securities Act and any State or local law requiring registration for offer or sale of a security or registration or licensing of an issuer, broker, or dealer thereof pursuant to Bankruptcy Code § 1145(a).

19.     <u>Injunctions and Automatic Stay</u>.  Unless otherwise provided in the Plan or in this Confirmation Order, all injunctions or stays in effect in these Chapter 11 Cases pursuant to sections 105 or 362 of the Bankruptcy Code or any order of the Court entered as of or prior to the Confirmation Date (excluding any injunctions or stays contained in the Plan or the Confirmation Order) shall remain in full force and effect through and including the Effective Date. All injunctions or stays contained in the Plan or the Confirmation Order shall remain in full force and effect in accordance with their terms.

20.     <u>Cancellation of Securities</u>. Unless otherwise provided for in the Plan, on the Effective Date, all promissory notes, stock, instruments, indentures, bonds, agreements, certificates or other documents evidencing, giving rise to, or governing any Equity Interest in, or debt obligation of, the Debtors shall be deemed cancelled and shall represent only the right, if

any, to participate in the distributions contemplated by the Plan. Except as otherwise provided in the Plan, the obligations of the Debtors thereunder or in any away related thereto shall be fully released, terminated, extinguished and discharged and, with respect to the Equity Interests in the Debtors, retired and thereafter cease to exist, in each case without further notice to or order of the Bankruptcy Court, act or action under applicable  law, regulation,  order, or rule or any requirement  of  further  action,  vote  or  other  approval  or  authorization by any Person.

**Miscellaneous Provisions**

21.      <u>Effective Date.</u>   The Plan shall not become Effective until the conditions set forth in Article 9.1 of the Plan are satisfied or waived in writing by the Debtors.

22.      <u>Effective    Date    Payments</u>.   Within 30 days after the Effective Date, each Professional whose retention with respect to the Debtors' Bankruptcy Cases has been approved by the Bankruptcy Court and who holds or asserts an Administrative Claim that is a Professional Fee Claim shall file with the Bankruptcy Court, and serve on all parties required to receive notice, a final fee application.  Such claims shall be paid by the Liquidation Trustee upon Final Order as set forth in the Plan.

23.      <u>Other Pending Civil Actions</u>.  Notwithstanding any other provision of this Order to the contrary, neither the Trustee, the Liquidating Trustee, nor any other person or entity acting on behalf of either of them, may interfere in any way with any direct claims that are personal to any other creditor, including, without limitation, the following civil actions: (i) *Roche Diagnostics Corp. et al. v Jeffrey C. Smith et al.*, Civil Action No. 19-8761 (CCC) (D.N.J.) and (ii) *LifeScan, Inc., et al. v. Smith, et al.*, Case No. 17-5552 (CCC) (D.N.J.) (collectively, the "<u>New Jersey Actions</u>").

24.      <u>Reservation of Rights</u>.  Prior to the Effective Date, none of the filing of the Plan, any statement or provision contained herein or the taking of any action by the Debtors with respect to

30

this Plan shall be or shall be deemed to be an admission or waiver of any rights of the Debtors of any kind, including with respect to the holders of Claims or Equity Interests or as to any treatment or classification of any contract or lease.

25.    <u>Notice of Effective Date</u>. On or before five Business Days after the occurrence of the Effective Date, the Liquidating Trustee shall file on the docket of the Bankruptcy Cases a notice of the entry of the Confirmation Order, the occurrence of the Effective Date, and such other matters as the Liquidating Trustee deems appropriate or as may be ordered by the Bankruptcy Court.

27.    <u>Waiver or Estoppel</u>.  Each Holder of a Claim or an Equity Interest shall be deemed to have waived any right to assert any argument, including the right to argue that its Claim or Equity Interest should be Allowed in a certain amount, in a certain priority, Secured, or not subordinated, by virtue of an agreement made with the Debtors or its counsel, or any other Person, if such agreement was not disclosed in the Plan, the Disclosure Statement, or papers filed with this Court prior to the Confirmation Date.

28.    <u>Non-Occurrence of Effective Date</u>. If confirmation does not occur, or if the Effective Date does not occur on or before thirty (30) days after the Confirmation Order becomes a Final order, the Confirmation Order may be vacated by the Bankruptcy Court.  If the Confirmation Order is vacated pursuant to this section, the Plan shall be null and void in all respects, and nothing contained in the Plan shall constitute a waiver, or release of any Claims against the Debtors.

29.    <u>References to Plan Provisions</u>. The failure specifically to include or reference any particular provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Bankruptcy Court that the Plan be confirmed in its entirety (except as otherwise modified in this Confirmation Order).

30.   <u>Reversal</u>.   If any or all of the provisions of this Confirmation Order are hereafter reversed, modified, or vacated by subsequent order of this Bankruptcy Court or any other court, such reversal, modification, or vacatur shall not affect the validity of the acts or obligations incurred or undertaken under or in connection with the Plan prior to the Debtors' receipt of written notice of any such order. Notwithstanding any such reversal, modification, or vacatur of this Confirmation Order, any such act or obligation incurred or undertaken pursuant to, and in reliance on, this Confirmation Order prior to the effective date of such reversal, modification or vacatur shall be governed in all respects by the provisions of this Confirmation Order and the Plan or any amendments or modifications thereto.

31.   <u>Applicable Non-Bankruptcy Law</u>.   Pursuant to Bankruptcy Code §§ 1123(a) and 1142(a), the provisions of this Confirmation Order, the Plan, or any amendments or modifications thereto shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

32.   <u>Modification of the Plan Prior to Substantial Consummation</u>. After the Confirmation Date and prior to the Effective Date of the Plan, the Debtors may, under Bankruptcy Code § 1127(b), (i) amend the Plan so long as such amendment shall not materially and adversely affect the treatment of any holder of a Claim, (ii) institute proceedings in the Bankruptcy Court to remedy any defect or omission or reconcile any inconsistencies in the Plan, the Disclosure Statement, or this Confirmation Order, and (iii) amend the Plan as may be necessary to carry out the purposes and effects of the Plan so long as such amendment does not materially or adversely affect the treatment of holders of Claims or Equity Interests under the Plan; provided, however, prior notice of any amendment shall be served in accordance with the Bankruptcy Rules or Order of the Bankruptcy Court.

33.   <u>Conflicts between Plan and Confirmation Order</u>. If there is any conflict between the

Plan (as supplemental by the Plan Supplement) and this Confirmation Order, the terms of this Confirmation Order shall control.

34.     <u>Severability of Plan Provisions</u>. Each term and provision of the Plan, as it may be altered or interpreted, is valid and enforceable pursuant to its terms.

35.     <u>Retention of Jurisdiction</u>. This Bankruptcy Court's retention of jurisdiction as set forth in Article 11 of the Plan is approved. Such retention of jurisdiction does not affect the finality of this Confirmation Order. For the avoidance of doubt, the Bankruptcy Court shall retain jurisdiction over all pending matters, including adversary proceedings.

36.     <u>Nonseverable and Mutually Dependent</u>. The provisions of this Confirmation Order are nonseverable and mutually dependent.

37.     <u>Recordable Form</u>.  This Confirmation Order shall be, and hereby is, declared to be in recordable form and shall be accepted by any filing or recording officer or authority of any applicable governmental entity for filing and recording purposes without further or additional orders, certifications or other supporting documents. Further, the Bankruptcy Court authorizes the Liquidating Trustee and the Liquidating Trust, as applicable, to file a memorandum of this Confirmation Order in any appropriate filing or recording office as evidence of the matters herein contained.

38.     <u>Immediate Effectiveness.</u>  Notwithstanding Bankruptcy Rules 3020(e), 6004(h), 7062, 8001, 8002, or otherwise, immediately upon entry of this Confirmation Order, the terms of (a) this Confirmation Order and (b) subject to the occurrence of the Effective Date, the Plan and the Plan Supplement, in each case shall be immediately effective and enforceable and deemed binding on the Debtors, the Liquidating Trust, any and all Holders, any trustees or examiners appointed in these Bankruptcy Cases, all persons and entities that are party to or subject to the settlements, compromises, discharges, injunctions, stays, and exculpations described in the Plan

or herein, each person or entity acquiring property under the Plan, and any and all non-Debtor parties to executory contracts and unexpired leases with the Debtors.

       39.     <u>Final Order</u>.  This Confirmation Order is a Final Order and the period in which an appeal must be filed will commence upon entry of the Confirmation Order.

Dated:                                           _____
                                           MARVIN ISGUR
                                           UNITED STATES BANKRUPTCY JUDGE