United States Bankruptcy Court
Southern District of Texas
**ENTERED**
October 17, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
(HOUSTON DIVISION)
www.txs.uscourts.gov

| | |
|---|---|
| In re:<br><br>UPLIFT RX, LLC[1]<br><br>Debtors. | CASE NO. 17-32186 (MI)<br>CHAPTER 11<br>(Jointly Administered) |

## ORDER EXTENDING THE TERM OF THE ALLIANCE HEALTH LIQUIDATING TRUST THROUGH AND INCLUDING SEPTEMBER 13, 2025

Upon consideration of the motion (the "Motion")[2] of LifeScan Inc., Roche Diagnostics Corporation and Roche Diabetes Care, Inc., as the sole members of the Trust Committee of the Alliance Health Liquidating Trust (the "Liquidating Trust"), for entry of an order, pursuant to section 105(a) of the Bankruptcy Code, Bankruptcy Rule 9006(b)(1), the Liquidating Trust

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification were Uplift Rx, LLC (9306); Belle Pharmacy, LLC (0143); Alliance Medical Holdings, LLC (5945); Geneva Pharmacy, LLC (1929); Ohana Rx, LLC (1722); Benson Pharmacy, Inc. (6606); Kendall Pharmacy, Inc. (0825); Richardson Pharmacy, LLC (9566); Innovative Rx, LLC (9986); Charleston Rx, LLC (5852); On Track Rx, LLC (9021); Uinta Rx, LLC (7157); Goodman Pharmacy, LLC (9373); BrooksideRx, LLC (5927); Osceola Clinic Pharmacy, LLC (4886); Oak Creek Rx, LLC (9722); Waverly Pharmacy, LLC (7342); Newton Rx, LLC (9510); Lone Peak Rx, LLC (5973); Improve Rx, LLC (9120); New Jersey Rx, LLC (0035); Berkshire Pharmacy, LLC (9197); Health Saver Rx, LLC (7810); Best Rx, LLC (0346); Delaney Pharmacy, LLC (7497); New Life Pharmacy, LLC (8292); Skyline Health Services, LLC (6876); Stonybrook Pharmacy, LLC (7700); Woodward Drugs, LLC (2385); Bridgestone Pharmacy, LLC (5294); Brookhill Pharmacy, LLC (5296); Burbank Pharmacy, LLC (5227); Canyons Pharmacy, LLC (1744); Cheshire Pharmacy, LLC (6370); Conoly Pharmacy, LLC (0367); Cottonwood Pharmacy, LLC (5131); Galena Pharmacy, LLC (0672); Garnett Pharmacy, LLC (6505); Hawthorne Pharmacy, LLC (5345); Hazelwood Pharmacy, LLC (1088); Medina Pharmacy, LLC (8987); Raven Pharmacy, LLC (5671); Glendale Square Rx, Inc. (1022); Lockeford Rx, Inc. (1853); Pinnacle Pharmacy Solutions, LLC (9760); Riverfront Rx, LLC (7152); Riverbend Prescription Services, LLC (1862); Raven Pharmacy Holdings, LLC (2464); Bridgestone Pharmacy Holdings, LLC (2840); Crestwell Pharmacy Holdings, LLC (1503); Galena Pharmacy Holdings, LLC (8609); Geneva Rx Holdings, LLC (8247); Hawthorne Rx Holdings, LLC (9531); Woodward Rx Holdings, LLC (2173); Philadelphia Pharmacy Holdings, LLC (8526); Health Rx Holdings, LLC (0909); Canyon Medical, LLC (4915); Alliance Medical Administration, Inc. (2899); Ollin Pharmaceutical, LLC (9815); Alta Distributors, LLC (7407); Eat Great Café, LLC (2314); Alliance Health Networks, LLC (1815). By Order of the Court dated July 1, 2020 [Doc. No. 1407], 13 Chapter 11 cases were dismissed, with the caveat that such dismissal "shall not affect or alter any of the terms or provisions of the Plan and the Confirmation Order, including, without limitation, the transfer by the Subject Debtors of all of their Estate Assets, Causes of Action, and Liquidating Trust Assets to the Liquidating Trust."

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

Agreement and the applicable Plan provisions, extending the term of the Liquidating Trust as requested in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157; and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion being adequate and appropriate under the particular circumstances; and upon consideration of the Motion; and the Court finding that entry of this order (the "Order") is in the best interests of the creditors and other parties in interest and that the requirements for extending the term of the Liquidating Trust have been satisfied; and upon all of the proceedings had before the Court; a nd no objection having been filed, and after due deliberation, and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. Omitted.

2. The term of the Liquidating Trust is hereby extended through the earlier of (a) such time as (i) the Trustee and the Trust Committee determine that the administration of the Liquidating Trust is not likely to yield sufficient additional proceeds to justify further pursuing such proceeds; and (ii) all Distributions (as defined in the Liquidating Trust Agreement) required to be made by the Trustee under the Plan and the Liquidating Trust Agreement have been made, or (b) September 13, 2025.

3. This Order is without prejudice to the Liquidating Trustee, the Trust Committee and other parties in interest's right to seek further extensions of the term of the Liquidating Trust in accordance with the terms of the Plan and the Liquidating Trust Agreement.

4. This Court shall retain jurisdiction over all matters arising from and/or related to the interpretation, implementation, and enforcement of this Order.

Signed: October 17, 2022

Marvin Isgur
United States Bankruptcy Judge